1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

**KORI MCCOY, ET AL.,**

Case No.  **2:19−CV−01191−JAM−CKD**

11

Plaintiff(s),

ORDER RE FILING REQUIREMENTS FOR

12

CASES ASSIGNED TO JUDGE MENDEZ

vs.

13

14

**CITY OF VALLEJO, ET AL.,**

15

Defendant(s).

16

17

**I.    PAGE LIMITS**

18

Unless prior permission has been granted, memoranda of law in support of and in opposition to motions

19

under Federal Rule of Civil Procedure 56 and 65 and any post−judgment or post−trial motions are limited to

20

twenty−five (25) pages, and reply memoranda are limited to ten (10) pages.  Memoranda of law in support

21

of and in opposition to all other motions are limited to fifteen (15) pages, and reply memoranda are limited

22

to five (5) pages.  The parties are also cautioned against filing multiple briefs to circumvent this rule.

23

A violation of this Order will result in monetary sanctions being imposed against counsel in the amount of

24

$50.00 per page and the Court will not consider any arguments made past the page limit.

25

**II.    DOCUMENTARY EVIDENCE**

26

Documentary evidence submitted in support of or in opposition to a motion must be separately

27

bound or placed in a binder, and exhibits must be separated with labeled tabs that extend beyond the

28

edge of the page.  An Index of Exhibits must also be included.

1

### III.    MEET AND CONFER REQUIREMENTS

2    In any case where the parties are represented by counsel, counsel contemplating the filing of any

3    motion, except (1) those in connection with discovery motions (which are governed by Local Rule 251(b));

4    (2) applications for temporary restraining orders or preliminary injunctions; or (3) motions made in prisoner

5    actions (which are governed by Local Rule 230(l)), shall first contact opposing counsel to discuss thoroughly,

6    *preferably in person*, the substance of the contemplated motion and any potential resolution.

7    If the proposed motion must be filed within a specified period of time under the Federal Rules of

8    Civil Procedure (*e.g.,* a motion to dismiss pursuant to F.R.Civ.P. 12(b), or a new trial motion pursuant to

9    F.R.Civ.P. 59(a)), then this conference shall take place at least five (5) days prior to the last day for filing

10   the motion; otherwise, the conference shall take place at least ten (10) days prior to the filing of the motion.

11   If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel

12   for the moving party shall include in the notice of motion the following statement:

13   **"This motion is made following the conference of counsel pursuant to the**

14   **Court's standing order which took place on [date of conference]."**

15   The purpose of the meet and confer process is to:

16   (1) determine whether the respondent agrees that the motion has merit in whole or in part;

17   (2) discuss whether issues can be resolved without the necessity of briefing;

18   (3) narrow the issues for review by the Court; and

19   (4) explore the possibility of settlement before the parties incur the expense of briefing a motion.

20   Failure to comply with the meet and confer requirement will result in the dismissal, without prejudice,

21   of the offending party's motion.

22   ### IV.    STATEMENTS OF FACTS IN MOTIONS FOR SUMMARY JUDGMENT

23   Upon filing a motion for summary judgment, the parties shall carefully read Local Rule 260.  The

24   moving party shall reproduce and respond to the non–moving party's Statement of Disputed facts, but the

25   moving party may not file a reply to the non–moving party's response to the Statement of Undisputed Facts.

26   ### V.    CROSS MOTIONS FOR SUMMARY JUDGMENT

27   At least 28 days before the dispositive motions filing deadline, the parties must meet and confer

28   to determine whether they intend to file cross motions for summary judgment.  If the parties do intend to

1  file cross motions, the plaintiff must file the opening brief for summary judgment at least 14 days before

2  the dispositive motions filing deadline.  The plaintiff's concurrently−filed notice of motion shall indicate the

3  parties' intention to file cross motions and shall notice a hearing date at least 42 days from the date of filing.

4  Only four briefs shall be filed as follows:

5         (1)  Plaintiff's opening brief (25 pages maximum), along with any other documents required or

6              permitted under Local Rule 260, shall be filed at least 14 days before the dispositive

7              motions filing deadline;

8         (2)  Defendant's opposition and cross motion for summary judgment (35 pages maximum)

9              shall be filed at least 28 days before the hearing;

10        (3)  Plaintiff's reply and opposition (20 pages maximum) shall be filed at least 14 days before

11             the hearing;

12        (4)  Defendant's reply (10 pages maximum) shall be filed at least 7 days before the hearing.

13        These are the only four briefs that may be filed, even if the parties move for summary judgment

14  on more than one complaint (e.g., motions on a complaint and a counterclaim).  The parties must obtain

15  permission from the Court to exceed the stated page limitations.  If the parties do not comply with this

16  procedure and schedule for filing cross motions for summary judgment, but nonetheless file cross motions,

17  the Court will deny both motions without prejudice and may impose sanctions.

18  IT IS SO ORDERED.

19     DATED:    June 27, 2019                              /s/ John A. Mendez
                                                            United States District Judge

20

21

22

23

24

25

26

27

28