DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 697-2000
Facsimile:   (415) 813-2045

Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, GREG NYHOFF, RYAN MCMAHON, MARK THOMPSON, BRYAN GLICK, ANTHONY CANO, COLIN EATON, and JORDON PATZER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO COURTHOUSE

| | |
|---|---|
| KORI MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; MARC MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; LOUIS MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; SHAWNMELL MITCHELL, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; and MARQUITA MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, municipal corporation; ANDREW BIDOU, in his official capacity as Chief of Police for the City of Vallejo; GREG NYHOFF, in his official capacity as City Manager of the City of Vallejo; RYAN MCMAHON, individually and in his capacity as a City of Vallejo Police Officer; MARK THOMPSON, individually and in his capacity as a City of Vallejo Police Officer; BRYAN GLICK, individually and in his capacity as a City of Vallejo Police Officer; ANTHONY ROMERO-CANO, individually and in his capacity as | Case No. 2:19-cv-001191-JAM-CKD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT (F.R.C.P. 12(B)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. John A. Mendez<br><br>Date:   January 14, 2020<br>Time:   1:30 p.m.<br>Ctrm:   6, 14th Floor |

a City of Vallejo Police Officer; COLLIN EATON, individually and in his capacity as a City of Vallejo Police Officer; JORDAN PATZER, individually and in his capacity as a City of Vallejo Police Officer and DOES 1-50, inclusive,

Defendants.

## TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on January 14, 2020, at 1:30 p.m., in Courtroom 6 of the above-entitled Court, located on the 14th Floor at 501 "I" Street in Sacramento, California, 95814, defendants City of Vallejo, Andrew Bidou, Greg Nyhoff, Ryan McMahon, Mark Thompson, Bryan Glick, Anthony Cano, Colin Eaton, and Jordon Patzer ("Defendants") will, and hereby do, move the Court for an order dismissing certain allegations in the Complaint, pursuant to F.R.C.P. 12(b)(6), on the grounds they fails to state a claim upon which relief can be granted. To-wit: the *Monell* cause of action.[1] Defendants also move to dismiss Greg Nyhoff and former Chief of Police Andrew Bidou on the grounds that these individuals are named only in their official capacities, which is in effect a claim against the City Of Vallejo itself and their dismissal is proper.

Pursuant to Dkt. No. 4-2, 2:1-14, Defendants hereby notify the Court that this motion is made following the conference of counsel pursuant to the Court's standing order which took place over multiple days: August 20, 2019; September 10, 2019; September 12, 2019; September 18, 2019; September 27, 2019; October 7, 2019; October 11, 2019; October 17, 2019; and October 23, 2019.

This motion is further based on this Notice, on the Memorandum of Points and Authorities below, the [proposed] Order, and on such oral and/or documentary evidence as may be presented at the hearing of this motion.

## STATEMENT OF RELIEF SOUGHT

Defendants seek an order in their favor and against Plaintiffs pursuant to Federal Rule of

---

[1] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

351532.1

1  Civil Procedure 12(b)(6) and dismissing Plaintiffs' *Monell* claim with prejudice and dismissing
2  Defendants GREG NYHOFF and former Chief of Police ANDREW BIDOU in their official
3  capacities.
4  ///
5  ///
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Plaintiffs may proceed with a *Monell* claim premised solely on allegations of claims and lawsuits made against the Department that have not resulted in a finding of misconduct.
2. Whether a *Monell* claim requires similarity for purposes of establishing custom, policy, or practice.
3. Whether individuals sued in their official capacities only should be dismissed as official capacity suits are in effect suits against the public entity.

## I. INTRODUCTION

Plaintiffs' *Monell* cause of action should be dismissed with prejudice because it is supported only by reference to claims and lawsuits against the Vallejo Police Department, most of which were filed by Plaintiffs' counsel, that did not result in any finding or admission of wrongdoing. It is well established that unsustained complaints of excessive force and other police misconduct, without any evidence that those complaints had merit, cannot establish municipal liability as a matter of law. Additionally, Plaintiffs' claims against City Manager Greg Nyhoff and former Chief of Police Andrew Bidou should be dismissed, as both were named only in their official capacities.

