**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street
Vallejo, CA 94590
Tel:   (707) 648-4545
Fax:   (707) 648-4687

DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN., State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 697-2000
Facsimile:   (415) 813-2045

Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, GREG NYHOFF, RYAN MCMAHON, MARK THOMPSON, BRYAN GLICK, ANTHONY ROMERO-CANO, COLIN EATON, and JORDON PATZER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO COURTHOUSE

| | |
|---|---|
| KORI MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; MARC MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; LOUIS MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; SHAWNMELL MITCHELL, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; and MARQUITA MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VALLEJO, municipal corporation; ANDREW BIDOU, in his official capacity as Chief of Police for the City of Vallejo; GREG NYHOFF, in his | Case No. 2:19-at-00535 <br><br> **REPLY IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS THE COMPLAINT** <br><br> Hon. John A. Mendez <br><br> Date:   January 14, 2020 <br> Time:   1:30 p.m. <br> Ctrm:   6, 14th Floor |

official capacity as City Manager of the City of Vallejo; RYAN MCMAHON, individually and in his capacity as a City of Vallejo Police Officer; MARK THOMPSON, individually and in his capacity as a City of Vallejo Police Officer; BRYAN GLICK, individually and in his capacity as a City of Vallejo Police Officer; ANTHONY ROMERO-CANO, individually and in his capacity as a City of Vallejo Police Officer; COLLIN EATON, individually and in his capacity as a City of Vallejo Police Officer; JORDAN PATZER, individually and in his capacity as a City of Vallejo Police Officer and DOES 1-50, inclusive,

Defendants.

## I.     INTRODUCTION

The motion by defendants CITY OF VALLEJO, ANDREW BIDOU, GREG NYHOFF, RYAN MCMAHON, MARK THOMPSON, BRYAN GLICK, ANTHONY ROMERO-CANO, COLIN EATON, and JORDON PATZER ("Defendants") should be granted because Plaintiffs have failed to establish that *Monell* claim may be based upon unsubstantiated allegations or dissimilar events. The request for leave (to amend) should be denied because Plaintiffs have not articulated how they would cure defects in a First Amended Complaint ("FAC"); and because there is no individual liability against former Chief Bidou as Plaintiffs seek to allege it. Defendants further request dismissal of City Manager Greg Nyhoff as unopposed.

## II.    STANDARD OF REVIEW

The parties generally agree upon the analytical framework governing Rule 12(b)(6) motions. They differ, however, on the level of scrutiny to apply. Plaintiffs assert a relaxed standard applies to *Monell*; that a claim "based on nothing more than a bare allegation" is sufficient. (*Pls.' Opp'n*, 10:9-13, citing *Galbraith v. Cnty. of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002).) This is misplaced and an incorrect statement of law. *Galbraith* is an outdated opinion and does not reflect current Ninth Circuit law. In *AE ex rel. Hernandez v. Cnty. of Tulare*, 666

F.3d 631 (9th Cir. 2012) -- following *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and other Supreme Court decisions -- the Ninth Circuit held that "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively … the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Eliminating any and all ambiguity, the *AE* Court explicitly applied these stringent pleading standards to *Monell* causes of action. "This standard applies to *Monell* claims and should govern future pleadings in this case." *AE ex rel.*, *supra*, at 637. At least one District Court has recognized that the applicable standards have been changed in accordance with the Supreme Court's opinions and *Galbraith* no longer applies. See *Fisher v. Kealoha*, 869 F. Supp. 2d 1203, 1210-1211 (D. Haw. 2012).

## III.    UNSUBSTANTIATED BASIS FOR MONELL CLAIM

Plaintiffs concede their *Monell* cause of action is premised upon their 21 alleged VPD-related lawsuits and claims. (Dkt. No. 8, 7:3-22). Take those away and the *Monell* claim falls apart.

