UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KORI MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; et al., | No. 2:19-cv-001191-JAM-CKD |
|---|---|
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

On February 9, 2019, City of Vallejo Police Officers fatally shot 20-year-old Willie McCoy fifty-five times while he sat unconscious in his vehicle. Compl., ECF No. 1, ¶ 1. McCoy's siblings (collectively, "Plaintiffs") filed a suit against the City of Vallejo and individual police officers (collectively, "Defendants"). Id. ¶¶ 12-21. Plaintiffs' complaint alleges six causes of action, including various allegations under 42 U.S.C. Section 1983 and under the laws of California. Id. ¶¶ 48-69.

Defendants move to dismiss individual defendants Greg Nyhoff and Andrew Bidou in their official capacities, as well as Plaintiffs' Section 1983 municipal liability claim under Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Mot. to

1

Dismiss ("Mot."), ECF No. 6. Plaintiffs filed an opposition, ECF No. 8, in which they: opposed the dismissal of the Monell claim, stipulated to the dismissal of defendant Nyhoff, and requested leave to amend their claim as to defendant Bidou. Defendants replied. Reply, ECF No. 9. For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.[1]

## I. FACTUAL ALLEGATIONS

On February 9, 2019, Vallejo Police Officers responded to a welfare check for an unconscious man, slumped over the steering wheel of his car, at a Taco Bell drive-thru. Compl. ¶¶ 1,27. When officers Mark Thompson, Collin Eaton, Jordan Patzer, Bryan Glick, Anthony Romero-Cano, Ryan McMahon, and other yet-to-be identified officers (collectively, "officers"), arrived on the scene, they found 20-year old Willie McCoy still unconscious in his car. Id. ¶¶ 2,27. The Officers approached McCoy's car. Id. McCoy had a handgun on his lap, however the magazine was visibly removed. Id. One of the officers commanded his fellow officers to shoot McCoy, if he moved. Id. Once McCoy began to rouse from his unconscious state, the Officers used deadly force, shooting him fifty-five times. Id. McCoy died on the scene. Id.

## II. OPINION

A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 14, 2020.

2

and plain statement of the claim showing that the pleader is entitled to relief." A suit must be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twmobly, 550 U.S. 544, 570 (2007). This plausibility standard requires "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"At this stage, the Court 'must accept as true all of the allegations contained in a complaint.'" Id. But it need not "accept as true a legal conclusion couched as a factual allegation." Id. In dismissals for failure to state a claim, leave to amend the pleading should be granted, unless a "pleading could not possibly be cured by the allegation of other facts." Cooks, Perkiss, & Leiche, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).

    B.   Analysis

        1.   Monell Claim

Municipalities can be sued directly under 42 U.S.C. § 1983 for an unconstitutional custom, policy, or practice. Monell, 436 U.S. at 690. To establish municipal liability, a plaintiff must show (1) he possessed a constitutional right and was deprived of that right, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy was the

3

moving force behind the constitutional violation. Sweiha v. Cnty. of Alameda, No. 19-CV-03098-LB, 2019 WL 48482227 (N.D. Cal. Oct. 1, 2019) (citing Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)). A plaintiff can establish the existence of a policy or custom with: (1) proof that a municipal employee committed the alleged constitutional violation pursuant to a formal government policy, or a "longstanding practice or custom," which constitutes the standard operating procedure of the local government entity; (2) proof that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged conduct was thus an act of official government policy; or (3) proof that an official with "final policymaking authority" ratified a subordinate's unconstitutional decision or action and the basis for it. Gillete v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992). Plaintiffs only assert a Monell claim under the first and third theories. Compl. ¶¶ 52-63; Opp'n at 9.

Failure to train may give rise to a Monell claim under a theory of "longstanding practice or custom." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). However, "a municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 536 U.S. 51, 61 (2011). Therefore, inadequacy of police training may only give rise to Section 1983 liability when it "amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, 489 U.S. at 388. A plaintiff may also prove the

4

existence of a "longstanding practice or custom" with "evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded." Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992).

