**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**MELISSA NOLD, Esq., SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, California 94621
Telephone:     (510) 839-5200
Facsimile:     (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com
Melissa.Nold@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORI MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; MARC MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; LOUIS MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; SHAWNMELL MITCHELL, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; and MARQUITA MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, Chief of Police for the City of Vallejo, in his individual capacity; RYAN MCMAHON, individually and in his capacity as a City of Vallejo Police Officer; MARK THOMPSON, individually and in his capacity as a City of Vallejo Police Officer; BRYAN GLICK, individually and in | Case No.: 2:19-cv-01191-JAM-CKD <br><br><br> FIRST AMENDED COMPLAINT <br><br> <u>JURY TRIAL DEMANDED</u> |

his capacity as a City of Vallejo Police )
Officer; ANTHONY ROMERO-CANO, )
individually and in his capacity as a City of )
Vallejo Police Officer; COLLIN EATON, )
individually and in his capacity as a City of )
Vallejo Police Officer; JORDAN PATZER, )
individually and in his capacity as a City of )
Vallejo Police Officer and DOES 1-50, )
inclusive. )
)
        Defendants. )
)
_____ )

## **INTRODUCTION**

1.   This civil rights and wrongful death action arises out of the February 9, 2019 officer involved shooting of 20-year-old Willie McCoy, by six City of Vallejo Police Officers. On the date of the incident, Officers responded to a call about an unconscious man slumped over the steering wheel of his car, in the drive-thru of a fast food restaurant. Police received no reports of criminal activity related to the unconscious man. When officers arrived, they saw Mr. McCoy unconscious inside of his car.

2.   Vallejo Police Officers Mark Thompson, Collin Eaton, Jordan Patzer, Bryan Glick, Anthony Romero-Cano, and Ryan McMahon arrived on scene and found Mr. McCoy overtly unconscious and obviously unaware of his surroundings. Officers allege that Mr. McCoy had a handgun on his lap with the magazine removed. Officers did not follow proper policing procedures and failed to take a position of safety or develop a plan to safely remove Mr. McCoy from the car, despite the fact that the passenger window was only covered by a thin piece of plastic. Instead, the Officers stood around the car and did not summon additional assistance or support. A-yet-to-be-identified Officer commanded his fellow officers to shoot Mr. McCoy if he moved and to not give Mr. McCoy a chance. Mr. McCoy began to rouse, scratched his shoulder and once again slumped forward towards his steering wheel in an unconscious state. Just as they

had been commanded, the Officers opened fire on Mr. McCoy as soon as he began to rouse. The Officers shot 55 rounds at the sleeping man, engaging in a violent one-sided gun battle that filled Mr. McCoy's body with dozens of bullet wounds leaving him dead in the driver's seat of his car.

3.    The City of Vallejo has been ratifying a decades long pattern and practice of misconduct among its officers, for a myriad of violations, including, but not limited to: excessive force, false arrest, assault, battery, sexual assault, intentional infliction of emotional distress, negligent infliction of emotional distress, falsifying police reports and witness intimidation. Despite being on notice of their well-documented history of violence and terror, the City of Vallejo refuses to acknowledge or remedy their failure to supervise, discipline or retrain their officers. In fact, Vallejo's City Manager and City Attorney have gone so far as to outright deny the well-documented history of undisciplined violence and incredulously blames the media for the Vallejo Police Department's infamous reputation. The Vallejo Police Department's unconstitutional policing has become so dire and widespread that the City's residents live in terror of the police department. As a result of the City's steadfast refusal to remedy the Vallejo Police Department's unconstitutional conduct, Plaintiffs request the Vallejo Police Department to be placed in federal receivership.

4.    Mr. McCoy leaves behind an outraged community and grieving siblings, who bring this present action for violations of state and federal law.

## **JURISDICTION**

5.    This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in the City of Vallejo, County of Solano, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

## **PARTIES**

6.  Decedent, WILLIE MCCOY was unmarried and did not have any children at the time of his death. Decedent's parents predeceased him.

