**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**MELISSA NOLD, Esq., SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, California 94621
Telephone:   (510) 839-5200
Facsimile:   (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com
Melissa.Nold@johnburrislaw.com

Attorneys for Plaintiffs


**RANDY J. RISNER**
Interim City Attorney, SBN 172552
CITY OF VALLEJO, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel:   (707) 648-4545
Fax:   (707) 648-4687


**DALE L. ALLEN, JR.**, State Bar No. 145279
dallen@aghwlaw.com
**JOHN B. ROBINSON**, State Bar No. 297065
jrobinson@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:   (415) 697-2000
Facsimile:   (415) 813-2045

Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU; GREG NYHOFF; RYAN MCMAHON; MARK THOMPSON;
BRYAN GLICK; ANTHONY CANO; COLIN EATON; and JORDON PATZER

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORI MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; MARC MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; LOUIS MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; SHAWNMELL MITCHELL, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; and MARQUITA MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY,<br><br>        Plaintiffs,<br>v.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, Chief of Police for the City of Vallejo, in his individual capacity; RYAN MCMAHON, individually and in his capacity as a City of Vallejo Police Officer; MARK THOMPSON, individually and in his capacity as a City of Vallejo Police Officer; BRYAN GLICK, individually and in his capacity as a City of Vallejo Police Officer; ANTHONY ROMERO-CANO, individually and in his capacity as a City of Vallejo Police Officer; COLLIN EATON, individually and in his capacity as a City of Vallejo Police Officer; JORDAN PATZER, individually and in his capacity as a City of Vallejo Police Officer and DOES 1-50, inclusive.<br><br>        Defendants. | Case No.: 2:19-cv-01191-JAM-CKD<br><br>JOINT STATUS REPORT |

1. **Brief Summary of the Claims**

    a. **Plaintiff's Summary**

   On Febuary 9, 2019, at approximately 10:30 p.m., a yet to be identified person found

- 2 -

Decedent Willie McCoy slumped over the steering wheel of his car. Mr. McCoy's car was located in the Taco Bell drive through, located at 974 Admiral Callaghan Lane, in Vallejo, California.

Emergency services were called and Vallejo Police Department Officers were dispatched to the scene for a welfare check. City of Vallejo Police Department Officers Ryan McMahon, Anthony Romero-Cano, Mark Thompson, Jordan Patzer, Bryan Glick, and Collin Eaton arrived on scene, including one or more officers who were not wearing uniforms identifing them as police officers.

Mr. McCoy's car was located on private property and the assembled officers did not suspect Mr. McCoy of having commited any crime or infraction. When Officers approached Mr. McCoy's car, they found him unconscious, allegedly with a handgun on his lap without the magazine in it. Mr. McCoy's doors were allegedly locked; however, the passenger side window was missing and only had a thin piece of plastic covering it. Nothing but the thin piece of plastic prevented the Officers from opening and/or unlocking the passenger car door to remove the gun.

Inexplicably, at least six Vallejo Police Officers surrounded the **front** of the car despite their claim that Mr. McCoy's car was still in drive. The Officers stood around the car instead of following their training and common sense, which would have directed them to take a position of safety behind their numerous patrol vehicles.

One of the Officers commanded his fellow officers to shoot Mr. McCoy if he moved and to not give Mr. McCoy a chance. The Officers inexplicably gathered around Mr. McCoy's car but never attempted to wake him up or develop a plan to safely remove him from the car.

Instead, when Mr. McCoy, who had his eyes closed, scratched his shoulder and slumped forward in his seat, the Officers simultaenously screamed at Mr. McCoy to 'show his hands' while firing a barrage of ammunition into the sleeping man's body, striking him dozens of times.

Fifty-five rounds were fired at Mr. McCoy as he slept. None of the Officers ever identified themselves as police officers prior to opening fire on Mr. McCoy.

The Officers' bullets struck Mr. McCoy in the head, ear, neck, chest, arms, shoulders, hands, and back. The gory scene prevented the McCoy family from being able to have an open casket at his funeral.

The Officers bungled the operation from start to finish. For the example, the Officers failed to: 1) develop a plan of action to ensure the safety of all persons involved; 2) make any attempt to unlock the car from the missing passenger side window and remove Mr. McCoy or the gun from the car; 3) retreat to a position of safety; 4) summon the SWAT or critical incident team; 5) summon supervisory staff to the scene in order to devise, manage and/or direct a sound plan of action; 6) identify themselves as police officers; 7) demonstrate proper gun handling procedures; or 8) reassess the perceived threat between each application of force.

Plainiffs further allege that the City of Vallejo has engaged in a pattern and practice of failing to supervise its employees and failure to discipline/retrain its employees who violate their training and policies. Plaintiffs further allege that said failure to supervise, discipline or retrain amounts to ratification of officer misconduct.

### b. Defendants Summary

On February 9, 2019 at approximately 10:30 pm, Vallejo Police responded to a 911 call made by Taco Bell employees regarding a driver passed out in the drive through lane of the restaurant. All responding officers activated their body worn cameras. The defendant officers arrived and found a seemingly unconscious man, decedent Willie McCoy, in the driver's seat

with a handgun on his lap. There were no other occupants in Mr. McCoy's vehicle.

With handguns drawn, the defendant officers discussed a plan to handle the situation. They requested backup units and three more defendant officers responded. The officers can be heard discussing a plan to quickly open the door and grab the gun while other officers provide cover. Before they could open the door, Mr. McCoy woke up and can be seen scratching his shoulder with his right hand. The officers immediately yelled for Mr. McCoy to show his hands. Instead, Mr. McCoy dropped his right hand to his lap and the gun. He then made movements bringing his right hand up from his lap. Each defendant officer fired at Mr. McCoy believing he was going to attempt to shoot at them. The gunfire lasted 4 seconds.