## II. STATEMENT OF FACTS

### A. Procedural Status

Plaintiffs Kori McCoy, Marc McCoy, Louis McCoy, Shawnmell Mitchell, and Marquita McCoy ("Plaintiffs"), all suing individually and in their capacity as co-successor-in-interest to decedent Willie McCoy, filed their operative Complaint on June 27, 2019. (Dkt. No. 1). They named nine defendants: City of Vallejo, Andrew Bidou, Greg Nyhoff, Ryan McMahon, Mark Thompson, Bryan Glick, Anthony Cano, Colin Eaton, and Jordon Patzer ("Defendants"). Plaintiffs served Defendants on September 19, 2019 (Dkt. No. 5). Per Federal Rule of Civil Procedure ("FRCP") 4(d)(3), Defendant's responsive pleading deadline is November 18, 2019.

The parties met and conferred on multiple dates before the filing of this motion to attempt to resolve the issues presented, most recently on October 23, 2019. Plaintiffs' counsel agreed to

dismiss defendant Nyhoff, however despite good-faith effort by both sides, the parties were unable to resolve the remaining issues.

### B. Relevant Allegations from the Complaint

This is a civil rights action arising from an officer-involved shooting that took place on February 9, 2019. Officers responded to a report of a man sitting unconscious in his vehicle in a Taco Bell drive-through. On arrival, the officers found Willie McCoy in his vehicle with a gun in his lap. The encounter ultimately resulted in use of deadly force by defendant officers Ryan McMahon, Anthony Cano, Mark Thompson, Jordon Patzer, Bryan Glick, and Colin Eaton. (e.g. Dkt. No. 1, ¶¶ 1-2, 26-33).

The Complaint alleges six causes of action. Against the defendant officers, Plaintiffs assert causes of action for alleged excessive force under the Fourth Amendment, violation of familial rights under the Fourteenth Amendment, and for negligence, battery, and violation of California Civil Code § 52.1. Against the City of Vallejo, City Manager Greg Nyhoff, and former Chief of Police Andrew Bidou, Plaintiffs assert a single cause of action for *Monell* liability (*Id.*, at ¶¶ 52-61). *Monell* liability is raised under two theories: inadequate training/supervision/discipline (¶ 53-54, 56) and ratification (¶¶ 55, 57-58).

The heart of Plaintiffs *Monell* claim is the theory that the Vallejo Police Department ("VPD") has a pattern and practice of using excessive force. (*Id.*, at ¶ 41). The proffered factual basis for that pattern and practice is prior, current, and/or anticipated future VPD-related lawsuits and other claims alleging excessive force. (*Id.*) Specifically, Plaintiffs have alleged 21 incidents to support their *Monell* claim (*Id.*, at ¶ 41(a)-(u).) The various incidents fall into five categories:

1. Settled lawsuits with no admission of wrongdoing (8) (¶ 41a-b, d-e, g-h, l, m);
2. Incident where no claim or lawsuit was filed (1) (¶ 41c);
3. Lawsuit that resulted in defense verdict (1) (¶ 41f);
4. Lawsuit dismissed for failure to prosecute (1) (¶ 41i); and
5. Pending claims and lawsuits where allegations are disputed (10) (¶ 41j-k, n-s, and t-u)

The majority of these claims and lawsuits were brought by the Law Offices of John L.

Burris, which represents the Plaintiffs in this action. Two of the cases produced defense outcomes; none a plaintiff verdict. There is no allegation that any of the settlements contained an admission of defense liability, nor could that allegation be made. The remainder of the incidents are either still being contested, and/or not in litigation yet. The only incident above to go to trial and be decided by a jury (*Connelly*) resulted in a defense verdict.

Further, of the 21 incidents, six allegedly involved the use of deadly force – the same action alleged here.[2] The rest involve a variety of alleged police conduct that is of a different nature: interactions with the mentally-ill, taser, baton, etc. (Dkt. No. 1, ¶ 41).

### III. LEGAL ARGUMENT

#### A. Standard of Review

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure of the complaint to state a claim upon which relief can be granted. FRCP 12(b)(6). A district court should grant a motion to dismiss if a plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must possess more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In determining whether a complaint states a valid claim, the court need not accept legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Further, it is not "proper to assume that [a plaintiff] can prove facts that it has not alleged or that the defendants have violated [laws] in ways that have not been alleged." *Associated General California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

[A] court considering a motion to dismiss can choose to begin by identifying pleadings

---

[2] Dkt. No. 1, ¶ 41a-d, j, and o.

that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft, supra*, 556 U.S. at 679.

*Iqbal* and *Twombly* therefore prescribe a two-step process for evaluation of motions to dismiss. The court first identifies the nonconclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief."

*Lum v. County of San Joaquin*, 756 F.Supp.2d 1243, 1247 (E.D. Cal. 2010).