Plaintiffs' theory fails because it cannot outrun an inescapable truth: litigation, in and of itself, does not constitute a *Monell* claim. Allegations are just that – allegations. No matter how many times Plaintiffs wished to say otherwise,[1] the *assertion* something occurred is not proof it occurred. Just like indictments are not convictions, complaints are not plaintiff jury verdicts. If Plaintiffs wished to use past and/or current litigation as grounds for their *Monell* claim, they needed to present favorable jury verdicts, favorable summary judgment, or admissions of liability. They did not. Indeed, of the 21 examples, only one went to jury verdict – a defense verdict.

---

[1] Dkt. No. 8, 4:14-24, 7:16-22, 10:16-25, 11:8-18, 12:4-15, 12:21-13:2.

Defendants referenced *Davis*[2], *Jones*[3], *Gilliam*[4], and the dozen or so other District Court opinions (as well as Second and Fifth Circuit appellate opinions) for the proposition that unsubstantiated litigation is inapplicable to *Monell*. Outside of noting that the *Gilliams* plaintiff in represented himself – a fact immaterial to the legal question at hand – Plaintiffs did not attack or otherwise undercut Defendant's authority. And while District Court decisions are not precedent, they are persuasive. That so many different judges, with different fact patterns, all reached the same legal conclusion speaks to the validity of the analysis. Indeed, Plaintiffs cite no opposing authority. See also *Martin v. City of Vallejo*, No. 214CV0554ACPSTEMP, 2016 WL 2764741, at *5 (E.D. Cal. May 12, 2016) ("plaintiff has not provided evidence of repeated constitutional violations. Instead, plaintiff relies on a list of lawsuits, most of which are pending and have not, at least as of yet, resulted in a finding of a constitutional violation.")

## IV.  **DISSIMILAR EVENTS**

Even assuming a custom or policy claim could be premised upon past or ongoing litigation, such must be similar to the instant lawsuit. Plaintiffs do not challenge this requirement. (Dkt. No. 8, 12:20-13:7).

Plaintiffs assert the prior and/or current lawsuits are similar because all involved alleged lack of training or policy on use-of-force generally. (*Id.*, at 12:20-13:2). Plaintiffs are painting with too broad a brush. *Connick v. Thompson*, 563 U.S. 51, 62, 131 S. Ct. 1350, 1360 (2011) ("[a] pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train.") (citation omitted). In the ongoing matter of *Sweiha v. Cty. of Alameda*, No. 19-CV-03098-LB, 2019 WL 4848227 (N.D. Cal. Oct. 1, 2019), Magistrate Judge Beeler recently rejected this very same argument by Plaintiffs' counsel:

---

[2] *Davis v. Clearlake Police Dep't*, No. C-07-03365-EDL, 2008 WL 4104344 (N.D. Cal. Sept. 3, 2008)

[3] *Jones v. Cty. of San Bernardino*, No. EDCV 15-00080-DTB, 2016 WL 4425711 (C.D. Cal. Aug. 17, 2016)

[4] *Gilliam v. City of Vallejo*, No. 2:14-cv-2217-KJM-NPS, 2016 WL 4059184 (E.D. Cal. May 27, 2016)

> Mr. Sweiha alleges that his own experiences with the deputies and the five other incidents described in the complaint show a course of conduct amounting to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. They do not. The five incidents have markedly different facts, do not involve mistreating someone with mental illness, and in any event do not show a custom [that is] so persistent and widespread that it constitutes a permanent and well settled city policy, as opposed to [i]solated or sporadic incidents, [which] will not support *Monell* liability against a municipality.

*Swieha*, *supra*, at * 4 (internal quotation and citations omitted). Only six of the 21 other matters cited by Plaintiffs concern officer-involved shootings, and none under similar factual circumstances. The remaining 15 incidents concern a variety of uses of force under much different circumstances. None of these incidents may form the legal basis for a *Monell* claim in this lawsuit.