An isolated constitutional violation can give rise to municipal liability under a theory of ratification by a person with "final policymaking authority." Christie v. Iopa, 176 F.3d 1231, 1238 (9th Cir. 1999). In determining what constitutes final policymaking authority, "delegating discretion is not equivalent to delegating final policymaking authority." Id. at 1239. Moreover, to show ratification, a plaintiff must prove "that the authorized policymakers approve a subordinate's decision and the basis for it." Id. (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)). Therefore, ratification requires knowledge of the alleged constitutional deprivation. Id.

The crux of Plaintiffs claim is that the Vallejo Police Department ("VPD") has a pattern and practice of using excessive force, giving rise to Monell liability under the theories of inadequate training and ratification. Id. As support, Plaintiffs adduce twenty-one incidents in which VPD officers allegedly used excessive force. Id. ¶ 41. Six of those incidents involve officer-related shootings; one of those involve an officer that shot McCoy, Officer McMahon. Id. Defendants contend that Plaintiffs "have failed to allege facts that, if proven, would support a Monell claim under either theory." Mot. 4-5. Specifically, Defendants argue Plaintiffs' claim should be dismissed because their allegations are not

sufficiently plead and not sufficiently similar. Id. at 6-7.

### a. Sufficient Allegations

The Parties differ on the level of scrutiny that should be applied to allegations when facing a Rule 12(b)(6) motion. Plaintiffs believe a relaxed standard may be applied, allowing claims that are "based on nothing more than a bare allegation. . . ." Opp'n at 9-10 (quoting Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)). Defendants argue this standard no longer applies. Reply at 2-3.

The Ninth Circuit had previously interpreted claims of municipal liability under Section 1983 "based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice," as "sufficient to withstand a motion to dismiss." Galbraith, 307 F.3d at 1127. However, the Ninth Circuit has since established two more stringent principles.

First, "to be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Bacca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, those allegations taken as true, "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id. These principles "appl[y] to Monell claims." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). This District has also recognized that

"the allegation of a casual relationship on 'information and belief' may be sufficient at the motion to dismiss stage, where the facts that might demonstrate the causal connection . . . are not available to the pleading party prior to discovery." Philips v. County of Fresno, No. 1:13-cv-0538, 2013 WL 6243278, at *10 (E.D. Cal. Dec. 3, 2013).

Defendants argue Plaintiffs' allegations do not withstand requisite pleading standards, since they are lawsuits and claims against the VPD that have "not result[ed] in a finding or admission of any wrongdoing." Mot. at 7. They cite a string of cases within the Ninth Circuit and other circuits, finding that lawsuits alone without more fail to demonstrate Monell liability. Mot. at 5; see, e.g., Davis v. Clearlake Police Dep't, No. C-07-033365 EDL, 2008 WL 4104344, at *8 (N.D. Cal. Sept. 3, 2008); Gillam v. City of Vallejo, No. 2:14-CV-2217-KJM-KJN PS, 2016 WL 4059184 (E.D. Cal. May 27, 2016); Whitfield v. City of Newburgh, No. 08-CV-8516 RKE, 2015 WL 9275695 (S.D.N.Y. Dec 17, 2015). The cases Defendants rely on, however, have made this finding on motions for summary judgment—not on motions to dismiss. See, e.g., Davis, 2008 WL 4104344 at *3.

The standards for review under summary judgment greatly differ from those of a motion to dismiss. A motion for summary judgment under Fed. R. Civ. P. 56(a) is concerned with the evidence or absence of evidence supporting the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A motion to dismiss, on the other hand, is only concerned with whether there are "'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' to support the

7

allegations." Starr, 652 F.3d at 1217 (quoting Twombly, 550 U.S. at 556). Therefore, in light of this standard the court finds Plaintiffs' allegations "satisfy the [pleading] standard of Rule 8(a)." Id. at 1216.