7.  Plaintiff, KORI MCCOY, sues in his individual capacity as Decedent's brother and in representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

8.  Plaintiff, MARC MCCOY, sues in his individual capacity as Decedent's brother and in representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

9.  Plaintiff, LOUIS MCCOY, sues in his individual capacity as Decedent's brother and in representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

10. Plaintiff, MARQUITA MCCOY, sues in her individual capacity as Decedent's sister and in representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

11. Plaintiff, SHAWNMELL MITCHELL, sues in her individual capacity as Decedent's sister and in representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

12. Defendant CITY OF VALLEJO (hereinafter "City") is, and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California. The Vallejo Police Department operates under the supervision of the City of Vallejo.

13. Defendant ANDREW BIDOU (hereinafter 'Chief') was, and at all times mentioned herein, is the Chief of Police for the City of Vallejo and is sued in his individual capacity. He is a

final decision maker for the police department as he can make the final decisions about discipline, training, supervision and development of constitutional policing.

14. Defendant RYAN MCMAHON was, and at all times mentioned herein, is a police officer for the City of Vallejo and is sued in his individual and official capacity.

15. Defendant MARK THOMPSON was, and at all times mentioned herein, is a police officer for the City of Vallejo and is sued in his individual and official capacity.

16. Defendant JORDAN PATZER was, and at all times mentioned herein, is a police officer for the City of Vallejo and is sued in his individual and official capacity.

17. Defendant BRYAN GLICK was, and at all times mentioned herein, is a police officer for the City of Vallejo and is sued in his individual and official capacity.

18. Defendant ANTHONY ROMERO-CANO was, and at all times mentioned herein, is a police officer for the City of Vallejo and is sued in his individual and official capacity.

19. Defendant COLLIN EATON was, and at all times mentioned herein, is a police officer for the City of Vallejo and is sued in his individual and official capacity.

20. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control and in violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or

control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

21. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the City of Vallejo.

22. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

23. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

24. Plaintiffs timely filed a Government Tort Claim on March 18, 2019. The City of Vallejo did not respond to Plaintiffs' claims, which were rejected by operation of law on May 2, 2019.

## **STATEMENT OF FACTS**

25.  On Febuary 9, 2019, at approximately 10:30 p.m., a yet to be identified person found Decedent Willie McCoy slumped over the steering wheel of his car. Mr. McCoy's car was located in the Taco Bell drive through, located at 974 Admiral Callaghan Lane, in Vallejo, California.

26. Emergency services were called and Vallejo Police Department Officers were dispatched to the scene for a welfare check. City of Vallejo Police Department Officers Ryan McMahon, Anthony Romero-Cano, Mark Thompson, Jordan Patzer, Bryan Glick, Collin Eaton and other yet-to-be-identified Vallejo Police Officers arrived on scene, including one or more officers who were not wearing uniforms identifing them as police officers.

27. Mr. McCoy's car was located on private property and the assembled officers did not suspect Mr. McCoy of having commited any crime or infraction.

28. When Officers approached Mr. McCoy's car, they found him unconscious,

allegedly with a handgun on his lap without the magazine in it. Mr. McCoy's doors were allegedly locked; however, the passenger side window was missing and only had a thin piece of plastic covering it. Nothing but the thin piece of plastic prevented the Officers from opening and/or unlocking the passenger car door to remove the gun.

29. Inexplicably, at least six Vallejo Police Officers surrounded the **front** of the car despite their claim that Mr. McCoy's car was still in drive.

30. The Officers stood around the car instead of following their training and common sense, which would have directed them to take a position of safety behind their numerous patrol vehicles.

31. One of the Officers commanded his fellow officers to shoot Mr. McCoy if he moved and to not give Mr. McCoy a chance.

The Officers inexplicably gathered around Mr. McCoy's car but never attempted to wake him up or develop a plan to safely remove him from the car.