The investigation determined the firearm in Mr. McCoy's lap was loaded with an extended magazine and one round in the chamber.

1. **Status of Service Upon All Defendants and Cross Defendants**

   All named defendants have been served and there are no anticipated cross defendants.

2. **Possible Joinder of Additional Parties**

   The parties do not anticipate joinder of additional parties.

3. **Contemplated Amendment to the Pleadings**

   The parties do not anticipate the need for an amendment to the pleadings at this time.

4. **Statutory Basis of Jurisdiction and Venue**

   The Court has subject matter jurisdiction based on Title 28, United States Code, sections 1331 and 1343. Venue is proper, as the actions giving rise to the complaint occurred with the City of Vallejo, California.

5. **Protective Order**

   The parties anticipate the need for a Protective Order relating to the production of information that raise confidentiality or privacy concerns. The parties contemplate submitting a joint proposed Protective Order.

6. **Complete and Detailed Discovery Plan Agreed to By All Counsel**

The parties do not anticipate changes in the timing, form, or requirement for disclosures under Rule 26(a). The parties do not need to take discovery outside of the United States.

The parties propose the following dates with respect to discovery and trial:

| Activity | Proposed Date |
| --- | --- |
| Deadline to Add Parties or Amend the Pleadings per FRCP 16(b)(3)(A) | July 1, 2020 |
| Initial Disclosures | June 15, 2020 |
| Fact Discovery Deadline | May 7, 2021 |
| Expert Discovery Deadline | June 18, 2021 |
| Expert Rebuttal Discovery Deadline | July 16, 2021 |
| Dispositive Motion Deadline | September 17, 2021 |
| Pre-Trial Conference | November 5, 2021 |
| Trial | November 29, 2021 |

7. **Proposed Modifications of Standard Pretrial Proceedings**

The parties do not anticipate any modifications of the standard pretrial proceedings.

8. **Settlement Statement and Conference**

The parties will discuss the possibility of early settlement.

The parties agree that a Court-convened settlement conference would be appropriate. The parties will be evaluating whether to utilize a magistrate judge or private mediator.

9. **Jury or Non-Jury Trial**

All parties request a jury trial.

10. **Estimated Length of Trial**

The parties anticipate a 14-day trial, as a result of the extensive *Monell* litigation. This estimate is subject to change, depending on information obtained in discovery and the outcome of dispositive motions.

11. **Bifurcation or Phasing of Trial**

The plaintiffs do not request bifurcation or phasing of the trial. Defendants request bifurcation of punitive damages.

12. **Consent to Magistrate**

The parties do not consent to trial before the Magistrate Judge and magistrate jurisdiction for all purposes.

13. **Statement of Related Cases**

The parties are currently litigating five matters wherein Plaintiffs maintain identical allegations of *Monell* liability against the City of Vallejo. Plaintiffs have suggested relating the *Monell* litigation for judicial efficiency and to prevent the parties from litigating the identical facts five times with varying results, as seen in Defendants five (5) F.R.C.P. 12 (b)(6) motions for identical issues. Defendants have declined to relate the matters for the purpose of *Monell* litigation.

14. **Statement by Any Nongovernmental Corporate Parties**

This section does not apply to defendants because defendants are not a non-governmental corporation.

15. **Misc.**

Plaintiffs' counsel anticipates needing an order from the court directing Defendant City of Vallejo Police Department employees to refrain from annoying, intimidating, and harassing Plaintiffs' counsel. It is counsel's belief they are being harassed to deter them from vindicating their client's rights. Counsel Nold and Pointer are currently litigating six cases against Vallejo Police Officers. In October 2019, City of Vallejo Police Department Lieutenant Michael Nichelini was conducting covert, illegal surveillance and taking photos of Attorney

Nold, at a Vallejo City Council meeting. In January 2020, Lt. Nichelini attempted to physically intimidate Attorney Nold at a Vallejo City Council meeting. Lt. Nichelini, by way of the Vallejo Police Officer Association, has continued to harass Attorney Nold online and frequently screenshots images which are posted on the Association page which include character attacks and misinformation. The Association page is believed to be in control of. Lt. Nichelini, who is the President of the Vallejo Police Officer Association, a group comprised solely of City of Vallejo Police Department staff. Attorney Nold notified City of Vallejo City Attorney Claudia Quintero of these issues and demanded the City prevent its employees from trying to intimidate and harass an officer of the court. Attorney Nold has filed two formal complaints related to these issues and is preparing a third. There are two ongoing Internal Affairs investigations into Lt. Nichelini's conduct. Despite the two current Internal Affairs investigations into complaints of intimidation and harassment, on May 26, 2020, the Association page made a public post implying that Attorneys Nold and Pointer are criminals. Plaintiffs counsel expects to be permitted to perform their duties without being subject to intimidation and harassment.

    Defendants' counsel will respond accordingly if and when plaintiffs' counsel files or requests such order from the Court.  Counsel for defendants is not in a position to confirm or address the validity of the allegations by plaintiffs' counsel.  However, both parties agree that attorneys and their agents should be able to perform their duties without being subject to intimidation and harassment.

Respectfully submitted,

Dated:  May 29, 2020                  THE LAW OFFICES OF JOHN L. BURRIS

By:    */s/ Melissa C. Nold*
      JOHN L. BURRIS
      ADANTE D. POINTER
      MELISSA C. NOLD

Dated: May 29, 2020

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP


By: */s/ John B. Robinson*
     DALE L. ALLEN, JR.
     JOHN B. ROBINSON
     Attorneys for Defendants