Dismissal is proper when the complaint fails to allege either a cognizable legal theory or there is an absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F. 3d 1035, 1041 (9th Cir. 2010).

### B. Plaintiffs Have Failed to Allege Sufficient Facts to State a Cause of Action Under *Monell*

A municipality is generally not subject to liability under 42 U.S.C. § 1983 for the alleged unconstitutional acts of an employee. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The case of *Monell v. Dep't of Social Services* permits municipalities to be held liable for an unconstitutional custom, policy, or practice. *Id.* at 690. But, such liability may only be established one of three ways: (1) proof that municipal employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity; (2) proof that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged conduct was thus an act of official government policy; or (3) proof that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (citations omitted).

Plaintiffs have alleged a *Monell* claim under the first and third theories: longstanding custom and practice of excessive force (via allegedly inadequate training, supervision, and discipline); and ratification by a final policy-making official. However, they have failed to allege

facts that, if proven, would support a *Monell* claim under either theory. Instead, Plaintiffs base their *Monell* claim on the 21 alleged VPD-related lawsuits and claims, none of which resulted in any finding or admission of wrongdoing.

        i.     No Reliance Upon Prior Lawsuits/Complaints

Allegations are just that – allegations. They are not proof VPD personnel actually used excessive force in any of the 21 incidents, and Plaintiffs offer none. It is well established that Plaintiffs may not rely upon the filing of tort claims or lawsuits as evidence that VPD has a custom or practice of excessive force. Courts within the Ninth Circuit have repeatedly granted motions to dismiss, summary judgment motions, and allowed defense verdicts to stand where *Monell* was premised upon nothing more than unsubstantiated allegations. See, e.g., *Davis v. Clearlake Police Dep't*, No. C-07-03365 EDL, 2008 WL 4104344, at *8 (N.D. Cal. Sept. 3, 2008) ("Plaintiffs also point to the filing of five federal lawsuits against City of Clearlake, but Plaintiffs have cited no authority to support the argument that the mere filing of lawsuits shows any policy or practice of racial discrimination. Plaintiffs have not, for example, provided evidence of the outcome of the lawsuits or any other details."); *Jones v. Cty. of San Bernardino*, No. EDCV 15-00080-DTB, 2016 WL 4425711, at *13 (C.D. Cal. Aug. 17, 2016), judgment entered, No. EDCV 15-00080-DTB, 2016 WL 4468754 (C.D. Cal. Aug. 22, 2016) ("Jones primarily relies on the mere investigation and filing of lawsuits to demonstrate a custom of excessive force, without presenting evidence regarding the outcome of these lawsuits. Accordingly, Jones has failed to demonstrate *Monell* liability based on a custom and practice of using excessive force towards restrained or subdued detainees.").

Plaintiffs' theory has previously been tried against the City of Vallejo, without success. See *Gillam v. City of Vallejo*, No. 214CV2217KJMKJNPS, 2016 WL 4059184 (E.D. Cal. May 27, 2016), report and recommendation adopted, No. 214CV2217KJMKJNPS, 2016 WL 4041508 (E.D. Cal. July 28, 2016):

> [P]laintiffs allege the existence of various lawsuits against the City of Vallejo involving claims of excessive force and other Fourth Amendment violations. (ECF No. 1.) However, the mere fact that such lawsuits were filed does not support the existence of a policy, custom, or practice of allowing excessive force by police officers. See *Hocking v. City of*

v

NTC AND MPA
2:19-CV-00

> *Roseville*, 2008 WL 1808250, at *5 (E.D. Cal. Apr. 22, 2008) ("Statistics of unsustained complaints of excessive force and other police misconduct, without any evidence that those complaints had merit, does not suffice to establish municipal liability under § 1983."); *Strauss v. City of Chicago*, 760 F.2d 765, 768-69 (7th Cir. 1985) (noting that "the number of complaints filed, without more, indicates nothing. People may file a complaint for many reasons, or for no reason at all. That they filed complaints does not indicate that the policies that Strauss alleges exist do in fact exist and did contribute to his injury."). Most of the lawsuits listed in plaintiffs' complaint remain pending and have not, at least as of yet, resulted in a finding of a constitutional violation.

*Gillam, supra*, at * 7.