    *Breen*, cited by Plaintiffs, underscores why Defendant's motion should be granted. The Court in *Breen* allowed evidence of prior incidents to support a *Monell* claim, but specifically emphasized the similarity of the cited matters. "[T]he other cases Plaintiff describes in his complaint here closely mirror his own allegations; five out of six incidents describe brutal beatings administered by officers similar to the one Plaintiff alleges he suffered.") (Dkt. No. 19, 5:28-6:3, in 3:19-cv-05622-SK).[5] Nothing of the sort occurred here. Plaintiffs refer to 15 miscellaneous uses of force, and six officer-involved shootings with different facts: three concerned single-officer shootings in circumstances that Plaintiffs did not explain or otherwise elaborate on[6]; one a single-officer shooting after an unspecified pursuit[7]; one a single-officer shooting where the person was apparently involved in a fight of some sort[8]; and the last one a

---

[5] Notably, the defendants there did not one of the key issues now before this Court: the fact that past and/or current lawsuits may not serve as the basis for a *Monell* claim. (Dkt. Nos. 7 and 11 in 3:19-cv-05622-SK). Accordingly, the *Breen* Court did not have the benefit of that issue being briefed or before it.

[6] Dkt. No. 1, ¶ 41(a)-(c).

[7] *Id.*, at 41(d).

[8] *Id.*, at 41(j).

single-officer shooting after a bicycle stop.[9] None involved the circumstance here: multiple officers coming upon a subject with a gun in his lap.

For these reasons, Plaintiffs' *Monell* claim should be dismissed based upon failure to plead factually similar events.

## V. <u>NO LEAVE TO ADD CHIEF BIDOU</u>

Plaintiffs seek leave to add Chief Bidou as a defendant in his individual capacity, for purposes of *Monell* liability (specifically, the "final policy-maker" prong). Defendants object because this would be an invalid and futile amendment. *Monell* is a cause of action against public entities; not individuals. There is no such thing as suing a member of the command staff for final policy-maker liability. To the extent Plaintiffs wish to sue the City under the final policy-maker theory, it is not necessary or helpful to that claim to name former Chief Bidou in his individual capacity and such a claim is not appropriate. A claim against former Chief Bidou by virtue of his position as a final policy maker is an official capacity claim, not an individual capacity claim.

To the extent Plaintiffs seek to sue Chief Bidou in his individual capacity, the only theoretically possible vehicle would be supervisory liability under *Starr v. Baca*, 652 F.3d 1202, 1207-1208 (9th Cir. 2011) (a separate and distinct theory under Section 1983). But even if they had sought leave to amend to sue under this theory, it has strict requirements. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr*, *supra*, at 1207 (9th Cir. 2011) (internal quotation and citation omitted). The requisite causal connection can be established "by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Id.*, at 1207-1208 (internal quotations and citations omitted). In other words, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the

---

[9] *Id.*, at 41(o).

constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.*

The current Complaint does not factually allege Chief Bidou was involved in the alleged incidents (or any of the prior ones identified in the claims/lawsuits); does not allege that he set them in motion; and does not that he acquiesced in any of them. Nor have Plaintiffs proffered any such facts for a First Amended Complaint.

Plaintiffs request for leave to add Chief Bidou should be denied.

## VI. NO GENERALIZED LEAVE TO AMEND

Plaintiffs make a generalized request for leave to amend, in order "to cure any defects concerning their *Monell* cause of action." Defendants recognize and appreciate the liberality towards amending pleadings, but also recognize such leave is not granted in a vacuum. Plaintiffs have not articulated how they will cure the defects to their *Monell* claim. As Defendants have argued, they do not believe Plaintiffs can. Litigation is prohibited as a basis for the claim. Based upon the current record, Defendants requests their motion to dismiss be granted with prejudice.

Respectfully submitted,

Dated: January 7, 2020

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, GREG NYHOFF, RYAN MCMAHON, MARK THOMPSON, BRYAN GLICK, ANTHONY ROMERO-CANO, COLIN EATON, and JORDON PATZER