First, Plaintiffs "make detailed factual allegations that go well beyond reciting the elements of a [Monell Claim]." Starr, 652 F.3d at 1217. Plaintiffs specifically allege numerous incidents—twenty-one to be precise—in which the VPD used excessive force. Compl. ¶¶ 41(a)-(u). These instances "are listed for the purpose of demonstrating [the City of Vallejo's] awareness of this pattern . . . and its ongoing failure to supervise, discipline and/or retrain the officers who engage in such conduct, as evidence of . . . a custom, policy or practice that is encouraged and ratified by the City." Opp'n at 4. The allegations are "sufficiently detailed," to give Defendants "fair notice" granting them the opportunity "to defend [themselves] effectively." Starr, 652 F.3d at 1217. Accordingly, Plaintiffs' allegations are entitled to the presumption of truth. Id.

Second, these allegations plausibly suggest that Defendants were aware of this pattern of "failure to discipline or retrain Defendant Officers," and that the failure itself "serves as ratification of Defendants' policy violations and unlawful conduct." Opp'n at 11. Defendants have not provided an "alternative explanation" that would require the Court to conclude Plaintiffs' explanation "is not a plausible conclusion." Starr, 652 F.3d at 1216 (quoting Iqbal, 129 S.Ct. at 1951-52). Rather, Defendants merely argue these allegations

8

are unsubstantiated because of their nature as lawsuits that have not resulted in findings of wrongdoing. Mot. at 7. At this stage, "Plaintiff's explanation [need not] be true or even probable," rather "[t]he factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" Starr, 652 F.3d at 1217 (quoting Iqbal, 129 S.Ct. at 1951). Accordingly, the Court finds the allegations in Plaintiffs' complaint satisfy the requisite pleading standard.

### b. Sufficient Similarity

Defendants further argue Plaintiffs' allegations are not sufficiently similar to the facts in this case to establish a Monell claim. Mot. at 7-8. The Court disagrees.

A Monell claim premised under a failure to train requires "a pattern of similar constitutional violations by untrained employees" to demonstrate "deliberate indifference." Connick, 563 U.S. at 62. Otherwise, "without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." Id. Both Parties embrace Magistrate Judge Kim's analysis, from the Northern District of California, in Breen v. City of Concord, et al., USNDC Case No. 3:19-cv-05622-SK, ECF No. 19 (N.D. Cal. Dec. 10, 2019). Opp'n at 13; Reply at 5. They ask the Court to do the same. Id. Although that decision is not binding, the Court adopts this analysis since it comports with Ninth Circuit precedent. See e.g., Meehan v. Cnty. of Los Angeles, 856 F.2d 102, 107 (9th Cir. 1988) (Cited in Breen, 3:19-cv-05622-SK at *5).

In Breen, the plaintiff sued the City of Concord for municipal liability under Monell after two police officers punched him, kicked him, and slammed his face, while he was handcuffed in the police station. Id. at *1. Plaintiff adduced five other cases where City of Concord police officers were accused of violent beatings; two of those involved one of the police officers in question. Id. at 5. Judge Kim found these cases to be "factually pertinent" and "more than sufficient to survive Defendants' motion to dismiss." Id. at 5-6.

Plaintiffs' believe the incidents they included in their complaint are just as "factually pertinent" as those of the Plaintiff in Breen, Opp'n at 13, while Defendants contend the opposite, Reply at 5. Defendants argue the instances Plaintiffs' refer to have "markedly different facts," since only six of the twenty-one incidents "concern officer-involved shootings." Reply at 5. They further argue that even those involving shootings are not sufficiently similar, since "[n]one involved the circumstances here: multiple officers coming upon a subject with a gun in his lap." Id. at 5-6. But the Plaintiff in Breen also did not cite cases that involved exactly two police officers, punching, kicking, and slamming a plaintiff against the head in a police department while handcuffed. Instead, the cases the Breen plaintiff offered involved use of force incidents under different circumstances such as: tasing, breaking someone's neck, elbowing, rear-ending someone, etc. Breen, USNDC Case No. 3:19-cv-05622-SK, ECF No. 1 ("Breen Compl.") ¶¶ 31(a)-(f). Yet, Judge Kim still found these "factually pertinent" enough to survive a motion to dismiss,

because they all involved "brutal beatings administered by officers similar to the one Plaintiff alleges he suffered." Breen, 3:19-cv-05622-SK at *5-6.