32. Instead, when Mr. McCoy, who had his eyes closed, scratched his shoulder and slumped forward in his seat, the Officers simultaenously screamed at Mr. McCoy to 'show his hands' while firing a barrage of ammunition into the sleeping man's body, striking him dozens of times.

33. Fifty-five rounds were fired at Mr. McCoy as he slept.

34. None of the Officers ever identified themselves as police officers prior to opening fire on Mr. McCoy.

35. The Officers' bullets struck Mr. McCoy in the head, ear, neck, chest, arms, shoulders, hands, and back. The gory scene prevented the McCoy family from being able to have an open casket at his funeral.

36. The Officers bungled the operation from start to finish. For the example, the Officers failed to: 1) develop a plan of action to ensure the safety of all persons involved; 2) make any attempt to unlock the car from the missing passenger side window and remove Mr. McCoy or the gun from the car; 3) retreat to a position of safety; 4) summon the SWAT or critical incident team; 5) summon supervisory staff to the scene in order to devise, manage and/or direct a sound plan of action; 6) identify themselves as police officers; 7) demonstrate proper gun handling procedures; or 8) reassess the perceived threat between each application of force.

37. Plaintiffs are informed and believe and thereon allege that the City of Vallejo, Chief Bidou, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline ANY of the Defendant Officers and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein, namely shooting a non-threatening person in violation of logic, policy, training and best practices. Their failure to discipline Defendant Officers and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive force and the fabrication of official reports to cover up the Defendant officer and DOES 1-25's inclusive, misconduct.

38. Plaintiffs are informed, believe and thereon allege that members of the City of Vallejo Police Department, including, but not limited to Defendant Officers and Does 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against Willie McCoy.

39. Plaintiffs are further informed, believe and therein allege that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of Vallejo, the CITY and CHIEF have allowed persons

to be abused by its Police Officers including Defendant Officers and Does 1-25 and/or each of them, individually and/or while acting in concert with one another.  The CHIEF is final decision makers for the police department as together they make the final decisions about discipline, training, supervision and development of constitutional policing.

40. Plaintiffs are informed, believe and therein allege that City of Vallejo Police Department exhibits a pattern and practice of using excessive force against citizens and despite these incidents, none of the Officers are ever found in violation of department policy, even under the most questionable of circumstances. Vallejo Police Department failure to discipline or retrain the Defendant Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of the Vallejo Police Department's failure to properly supervise its Officers and ratify their unconstitutional conduct. Plaintiffs are informed, believe and therin allege that the following instances are examples of the City of Vallejo's pattern and practice of condoning misconduct:

(a)  In May 2012, Mr. Anton Barrett, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of shooting an unarmed man. The City of Vallejo settled this case. (See US Eastern District Court Case No.: 2:13-cv-00846)

(b)  In 2012, Mr. Mario Romero, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of this incident. The City of Vallejo settled this case. (See US Eastern District Court Case No.: 2:13-cv-01072)

(c)  In 2012, Mr. Jeremiah Moore, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as

a result of this incident.  After having killed three men in five months, Officer Sean Kenney voluntarily left the department, but was later inexplicably rehired as a Homicide Detective, despite public outcry.

(d)    In August 2012, minor Jared Huey was shot and killed by a Vallejo Police Officer, after a pursuit. Mr. Huey was shot while unarmed with his hands up. Upon information and belief, none of the defendants involved in this case were disciplined or retrained. This case settled. (See 2:13-cv-00916)

(e)    In August 2015, Mr. Jimmy Brooks was having a mental health crisis when Vallejo Police Department Officers Spencer Munoz-Bottomly, Matthew Samida, Zach Jacobsen, James Duncan, Jesse Irwin, Ted Postolaki and Hicks contacted him. Instead of providing mental health services, the officers ended up breaking Mr. Brooks' ankle and fibula. No officers were disciplined or retrained as a result of this incident. This case settled. (See 2:16-cv-02376).

(f)    In January 2015, Mr. Jon Connelly was violently attacked by Vallejo Police Officer Bradley Phillips. During the incident, Officer Phillips threw Mr. Connelly to the ground and smashed his hand and wrist into the concrete with his boot, breaking the bones. In addition, Mr. Connelly suffered a torn rotator cuff and other injuries. Federal litigation ensued. Prior to the federal trial in this matter, Vallejo Police Officers threatened one of Mr. Connelly's family members. Mr. Connelly has experienced a pattern of harassment ever since speaking out about this incident. (See US Eastern District Court Case No.: 2:16-cv-1604)

(g)    In June 2015, Jason Anderson was pulled over by Vallejo Police Officers Herndon, Melville, and Coelho. Officers inexplicably tased and punched Mr.

Anderson multiple times. During the incident, Officers were caught on audio concocting a story to conceal their violations. No officers were disciplined or retrained as a result of this incident. Litigation is still ongoing. (See US Eastern District Court Case No.: 2:17-cv-00137)

(h)   In December 2015, Mr. Joseph Ledesma was brutally attacked without provocation by Vallejo Police Officers Robert Demarco and Amanda Blain on his own front lawn. Mr. Ledemsa suffered multiple fractures in both his arms due to Officer Demarco's vicious metal baton strikes. Officer Blain tased Mr. Ledesma multiple times and threatened to do the same to his wife. Mr. Ledesma was struck so many times the metal baton bent and had to be disgarded. In his official police report, Officer Demarco claimed he struck Mr. Ledesma only ONE TIME, despite the photographic evidence of numerous baton strikes on Mr. Ledesma's arms. Inexplicably, the officers did not use their body worn cameras until after they ceased using force. No one was disciplined or retrained as a result of this incident. During federal litigation related to this matter, Defendant Demarco provided a patently different fact statement under oath which contradicts the stated facts provided in his police report. He later recanted his new statement and adopted the statements made in his police report.  This case is set for trial in April 2020. (See 2:17-cv-0010)

(i)   In April 2016, Mr. Derrick Shields was attacked by multiple Vallejo Police Officers while lying face down on the ground. Officers kicked, punched, and struck him with a baton and flashlight. Mr. Shields was beaten unconscious and sustaiend a broken jaw and teeth as a result of this incident. Upon information and

belief, none of the officers involved in this incident were retrained or disciplined. (See US Eastern District Court Case No.: 2:16-cv-02399)

(j)   On January 23, 2017, Decedent Angel Ramos was shot to death by Vallejo Police Officer Zachary Jacobsen. The City of Vallejo Police Department issued a press release about the shooting death wherein they claimed Angel Ramos was shot because he was stabbing a child. This public release of knowingly inaccurate information was calculated to mislead the public and villify the decedent, in order to dissuade public outcry and conceal unlawful practices. Witness testimony and physical evidence belies the department's public claims and shows that Angel Ramos was shot while unarmed and engaged in a fist fight. Officer Jacobsen shot Angel Ramos from a place of obvious tactical disadvantage and did not activate his lapel camera, in violation of training and department policy. Officer Jacobsen was not disciplined or retrained as a result of this incident. This case is set for trial in October 2019. (See US Eastern District Court Case No.: 2:17-cv-01619)

(k)   In Feburary 2017, Mr. Michael Kennedy was lawfully videotaping an incident involving Vallejo Police Officers. The Officers demanded that Mr. Kennedy stop videotaping and arrested him in violation of his first amendment rights. Upon information and belief, officers were not disciplined or retrained as a result of this incident. A claim has been filed and litigation is currently stayed.

(l)   In March 2017, Mr. Nickolas Pitts was taking out his garbage when he was accosted by Vallejo Police Officers Ryan McLaughlin and Officer Kimodo. Mr. Pitts was commiting no crime or infraction. Nevertheless, the Officer violently threw into a light pole and ripped some of his dreadlocks from his head. Officers

falsely claimed to onlookers that Mr. Pitts was on parole, despite Mr. Pitts having no criminal record whatsoever. The Officers then proceeded to falsely arrest Mr. Pitts for resisting arrest. During the course of this incident Officers failed to activate their body worn cameras until after handcuffing Mr. Pitts. All charges were laterdismissed against Mr. Pitts and no officers were disciplined or retrained as a result of this incident. This case settled. (See US Eastern District Court Case No.:  2:17-cv-00988)

(m)   In March 2017, Mr. Dejuan Hall was viciously beaten by a Vallejo Police Officer while suffering a known mental health episode. Instead of providing assistance, a Vallejo PD Officer Spence Munoz-Bottomly punched Mr. Hall in the face multiple times and beat him with a flashlight. This incident was captured on video. Upon information and belief, no officers were disciplined or retrained as a result of this incident. The City of Vallejo settled this case in June 2019.

(n)   In July 2017, Mr. Carl Edwards was attacked by Vallejo Police Officers Spencer Muniz-Bottomley, Mark Thompson, Bretton Wagoner, Sgt. Steve Darden while fixing a fence. During this vicious beating, Mr. Edwards suffered head trauma consisting of a broken nose, a black eye, cuts to his face, arms, back, hands, head. The eye injury required that he get stitches over his right brow. This incident was also captured on video. Upon information and belief, none of the officers involved in this incident were disciplined or retrained. It should be noted that Sgt. Steve Darden has a number of unwarranted violent incidents with the public captured on video, including an incident where he attacked a crime victim.

Nevertheless, he remains part of the commmand staff. Litigation in this case is ongoing.

(o) On February 13, 2018, Decedent Ronell Foster was shot to death by Defendant Ryan McMahon, after being stopped for not having a headlight on his bicycle. The City of Vallejo Police Department issued a press release in response to this incident wherein they claimed Mr. Foster and Officer McMahon had a violent confrontation wherein Mr. Foster supposedly menacingly raised a flashlight in his hand, prompting Officer McMahon to fear for his life and open fire. The public release of knowingly inaccurate information was calculated to mislead the public and villify the decedent, in order to dissuade public outcry and conceal the police department's unlawful practices. Video evidence of the incident belies the department's public claims and shows Mr. Foster being shot in the back while attempting to flee from Officer McMahon, who was striking Mr. Foster in the head with a flashlight. Officer McMahon did not activate his body worn camera until after Mr. Foster was shot and killed. Officer McMahon was never disciplined or retrained after shooting an unarmed man in the back. This case is currently being litigated. (See US Eastern District Court No.: 2:18-cv-00673)

(p) In April 2018, Ms. Sherry Graff was at her home when Vallejo Police Officer Murphy arrived in response to a welfare check. Ms. Graff was lured out of her house for the purpose of being arrested. Ms. Graff was thrown down the stairs and abused so violently that her breasts were covered in fingerprints that were caused by being unlawfully groped. As a aresult of the attack, Ms. Graff required mutiple staples to repair the lacerations to her head. This incident was captured

on lapel camera video. No one was disciplined or retrained as a result of this incident. This case is currently being litigated. (See US Eastern District Case No.: 2:18-cv-02848);

(q) In August 2018, Angel Bagos was attacked by Vallejo Police Officers in front of a restaurant. Without cause, the Offciers knocked Mr. Bagos down, hog tied and severely beaten with a flashlight. Mr. Bagos was arrested but all charges were subsequently dropped. This incident was also caputed on video. Upon information and belief, none of the officers involved in this incident were disciplined or retrained. A claim has been filed in this matter and litigation is forthcoming.

(r) In October 2018, Delon Thurston was racially profiled and stopped by Vallejo Police Officer Kevin Barreto, without cause. After alleging that Ms. Thurston stole her own car; which had not been reported stolen, the Officers dragged her out of her own car which was parked in her own driveway and arrested her. In a blatant display of police power, abuse and depravity, the officer penetrated Ms. Thurston's vagina through her clothing. Ms. Thurston was arrested and taken to jail.  The District Attorney did not charge Ms. Thurston with a crime. Ms. Thurston had never been arrested prior to this incident. No one was disciplined or retrained as a result of this incident. A claim was filed with the City of Vallejo and litigation is forthcoming;

(s) In January 2019, Mr. Adrian Burrell was lawfully videotaping his cousin Michael Lawson, who was being held at gunpoint by Vallejo Police Officer David McLaughlin, for an alleged traffic violation. Mr. Burrell was standing on the porch of his own home, approximately 35 feet away from the officer. Vallejo

Police Officer David McLaughlin unlawfully demanded that Mr. Burrell go back into his house. When Mr. Burrell refused, Officer McLaughlin attacked Mr. Burrell, causing him to suffer a concussion and other injuries. Officer McLaughlin then placed him under arrest. Fortunately, the incident was captured on video and was the subject of international outrage. It was later learned that in August 2018, Officer David McLaughlin violently attacked a man in Walnut Creek on video, while off duty, which was known to the Chief of Police Andrew Bidou. Mr. Adrian Burrell met with Chief of Police Andrew Bidou following the incident. Despite seeing two videos of Officer McLaughlin engaging in two unprovoked violent attacks on innocent people, and other violent on duty incidents, Chief Bidou maintains that Officer McLaughlin was not a danger to the community;

(t)  In March 2019, Carlos Yescas was stopped by a Vallejo Police Department Lieutenant Nichelini for a minor traffic offense. The Lieutenant was in plain clothes and driving an unmarked car not suitable for transport. Lt. Nichelini failed to identify himself as a police officer and falsely accused Mr. Yescas of resisiting, because he was still wearing his seatbelt. Lt. Nichelini tried to drag Mr. Yescas out of the car while he was still in his seatbelt. Mr. Yescas was thrown onto the ground, while the Lieutenant kneeled down and onto his back. Mr. Yescas told the Lieutenant that he was unable to breath. Mr. Yescas was arrested. This incident was captured on video by Mr. Yescas' 10-year-old brother. To date, members of the Vallejo Police Department continue to follow, stop and harass the Yescas family. Upon information and belief, Lt. Nicholini was not disciplined or

retrained as a result of this incident. Mr. Yescas had never been arrested prior to this incident. A claim for this incident is forthcoming.

(u) On April 15, 2019, Deyana Jenkins and several young women were stopped by multiple Vallejo Police Officers without cause. Ms. Jenkins is the niece of Decedent Willie McCoy. The young women were held at gunpoint without cause. Ms. Jenkins was compliant; nevertheless, a yet-to-identified Officer dragged her out of the car, threw her on the ground and tased her.  Ms. Jenkins was arrested and taken to jail. The District Attorney refused to charge Ms. Jenkins with any crime related to this unlawful incident. Prior to this incident, Ms. Jenkins had never been arrested in her entire life. The incident was captured on bystander cellphone video. Upon information and belief, no officers were disciplined or retrained as a result of this incident. A claim has been filed and litigation is forthcoming.

(v) In May 2019, the City of Vallejo held a town hall forum for people to discuss the selection of a new Chief of Police. Nearly every single person in the room of approximately 100 people reported fear and concerns about the Vallejo Police Department. Individuals of every race, age, religion, sexual orientation and socioecomonic group presented their concerns about Vallejo Police Department's well-documented history of racial profiling, abuse, violence and intimidation of members of the community. Vallejo's City Manager Greg Nyhoff was present during the entire meeting and spoke to the room of people. Manager Nyhoff told the forum participants that he was the person untimately responsible for the Chief and the Department and that "the bucks stops with me [him]".

(w)  On June 25, 2019, Vallejo City Manager Greg Nyhoff spoke at a regularly scheduled City Council meeting.  Shockingly, Mr. Nyhoff publicly ratified the department's infamous history of violence and contravened the countless civil claims, civil complaints, videos, photos and testimonials from the community reporting unwarranted violence, abuse, false arrest, racial profiling and intimidation by denying that there is an excessive force problem with Vallejo Police Officers. "My opinion, those just don't seem like there's excessive use of force or a lot of use of force in our community," Nyhoff said. "There are people who resist," Nyhoff said. "There are people with mental illness who you just have to use force, sometimes for their own health or well being." Mr. Nyhoff's statements clearly seek to publicly ratify, encourage and condone the departments' well documented pattern and practice of gratuitous violence and unconstitutional policing. Mr. Nyhoff's statements regarding force being used on mentally ill individuals is in contrast to P.O.S.T. training, Vallejo Police Department policy, state and federal law and seeks to excuse unlawful behavior.

41. Plaintiffs are informed, believe and therein allege that City of Vallejo knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

42. Plaintiffs are ignorant of the true names and capacities of Defendant Deputies DOES 1 Through 25, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs are informed, believe, and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will

amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

43. As a proximate result of Defendants' conduct, Plaintiffs were mentally and emotionally injured and damaged, including but not limited to Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support as a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment.

44. Plaintiffs, as co-successors-in-interest to Decedent, WILLIE MCCOY, are entitled to recover damages pursuant to the Decedent's right of survivorship for the conscious pain and suffering Decedent endured as a result of the violation of Decedent's civil rights.

45. Plaintiffs found it necessary to engage the services of private counsel to vindicate the Decedent and Plaintiff's rights under the law. Plaintiffs are entitled to an award of reasonable attorney's fees and/or costs pursuant to statute(s) in the event that Plaintiff is the prevailing parties in this action under 42 U.S.C. Sections 1983, 1985, 1986, and 1988.

46. The conduct of the Defendant Police Officers was malicious, wanton, and oppressive. Plaintiffs, as co-successors-in-interest to Decedent Willie McCoy are therefore entitled to an award of punitive damages against said Defendant Officers.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Fourth Amendment –Survival Action - Excessive Force under 42 U.S.C. Section 1983)**

*(*All Plaintiffs as Co-Successors-in-Interest to Decedent WILLIE MCCOY Against Defendants MCMAHON, ROMERO-CANO, THOMPSON, PATZER, GLICK and EATON*)*

47. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 47 of this Complaint.

48. When Officers unlawfully shot and killed Decedent without lawful justification or warning, they deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution. The Defendant Officers' actions were excessive and unreasonable, especially because decedent was sleeping and officers were responding to a welfare check for an unconscious man slumped over the steering wheel. Decedent was forced to endure conscious pain and suffering from the deadly wound caused by Defendant Officers' conduct.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Fourteenth Amendment – Violations of Plaintiff's Right to Familial Relationship under 42 U.S.C. Section 1983)

(All Plaintiffs individually Against Defendants MCMAHON, ROMERO-CANO, THOMPSON, PATZER, GLICK and EATON)

49. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 48 of this Complaint.

50. Defendant acted under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship with their brother, by seizing Decedent by use of unreasonable and unjustifiable deadly force causing injuries that resulted in Decedent's death in violations of their rights secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**

(Plaintiffs as Co-Successors-in-Interest to Decedent WILLIE MCCOY Against Defendant CHIEF, CITY and Does 26-50)

51. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1-50 of this complaint.

52. Plaintiffs are informed and believes and thereon alleges that high-ranking CITY officials, Police Chief Andrew Bidou and DOES 1-50, and/or each of them, knew and/or reasonably should have known that Vallejo Police Officers are inadequately trained and historically engage in actions contrary to state law, federal law, and department policy, as described above.

53. Plaintiffs are informed and believes and thereon alleges that high-ranking CITY officials, Police Chief Andrew Bidou, and DOES 1-50, and/or each of them, knew and/or reasonably should have known that their officers are inadequately supervised, resulting in a lack of discipline and failure to retrain and involved officers after officer engage in conduct contrary to state law, federal law, and department policy, as described above.

54. Despite having such notice, Plaintiffs are informed and believes and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the employment of inadequately trained police officers that engage in actions contrary to state law, federal law, and department policy, as described above.

55. Plaintiffs are informed and believe and thereon allege that high ranking CITY officials, including Defendants, Chief Andrew Bidou, and DOES 1-50, and/or each of them, knew and/or reasonably should have known that supervisory and training staff, up to and

including the Chief of Police, failed to adequately supervise, discipline and retrain officers who were blatantly violating state law, federal law and department policy.

56. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the failure to adequately supervise officers. Defendants went so far as to publicly criticizie media outlets for broadcasting true and accurate information about incidents of excessive force.

57. Despite having such notice, Defendants Chief Andrew Bidou, and DOES 26-50, and/or each of them, publicly and openly deny the existence of any ongoing and systemic violence and/or unlawful conduct perpetrated, orchestrated and covered-up by City of Vallejo Police Department staff, and thereby approve, ratify, condone, encourage and/or tacitly authorize unlawful behavior.

58. The injuries and damages to Decedent and Plaintiffs as alleged herein were the Foreseeable and proximate result of said inadequate training and/or inadequate supervision of Defendants and/or DOES 1-50 in his/their capacity as police officers for the CITY, and each of them.

59. Plaintiffs are informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training and supervision of the Defendants and/or DOES 1-50 in his/their capacity as police officers for the CITY.

60. The aforementioned failure to train and/or supervise Defendants and/or DOES 1-50 in his/their capacity as police officers for the CITY, and each of them, resulted in the deprivation of Decedent and Plaintiffs' constitutional rights including, but not limited to, violations of the

Fourth and Fourteenth Amendment.

61. The aforementioned inadequate training and supervision of officers resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

      a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

      b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution, and;

      c.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

62. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Negligence)

(All Plaintiffs as Co-Successors-in-Interest to Decedent WILLIE MCCOY Against Defendants MCMAHON, ROMERO-CANO, THOMPSON, PATZER, GLICK and EATON)

63. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 62 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

64. Defendant Officers and DOES 1-25 inclusive, by and through their respective agents and employees, caused devastating and fatal injuries to Willie McCoy, as a result of their negligent conduct and/or negligent failure to act as set-forth herein, including, but not limited to: failure to

use proper tactics and/or employ reasonable police procedures and/or use appropriate force.

65. As an actual and proximate result of said defendants' negligence, Plaintiff sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Violation of CALIFORNIA CIVIL CODE §52.1)

(All Plaintiffs as Co-Successors-in-Interest to Decedent WILLIE MCCOY Against Defendants MCMAHON, ROMERO-CANO, THOMPSON, PATZER, GLICK and EATON)

66. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 65 of this Complaint.

67. Defendant DOES' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Willie McCoy's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Battery)

(All Plaintiffs as Co-Successors-in-Interest to Decedent WILLIE MCCOY Against Defendants MCMAHON, ROMERO-CANO, THOMPSON, PATZER, GLICK and EATON)

68. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 67 of this complaint.

69. Defendants' above-described conduct constituted a battery.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## **JURY DEMAND**

70. Plaintiff hereby demands a jury trial in this action.

## **PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

1.       For injunctive relief, including but not limited to enjoining the Vallejo Police Department from engaging in unconstitutional policing, that an independent monitor be assigned to supervise and evaluate whether the unconstitutional policing has stopped;

2.       For general damages in a sum to be proven at trial;

3.       For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

4.       For punitive damages against the individual officers in a sum according to proof;

5.       For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a);

6.       Any and all permissible statutory damages;

7.       For cost of suit herein incurred; and

8.       For such other and further relief as the Court deems just and proper.

February 5, 2020                              **Law Offices of John L. Burris**


                                             ___**/s/  John L. Burris**_____
                                             John L. Burris
                                             Attorneys for Plaintiffs