Other District Court opinions within the Ninth Circuit have come to the same conclusion:

> [E]ven if the allegations in the lawsuits cited by Plaintiffs could be read to allege the same custom of retaliation as the present case, **lawsuits alone are unsubstantiated allegations that are not evidence of an unconstitutional policy.** *Jean-Laurent v. Wilkerson*, 461 Fed. Appx. 18, 22-23 (2d Cir. 2012) ("citation to various lawsuits ... is not probative of the existence of an underlying policy"); see *Riley v. Jackson Cty. Sheriff's Dep't*, 202 Fed.Appx. 705, 706 (5th Cir. 2006) (finding evidence of "numerous § 1983 lawsuits ... insufficient"); *Burks v. Beary*, 713 F. Supp. 2d 1350, 1358 (M.D. Fla. 2010) ("Plaintiff has submitted a list of complaints, but she has not identified similarities in incidents or shown that any complaints of prior similar incidents had merit.").

*Cangress v. City of Los Angeles*, No. 14-CV-1743-SVW-MAN, 2016 WL 5946878, at *9 (C.D. Cal. Mar. 22, 2016) (emphasis added). See also *Parkison v. Butte Cty. Sheriff's Dep't*, No. 2:09-CV-2257 MCE DAD, 2013 WL 1007042, (E.D. Cal. Mar. 13, 2013), report and recommendation adopted, No. 2:09-CV-02257 MCE, 2013 WL 1345080 (E.D. Cal. Mar. 28, 2013):

> [I]n the first case plaintiff cites, *Nelson v. County of Butte*, 2:09–cv–2776 JAM EFB P, plaintiffs' excessive force and *Monell* claims have survived summary judgment, but neither this court nor a jury has yet to determine the credibility of the parties' evidence in that still pending case which is awaiting trial. In the second prior case plaintiff relies upon, *Matthews v. County of Butte*, 2:06–cv–0286 GEB JFM, this court granted summary judgment in favor of the county defendants on the plaintiff's excessive use of force claims and, because there was no constitutional violation, the court was not called upon to rule on any Monell claims. The Ninth Circuit recently affirmed the district court's judgment in Matthews. This latter case, therefore, actually supports the county defendants' position that there is no "policy or custom" endorsing the use of excessive force at BCJ.

*Parkison, supra*, at *13 (E.D. Cal. Mar. 13, 2013) (internal citation omitted).

Courts across the country have ruled similarly as those in the Ninth Circuit. See *Whitfield v. City of Newburgh*, No. 08 CV 8516 (RKE), 2015 WL 9275695 (S.D.N.Y. Dec. 17, 2015) (collecting cases):

> Courts have made clear that, without more, a plaintiff's "citation to various lawsuits involving ... claims for the excessive use of force is not probative of the existence of an

underlying policy" of a municipality or police department. *See Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 22–23 (2d Cir. 2012); *see also Clark v. Cty. of Los Angeles*, 19 F.3d 26, 26 (9th Cir. 1994) ("Lawsuits and claims are merely unsubstantiated allegations."); *Riley v. Jackson Cty. Sheriff's Dep't*, 202 F. App'x 705, 706 (5th Cir. 2006); *Walker v. City of New York*, No. 14-CV-808 (ER), 2015 WL 4254026, at *7–10 (S.D.N.Y. July 14, 2015); *Tieman v. City of Newburgh*, No. 13-CV-4178 (KMK), 2015 WL 1379652, at *16–17 (S.D.N.Y. Mar. 26, 2015); *Ameduri v. Vill. of Frankfort*, 10 F. Supp. 3d 320, 341 (N.D.N.Y. 2014); *Tagliaferi v. Town of Hamden*, No. 3:10 CV 1759 (JGM), 2014 WL 129223, at *12–13 (D. Conn. Jan. 14, 2014); *Howe v. Town of Hempstead*, No. 04 Civ. 0656 (DRH)(ETB), 2006 WL 3095819, at *10 (E.D.N.Y. Oct. 30, 2006); *Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 345–47 (E.D.N.Y. 2006). Indeed, as plaintiff concedes, each of the cited actions was dismissed without any finding of liability against the City or any officer. *See, e.g., Walker*, 2015 WL 4254026, at *8 ("Here, Plaintiff fails to assert 'anecdotal evidence' of the alleged policy or custom by merely listing the names of numerous lawsuits, without indicating whether they resulted in a finding of liability against the Officers or the City or providing any specific details about the cases."); *Tieman*, 2015 WL 1379652, at *17 ("To begin, even if the civil complaints involved comparable conduct to that alleged here, 'none result[ed] in an adjudication of liability.'") (alteration in original) (quoting *Walker v. City of New York*, No. 12 Civ. 5902 (PAC), 2014 WL 1259618, at *3 (S.D.N.Y. Mar. 18, 2014)); *Collins v. City of New York*, 923 F. Supp. 2d 462, 479 (E.D.N.Y. 2013) ("[T]he Court agrees with the City that the litany of other police-misconduct cases are insufficient to make a plausible case for *Monell* liability."). "Simply put, the fact that there were allegations of [nine] instances of excessive force during arrests over four [and-and-a-half] years (none of which involved findings or admissions of culpability) during which hundreds, if not thousands, of arrests were made does not plausibly demonstrate that the use of excessive force during arrest was so frequent and pervasive to constitute a custom." *Tieman*, 2015 WL 1379652, at *17 (citing *Walker*, 2014 WL 1259618, at *1–3). Accordingly, defendants are entitled to summary judgment on this claim.

*Whitfield v. City of Newburgh*, No. 08 CV 8516 (RKE), 2015 WL 9275695, at *30 (S.D.N.Y. Dec. 17, 2015).

In this case, Plaintiffs' *Monell* claim is based on nothing more than a reference to various lawsuits and claims against the VPD, <u>most of which were filed by their own attorneys</u>, which did not result in a finding or admission of any wrongdoing. These unsubstantiated lawsuits and claims cannot support a *Monell* cause of action as a matter of law. As such, Plaintiffs' *Monell* claim should be dismissed.

    ii.    <u>*Monell* Requires Similarity</u>

Even assuming, for sake of argument, that a custom and policy *could* be proven by unsubstantiated allegations, such allegations must be similar. Because this case concerns an

officer-involved shooting and only 6 of the 21 alleged incidents involved the same, Plaintiffs' *Monell* claim would be -- at most -- limited to those six shootings. The other 15 incidents have no possible bearing on this case and must be disregarded. See *Parkison, supra*, at *12 ("plaintiff cites to other cases that do not involve the use of PepperBall System by law enforcement. Because the cases do not involve the type of excessive force at issue here, the cases relied upon by plaintiff could not have put the Butte County Sheriff's Department or defendant Jones on notice of any widespread problem or a deficiency in training so as to prevent the alleged violation plaintiff's constitutional rights in this case.")

### C. Individuals Sued in Their Official Capacities Only Should be Dismissed

Defendants Greg Nyhoff and Andrew Bidou are named as defendants in their official capacities only. It is well established that an official capacity claim against an official is treated as a claim against the agency. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Ky. v. Graham*, 473 U.S. 159, 166 (1985). Individual defendants sued in an official capacity alongside the agency may be dismissed as redundant. See *Center for Bio-Ethical Reform v. L.A. County Sheriff Department*, 533 F.3d 780, 786 (9th Cir. 2008).

Plaintiffs' counsel has stipulated to dismissal of City Manager Greg Nyhoff. Defendant accordingly requests that Mr. Nyhoff be dismissed pursuant to the parties' agreement.

Former Chief of Police Andrew Bidou should be dismissed as well. The former Chief of Police has been named only in his official capacity. The complaint does not include allegations demonstrating that former Chief Bidou participated in or directed the actions of the officers, which would be required to state a claim against him personally. See *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As such, Andre Bidou is not a proper Defendant to this action and Defendants request that he be dismissed.

///
///
///

### IV. CONCLUSION

For the above reasons, Defendants request their Rule 12(b)(6) motion be granted.

Dated: November 18, 2019

Respectfully submitted,

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: /s/ Dale L. Allen, Jr.
    DALE L. ALLEN, JR.
    KEVIN P. ALLEN
    Attorneys for Defendants
    CITY OF VALLEJO, ANDREW BIDOU, GREG NYHOFF, RYAN MCMAHON, MARK THOMPSON, BRYAN GLICK, ANTHONY CANO, COLIN EATON, and JORDON PATZER

PROOF OF SERVICE

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, CA 94104. On November 18, 2019, I served the within: **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT (F.R.C.P. 12(B)(6)); MEMORANDUM OF POINTS AND AUTHORITIES** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☒ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By Overnight Delivery:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☐ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(FEDERAL)** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on November 18, 2019, at San Francisco, California.

Grant Wekesser

x

NTC AND MPA
2:19-CV-00

351532.1

## SERVICE LIST

| | |
|---|---|
| John L. Burris<br>Melissa Catherine Nold<br>Adante Pointer<br>Law Offices of John L. Burris<br>Airport Corporate Center<br>7677 Oakport Street, Suite 1120<br>Oakland, CA 94621 | Attorneys for Plaintiffs<br>Telephone: (510) 839-5200<br>Facsimile: (510) 839-3883<br>E-Mail: John.Burris@johnburrislaw.com |