Here too, the Court finds the six incidents involving officer shootings, are just as factually pertinent to the facts at hand to survive a motion to dismiss. All six of those incidents involve deadly officer shootings. Compl. ¶¶ 41(a)-(d), (j), (o). McCoy was also shot to death by police officers. Id. ¶ 1. Moreover, as was the case in Breen, one of these incidents also involves one of the police officers in question: Officer McMahon. Compl. ¶ 41(o). That fact is absent in Defendants' Motion and Reply. See generally Mot. and Reply. Defendants' attempt to differentiate these instances through surrounding circumstance, such as how Officer McMahon's other shooting was during a bicycle stop, is unavailing. Reply at 5. Breen did not require that level of similarity; these incidents are sufficiently similar to survive a motion to dismiss.

### c. Conclusion

The Court finds Plaintiffs allegations are sufficiently plead and sufficiently similar to survive a 12(b)(6) motion to dismiss. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiffs' Section 1983 municipal liability claim under Monell.

### 2. Dismissal of Defendants Bidou and Nyhoff

It is well-established that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer v. Melo, 502 U.S. 21, 25 (9th Cir. 1991). Accordingly, a defendant

11

that has been sued in an official capacity alongside the entity, may be dismissed "as a redundant defendant." Center For Bio-Ethical Reform, Inc. v. L.A. County Sheriff Dept., 533 F.3d 780, 786 (9th Cir. 2008).

Defendants request that individual Defendants Bidou and Nyhoff be dismissed as redundant because Plaintiffs have sued them in their official capacity, alongside the City of Vallejo. Mot. at 11; Compl. ¶¶ 12-14. Plaintiffs stipulate to Defendant Nyhoff's dismissal, primarily because he was misrepresented as "the final decision-maker for the Vallejo Police Department." Opp'n at 13. Although they do not stipulate to Defendant Bidou's dismissal, Plaintiffs do not dispute that they "improperly listed" his capacity. Opp'n at 13. Accordingly, the Court DISMISSES both individual Defendants. Because Plaintiffs stipulate to Nyhoff's dismissal, he is dismissed WITH PREJUDICE. For the reasons discussed below, Bidou is dismissed WITHOUT PREJUDICE.

### 3. Leave to Amend

Plaintiffs request leave to amend their Complaint "to sue Chief Bidou in his individual capacity as the final decision-maker related to the subject incident." Opp'n at 13. Defendants object, arguing "this would be an invalid and futile amendment." Reply at 6. The Court disagrees.

Under Fed. R. Civ. Proc. 15(a), leave to amend "shall be freely given when justice so requires." The Ninth Circuit has "repeatedly stressed" that the Court must adhere to "the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities."

12

Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, leave to amend should be granted, "unless [the Court] determines that a pleading could not possibly be cured by the allegation of other facts." Id. (citing Doe v. U.S., 58 F.3d 494, 497 (9th Cir. 1995)).

Defendants believe Plaintiffs' claim against Chief Bidou could not be cured by including him as a defendant in his individual capacity, since "Monell is a cause of action against public entities; not individuals." Reply at 6. They further argue, the only way Plaintiffs could sue him in his individual capacity would be for supervisory liability under Starr, 652 F.3d at 1207-208. Id. at 6-7. Nevertheless, they maintain amending to a supervisor liability claim should not be allowed because Plaintiffs have not "proffered any such facts." Id. at 6. But by pinpointing a theory that could cure an individual capacity claim, Defendants have demonstrated amendment would not be futile. Leave to amend would allow Plaintiffs the opportunity to proffer the facts necessary for a supervisor liability claim, should they choose to do so. Accordingly, the Court GRANTS Plaintiffs' request for leave to amend to add Chief Bidou.

### III. ORDER

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss. The Court:

1. DENIES Defendants' motion to dismiss the Monell Claim;
2. GRANTS Defendants' motion to dismiss Defendant Nyhoff WITH Prejudice ; and
3. GRANTS Defendants' motion to dismiss Defendant Bidou

WITHOUT Prejudice.

If Plaintiffs elect to amend the complaint, they shall file an Amended Complaint within twenty days of this Order. Defendants' responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: January 22, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE