RANDY J. RISNER
Assistant City Attorney, State Bar No. 172552
Email: randy.risner@cityofvallejo.net
KATELYN M. KNIGHT
Assistant City Attorney, State Bar No. 264573
Email:  katelyn.knight@cityofvallejo.net
**CITY OF VALLEJO**
555 Santa Clara Street
Vallejo, California 94590
Telephone:  (707) 648-4545
Facsimile:   (707) 648-4687

MICHAEL G. COLANTUONO, State Bar No. 143551
MColantuono@chwlaw.us
ANDREW C. RAWCLIFFE, State Bar No. 259224
ARawcliffe@chwlaw.us
NIKHIL S. DAMLE, State Bar No. 297350
NDamle@chwlaw.us
**COLANTUONO, HIGHSMITH & WHATLEY, PC**
420 Sierra College Drive, Suite 140
Grass Valley, California 95945-5091
Telephone:  (530) 432-7357
Facsimile:   (530) 432-7356

Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, MARK THOMPSON, BRYAN GLICK, ANTHONY ROMERO-CANO, COLLIN EATON, and JORDON PATZER

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORI MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; MARK MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; LOUIS MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; SHAWNMELL MITCHELL, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; and MARQUITA MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, Chief of Police for the City of Vallejo, in his individual capacity; RYAN MCMAHON, individually and in his capacity as a City of Vallejo Police Officer; MARK THOMPSON, individually and in his capacity as a City of Vallejo Police Officer; | **CASE NO.: 2:19-cv-01191-JAM-CKD**<br><br>Assigned to the Hon. John A. Mendez<br><br>**DEFENDANTS CITY OF VALLEJO, FORMER CHIEF OF POLICE ANDREW BIDOU, POLICE OFFICERS MARK THOMPSON BRYAN GLICK, ANTHONY ROMERO-CANO, COLLIN EATON, AND JORDON PATZER'S MOTION TO STAY PROCEEDINGS, AND TO BIFURCATE TRIAL AND PHASE DISCOVERY ON *MONELL* CLAIMS**<br><br>**FED. R. CIV. P., RULES 42(B), 26(C)**<br><br>Hearing Date:     February 9, 2021<br>Hearing Time:    1:30 p.m.<br>Location:            Courtroom 6, 14th floor |

| | |
|---|---|
| BRYAN GLICK, individually and in his capacity as a City of Vallejo Police Officer; ANTHONY ROMERO-CANO, individually and in his capacity as a City of Vallejo Police Officer; COLLIN EATON, individually and in his capacity as a City of Vallejo Police Officer; JORDON PATZER, individually and in his capacity as a City of Vallejo Police Officer and DOES 1-50, inclusive.<br><br>    Defendants. | Complaint Filed:  June 27, 2019<br>FAC Filed:  February 5, 2020<br>Trial Date:  January 10, 2022<br>Discovery Cut-off:  July 16, 2021<br>Motion Cut-off:  August 31, 2021 |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................9

I. INTRODUCTION .........................................................................................................................9

II. STATEMENT OF FACTS .........................................................................................................10

III. ARGUMENT ..............................................................................................................................12

    A. The Court Should Stay this Case Pending the Criminal Investigation ........................12

    B. The Court Should Bifurcate Trial and Discovery of the
Individual Officers' Liability from the *Monell* Claim and Damages ........................14

        1. Bifurcation Will Prevent Juror Confusion and Prejudice
to the Officer Defendants ...........................................................................................16

        2. Bifurcation Will Promote Convenience and Economy ................................17

        3. The Claims to be Bifurcated Involve Separate Issues ..................................18

        4. The Court Should Stay *Monell* Discovery Until
After a Liability Phase ...............................................................................................19

IV. CONCLUSION ..........................................................................................................................20

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*A.J.B. v. Cnty. of Riverside*,
   No. 513CV02352SVWFFM, 2014 WL 12591807
   (C.D. Cal. Mar. 4, 2014) ..................................................................................................... 19

*Austin v. Los Angeles*,
   No. 219CV10031SVWJPR, 2020 WL 4772379
   (C.D. Cal. May 18, 2020) ................................................................................................... 19

*Baxter v. Palmigiano*,
   425 U.S. 308 (1976) ........................................................................................................... 13

*Boyd v. City and Cnty. of San Francisco*,
   No. C-04-5459 MMC, 2006 WL 680556
   (N.D. Cal. Mar. 14, 2006) ............................................................................................ 15, 19

*Calmar, Inc. v. Emson Research, Inc.*,
   850 F. Supp. 861 (C.D. Cal. 1994) ..................................................................................... 15

*Carr v. City of North Chicago*,
   908 F. Supp.2d 926 (N.D. Ill. 2012) ................................................................................... 10

*City of Los Angeles v. Heller*,
   475 U.S. 796 (1986) ..................................................................................................... 10, 17

*City of Newport v. Fact Concerts, Inc.*,
   453 U.S. 247 (1981) ........................................................................................................... 17

*Danjaq LLC v. Sony Corp.*
   263 F.3d 942 (9th Cir. 2001) .............................................................................................. 14

*Estate of Diaz v. City of Anaheim*
   840 F.3d 592 (9th Cir. 2016) .............................................................................................. 14

*Douglas v. United States*,
   No. C 03-04518 JW, 2006 WL 2038375
   (N.D. Cal. July 17, 2006) ................................................................................................... 14

*eBay, Inc. v. Digital Point Sols., Inc.*,
   No. C 08-4052 JF (PVT), 2010 WL 702463
   (N.D. Cal. Feb. 25, 2010) ............................................................................................. 13, 14

*Ellingson Timber Co. v. Great Northern Ry. Co.*,
   424 F.2d 497 (9th Cir. 1970) .............................................................................................. 19

*Fairley v. Luman,*
   281 F.3d 913 (9th Cir. 2002) .............................................................................................. 17

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*,
  889 F.2d 899 (9th Cir.1989) ..................................................................................................12

*Fernandez v. Obesity Research Inst., LLC*,
  No. 2:13-CV-00975-MCE, 2013 WL 4587005
  (E.D. Cal. Aug. 28, 2013) ....................................................................................................19

*Figueroa v. Gates*,
  207 F.Supp.2d 1085 (CD. Cal. 2002) ..................................................................................18

*Estate of Gonzalez v. Hickman*,
  No. 05-00660 MMM (RCX), 2007 WL 3237635
  (C.D. Cal. June 28, 2007) ....................................................................................................16

*Graham v. Connor*,
  490 U.S. 386 (1989) .............................................................................................................18

*Green v. Baca*,
  226 F.R.D. 624 (C.D. Cal. 2005) .........................................................................................10

*Green v. Cnty. of Los Angeles*,
  No. 2:12-CV-06007-CAS, 2014 WL 174988
  (C.D. Cal. Jan. 16, 2014) .....................................................................................................18

*Hirst v. Gertzen*,
  676 F.2d 1252 (9th Cir. 1982) ........................................................................................14, 18

*Hwang v. City & Cnty. of San Francisco*,
  No. C07-2718MMC, 2008 WL 4447708
  (N.D. Cal. Sept. 30, 2008) ...................................................................................................16

*Jones v. Conte*,
  No. C 045312S1, 2005 WL 1287017
  (N.D. Cal. Apr. 19, 2005) ....................................................................................................13

*Kaur v. City of Lodi*,
  263 F.Supp.3d 947 (E.D. Cal. 2017) ....................................................................................18

*Keating v. Office of Thrift Supervision*,
  45 F.3d 322 (9th Cir. 1995) ..................................................................................................12

*Kelly v. City of San Jose*,
  114 F.R.D. 653 (N.D. Cal. 1987) .........................................................................................20

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .............................................................................................................12

*Estate of Levingston v. County of Kern*,
  320 F.R.D. 520 (E.D. Cal. 2017) .........................................................................................12

*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir.1979) .................................................................................................12

*Martinez v. City of Stockton*,
    132 F.R.D. 677 (E.D. Cal. 1990) ...................................................................................17

*McCormick v. Rexroth*,
    No. C 09-4188 JF, 2010 WL 934242
    (N.D. Cal. Mar. 15, 2010) ............................................................................................12

*Monell v. Dept. of Social Services*,
    436 U.S. 658 (1978) .............................................................................................. *passim*

*Morales v. Irizarry*,
    No. 95 CIV. 5068, 1996 WL 609416
    (S.D.N.Y. Oct. 22, 1996) .............................................................................................19

*Motley v. City of Fresno, Cal.*,
    No. 115CV00905DADBAM, 2020 WL 3642502
    (E.D. Cal. July 6, 2020) ...............................................................................................16

*Osborne v. City of Upland*,
    No. 5:13-cv-02150-SVW-AS, 2015 WL 1608602
    (C.D. Cal. Apr. 8, 2015) .........................................................................................15, 17

*Perkins v. City and Cnty. of San Francisco*,
    No. 16-cv-06814-HSG, 2017 WL 1540736
    (N.D. Cal. Apr. 28, 2017) ............................................................................................18

*Quintanilla v. City of Downey*,
    84 F.3d 353 (9th Cir. 1996) ..........................................................................11, 14, 15, 16

*Reese v. Cnty. of Sacramento*,
    888 F.3d 1030 (9th Cir. 2018) .....................................................................................18

*Reyna v. Cnty. of Los Angeles*,
    No. CV 19-2629 PA, 2019 WL 6357251
    (C.D. Cal. Sept. 23, 2019) ............................................................................................19

*SEC v. Dresser Indus.*,
    628 F.2d 1368 (D.C. Cir. 1980) .............................................................................13, 14

*Stringer v. City of San Pablo*,
    No. C 07-03544 MEJ, 2009 WL 5215396
    (N.D. Cal. Dec. 28, 2009) ............................................................................................15

*Vazquez v. City of Long Beach*,
    No. CV 12-9923 PJW, 2016 WL 9114912
    (C.D. Cal. Apr. 19, 2016) ............................................................................................15

*Williams v. City of Long Beach*,
    No. 2:19-cv-05929-ODW, 2020 WL 4429356
    (C.D. Cal. July 31, 2020) .................................................................................12, 15, 19

*Wroth v. City of Rohnert Park*,
    No. 17-cv-05339-JSP, 2018 WL 888466
    (N.D. Cal. Feb. 14, 2018).............................................................................................13

**State Cases**

*Edson v. City of Anaheim*,
  63 Cal.App.4th 1269 (1998) ...................................................................................................18

**Federal Statutes**

42 U.S.C. § 1983..................................................................................................................................10

**State Statutes**

Cal. Gov't Code, § 815.2(a)................................................................................................................17

Cal. Pen. Code, § 245, subd.(a)..........................................................................................................13

Cal. Civil Code, § 52.1...........................................................................................................9, 10, 18

**Rules**

Fed. R. Civ. P., Rule 26(c)............................................................................................................14, 19

Fed. R. Civ. P., Rule 42 ......................................................................................................................14

Fed. R. Civ. P., Rule 42(b)...........................................................................................................10, 19

Fed. R. Evid. 404(a) ............................................................................................................................16

**Constitutional Provisions**

Fifth Amendment ........................................................................................................... *passim*

Fourteenth Amendment .....................................................................................................................18

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 9, 2021 at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 6 of the above-entitled Court, located at 501 "I" Street, Sacramento, CA 95814, Defendants City of Vallejo, Former Chief of Police Andrew Bidou, Officer Mark Thompson, Officer Bryan Glick, Officer Anthony Romero-Cano, Officer Collin Eaton, and Officer Jordon Patzer will and hereby do, move this Court for an order staying proceedings in the interests of justice pending the conclusion of a special prosecutor's criminal review or, in the alternative, bifurcating trial under Federal Rules of Civil Procedure, Rule 42(b) and staying discovery under Federal Rules of Civil Procedure, Rule 26(c).

This Motion is based on the following grounds:

1) The officer defendants are under investigation by a special prosecutor for the death of Decedent Willie McCoy, and the Court should use its inherent authority to stay this civil case to protect the officers' Fifth Amendment rights. Alternately, the Court may exercise its authority to, at a minimum, preclude depositions of the defendant officers until the special prosecutor completes his investigation;

2) In the absence of that stay, or when it is lifted, the Court should bifurcate trial of the officers' individual liability from the City's liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). This phasing is necessary to prevent unfair prejudice and jury confusion, and to promote judicial economy and convenience. To limit unnecessary time and expense to the Parties, the Court should also phase discovery, staying discovery on the *Monell* claims until the liability of the officers as individuals is resolved.

Pursuant to this Court's standing order, Defense counsel discussed these issues with Plaintiffs' counsel on November 24, 2020 and subsequently sent meet and confer letters to Plaintiff's counsel on December 8 and 17, 2020, but counsel were unable to resolve these issues informally.

DATED: December 21, 2020

**COLANTUONO, HIGHSMITH & WHATLEY, PC**

*/s/ Andrew C. Rawcliffe*
MICHAEL G. COLANTUONO
ANDREW C. RAWCLIFFE
NIKHIL S. DAMLE
Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights action stems from the death of Willie McCoy in an officer-involved shooting on February 9, 2019 in Vallejo. Plaintiffs Kori McCoy, Marc McCoy, Louis McCoy, Shawnmell Mitchell, and Marquita McCoy, suing individually and in their capacities as co-successor-in-interest to decedent Willie McCoy, claim the deadly force was excessive, violated California's Bane Act, California Civil Code, § 52.1, and resulted from negligent tactics. The First Amended Complaint ("FAC") names Vallejo Police Officers Anthony Romero-Cano, Collin Eaton, Jordon Patzer, Mark Thompson, Bryan Glick, and Ryan McMahon (collectively, the Officer Defendants) in each cause of action. The FAC also pleads a *Monell* claim against the City of Vallejo and former Chief Andrew Bidou, in his official capacity, alleging Mr. McCoy's death was part of a pattern and practice of similar violations.

The City, former Chief Bidou, and the Officer Defendants move to stay proceedings and discovery pending completion of a pending criminal investigation or, alternatively, to bifurcate and defer trial of and discovery as to the *Monell* claims. The Solano County District Attorney has appointed former San Bernardino District Attorney Michael Ramos as special prosecutor to review this incident and to determine whether to file criminal charges against some or all of the Officer Defendants. That review is ongoing, and civil proceedings should await Mr. Ramos' determination regarding whether to bring charges. Proceeding with the civil case — particularly allowing discovery — while that review is pending may violate the Defendant Officers' Fifth Amendment rights. While this Court might limit discovery, rather than imposing a complete stay, Defendants urge a complete stay pending completion of the criminal investigation as the most efficient and effective remedy that allows for efficient litigation here while protecting the Defendant Officer's rights. While no definitive date for completion of the criminal investigation is known, Defendants expect findings in the next six months.

Absent a complete stay, or when it is lifted, the Court should bifurcate trial of the Officer Defendants' individual liability from the City's asserted liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Plaintiffs seek to introduce evidence of 23 other incidents they claim

establish an informal City policy and practice of excessive force that should have prompted discipline and retraining. (FAC, ¶¶ 40, 51–62.) Such evidence would seriously and unfairly prejudice any jury, which must first determine the Officer Defendants' liability. *See, e.g.*, *Green v. Baca*, 226 F.R.D. 624, 633–634 (C.D. Cal. 2005) (bifurcating *Monell* issues under Rule 42(b) "in the interest not only of convenience and judicial economy but also the avoidance of potential prejudice and confusion"). Plaintiffs' *Monell* claim depends on an underlying constitutional violation by the Defendant Officers. *City of Los Angeles v. Heller*, 475 U.S. 796, 700 (1986) (because police officer did not violate plaintiff's rights, no need to determine whether it reflected custom or policy). Should the Defendant Officers prevail on the claims against them individually, the *Monell* claim need not be tried.

Likewise, the Court should stay discovery on the *Monell* claims. Plaintiffs have propounded highly burdensome discovery on their *Monell* claims, which will be irrelevant and improper absent a finding of an underlying constitutional violation. If and when there is such a finding, discovery on and trial of the *Monell* claim can proceed. Phasing trial and staying *Monell* discovery are common in cases like this. E.g., *Carr v. City of North Chicago*, 908 F. Supp.2d 926 (N.D. Ill. 2012). So, too, is it necessary to eliminate potentially unnecessary trial preparation and discovery costs, which would otherwise be borne by the public fisc.

## II.   STATEMENT OF FACTS

This suit stems from the shooting of Willie McCoy on February 9, 2019 at a Taco Bell in Vallejo by five City police officers. The incident is captured on the officers' body cameras. McCoy's siblings sue, claiming inter alia that deadly force was excessive and resulted from negligent tactics. Plaintiffs allege (1) a 42 U.S.C. § 1983 claim, (2) a 42 U.S.C. § 1983 claim for denial of familial relationship, (3) negligence, (4) battery and (5) violation of California's Bane Act, California Civil Code, § 52.1. FAC, ¶¶ 47–50, 63–69. They name Officers Anthony Romero-Cano, Collin Eaton, Jordon Patzer, Mark Thompson, Bryan Glick, and Ryan McMahon,[1] who allegedly shot McCoy

---

[1] Angelo, Kilday & Kilduff, LLP represents former Officer McMahon.

while he slept in his car in the Taco Bell's drive-through. The complaint admits McCoy had a handgun in his lap, but claims the magazine was removed. (FAC, ¶ 2.) It also alleges officers failed to take positions of safety and/or develop a plan to safely remove McCoy from his car. (FAC, ¶ 2.) Finally, it alleges an officer directed others to shoot McCoy if he moved, and officers followed those directions by fatally shooting McCoy when he slumped forward while unconscious. (FAC, ¶ 2.) Plaintiffs seek general, special, and punitive damages against the Officer Defendants. (FAC, p. 25.)

The complaint also names former Chief of Police Andrew Bidou in his personal capacity under a failure-to-supervise theory. (FAC, ¶ 37.) McCoy's siblings plead a *Monell* claim against the City and Bidou, in his official capacity, alleging a pattern and practice of similar violations. (FAC, ¶¶ 40, 51–62.) The complaint alleges 23 other incidents of excessive force, claiming these evidence an informal City policy and practice of excessive force that should have prompted discipline and retraining. (FAC, ¶ 40.) McCoy alleges the City was deliberately indifferent to that policy and practice. The Complaint also alleges the City Manager ratified this custom and practice at a May 2019 community meeting and a June 25, 2019 City Council meeting. (FAC, ¶ 3.)

The City completed an internal affairs investigation. The Solano County District Attorney then began an investigation, but recused herself, appointing special prosecutor Michael Ramos, whose review is ongoing. Historically, review of such cases takes about a year, possibly eighteen months, from exchange of case file to findings. The Vallejo Police Department referred the case file to the District Attorney in August 2020. (Declaration of Det. Matthew Mustard ("Mustard Decl."), ¶¶ 2–3.)

Plaintiffs have propounded extensive discovery on the *Monell* claim, including document requests and deposition notices. Inter alia, they seek the last five years of records of all complaints, government claims, or internal affairs investigations of excessive force, false arrest, intimidation, harassment, conduct unbecoming of an officer, or fabrication of official records. (Rawcliffe Decl., Exh. A at 8. [Plaintiff's Request for Production — Set One].) They seek to depose the Mayor and City Manager. (*Id.*, Exh. F.) The City has objected these are premature pending this Motion. If trial is phased, the depositions would be irrelevant to the first phase, as no possible testimony from either City executive would be relevant to officer liability for excessive force. *Quintanilla v. City of*

*Downey*, 84 F.3d 353, 356 (9th Cir. 1996) (*Monell* evidence irrelevant to officer liability for use of force; introduction of such evidence unfairly prejudices defense); *e.g.*, *Williams v. City of Long Beach,* No. 2:19-cv-05929-ODW, 2020 WL 4429356 (C.D. Cal. July 31, 2020) (bifurcating *Monell* from officer liability; staying *Monell* discovery). Neither was at the scene; each lacks personal knowledge of the events on which officer liability might be predicated. Moreover, the City has objected to these as improper "apex" depositions, which required Plaintiffs to show: (i) the Mayor and City Manager each has unique, personal knowledge of the disputed facts, and (ii) Plaintiffs have exhausted less intrusive means to acquire the information sought. *Estate of Levingston v. County of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017); (*see* Rawcliffe Decl., Exh. F).

### III. ARGUMENT

#### A. The Court Should Stay this Case Pending the Criminal Investigation

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). A federal district court has broad discretion to issue a stay, and its decision will not be reversed but for abuse of that discretion. *Fed. Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir.1989). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863 (9th Cir.1979). Faced with parallel criminal and civil proceedings, a court may appropriately stay the civil proceeding in the interests of justice. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

Courts determine — case by case — whether staying a civil matter is appropriate, weighing the "particular circumstances and competing interests involved," including the burden on defendants and on their Fifth Amendment rights, plaintiffs' interest in proceeding expeditiously, the court's convenience, and the interests of third parties and the public. *Keating,* 45 F.3d at 324–325; *McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL 934242, at *1 (N.D. Cal. Mar. 15, 2010). An essential question is whether criminal and civil proceedings involve the same operative facts. *McCormick*, 2010 WL 934242, at *1. "[T]he strongest case for deferral of proceedings until after

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *SEC v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) ("*Dresser Indus.*"). Even when charges against officer defendants are not alleged, their Fifth Amendment interests as to an ongoing criminal investigation of the same facts is significant. *Wroth v. City of Rohnert Park,* No. 17-cv-05339-JSP, 2018 WL 888466, at *2 (N.D. Cal. Feb. 14, 2018).

The Officer Defendants' Fifth Amendment rights may be implicated here by the pending criminal investigation of the shooting which underlies this case. Pending the Special Prosecutor's findings, the Officer Defendants risk indictment on charges ranging from assault with a deadly weapon to murder. Cal. Pen. Code, §§ 245, subd. (a); 187, subd. (a); 1192.7, subd. (c). Compelling them to participate in simultaneous civil proceedings could undermine their criminal defense, and will chill defense of this case. The officers face this dilemma — they may waive their Fifth Amendment rights and participate defend this case, but risk serious criminal liability. Or, they may assert their Fifth Amendment rights here, which may then be used against them, as "the Fifth Amendment does not forbid adverse inferences against parties to civil actions … ." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *see also Wroth,* 2018 WL 888466, at *2 (identifying this dilemma and staying civil case pending criminal investigation).

It matters not that the Defendant Officers have not yet been indicted. Courts "will not categorically deny a stay 'solely because the defendant has not yet been indicted.'" *eBay, Inc. v. Digital Point Sols., Inc.*, No. C 08-4052 JF (PVT), 2010 WL 702463, at *3 (N.D. Cal. Feb. 25, 2010). The officers have legitimate concerns about defending simultaneous cases, and their interests in a short stay are weighty.

Conversely, although the McCoys and the public have an interest in prompt resolution, there is no compelling need to deny the stay. Witnesses and evidence are not at risk, and no harms are ongoing as to them. Litigation will be slowed by the Officer Defendant's need to repeatedly assert their Fifth Amendment rights, likely precipitating discovery motions, and the Court — and the McCoys — may find it faster and more convenient to await the Special Prosecutor's decision. *E.g., Jones v. Conte*, No. C 045312S1, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) (finding stay

conserves judicial resources by allowing the investigation to resolve common issues of fact and ensuring civil discovery proceeds without Fifth Amendment concerns).

Alternately, the Court might stay all or part of discovery for good cause under Federal Rules of Civil Procedure, Rule 26(c). The Court may stay depositions or issue any other protective orders it deems appropriate. *Douglas v. United States*, No. C 03-04518 JW, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006); *eBay, Inc.*, 2010 WL 702463, at *3. Here, depositions of the officer defendants would be problematic while they are under criminal investigation and would likely "undermine the [officer's] Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery…, expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Dresser Indus.*, 628 F.2d at 1376. Nor are immediate depositions of the Defendant Officers necessary. Each was interviewed regarding the incident as part of the City's internal affairs investigation, and the City provided Plaintiffs the transcripts of those interviews. While Plaintiffs have every right to ultimately depose the Officer Defendants, their case does not turn on the information those depositions might disclose given the plethora of electronic evidence of this incident. Depositions may appropriately wait the resolution of the criminal investigation.

**B. The Court Should Bifurcate Trial and Discovery of the Individual Officers' Liability from the *Monell* Claim and Damages**

Absent a stay, or when it is lifted, the Court should also bifurcate trial of and discovery on the Officer Defendants' liability from the *Monell claims* and a damages phase. The Court may order separate trial of claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P., Rule 42. The Court may bifurcate trial to avoid a difficult question by addressing an easier, dispositive one first. *Danjaq LLC v. Sony Corp.* 263 F.3d 942, 961 (9th Cir. 2001). Courts have broad, discretion to bifurcate. *Hirst v. Gertzen* 676 F.2d 1252, 1261 (9th Cir. 1982). A court must order bifurcation if a jury will otherwise hear highly prejudicial evidence with little or no relevance to liability. *Estate of Diaz v. City of Anaheim* 840 F.3d 592, 603 (9th Cir. 2016).

Bifurcating the liability of individual offices from *Monell* claims against their employer is common. *Quintanilla v. City of Downey* 84 F.3d 353, 356 (9th Cir. 1996) is instructive. There, the plaintiff alleged use of a police dog was excessive force, seeking to introduce evidence of other,

unrelated dog bites and expert testimony on police dogs. *Id.* at 354–355. The Ninth Circuit agreed with the trial court's decision to exclude this evidence from an initial liability phase, as *Monell* liability is not at issue until a constitutional violation is established, and introducing the evidence in the first phase risked prejudice to the officers and juror confusion. *Id.* at 356. The Ninth Circuit outlined the factors courts must consider as to bifurcation, including "avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion." *Id.* at 356; *see also Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 866 (C.D. Cal. 1994) ("Factors to be considered … include complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, the chance that separation will lead to economy in discovery and, the possibility that the first trial may be dispositive of the case.").

Following *Quintanilla,* federal district courts in California routinely bifurcate *Monell* claims from officers' individual liability:

- *Williams v. City of Long Beach*, No. 2:19-cv-05929-ODW, 2020 WL 4429356, at *1 (C.D. Cal. July 31, 2020) (bifurcating *Monell* claims and punitive damages from liability for excessive force during detention, denial of medical care, and alleged cover up);
- *Vazquez v. City of Long Beach*, No. CV 12-9923 PJW, 2016 WL 9114912, at *1 (C.D. Cal. Apr. 19, 2016) (bifurcating *Monell* claims and punitive damages from liability for excessive force);
- *Osborne v. City of Upland*, No. 5:13-cv-02150-SVW-AS, 2015 WL 1608602, at *1 (C.D. Cal. Apr. 8, 2015) (bifurcating *Monell* claims from liability for unlawful search, unlawful seizure, and excessive force following warrantless entry into home);
- *Stringer v. City of San Pablo*, No. C 07-03544 MEJ, 2009 WL 5215396, at *6–7 (N.D. Cal. Dec. 28, 2009) (bifurcating *Monell* claims and damages from liability in wrongful death case following officer-involved shooting); and
- *Boyd v. City and Cnty. of San Francisco*, No. C-04-5459 MMC, 2006 WL 680556, at *2 (N.D. Cal. Mar. 14, 2006) (same).

Bifurcation is necessary here to avoid confusing the jury and undue prejudice to the Officer

Defendants, and to promote judicial economy and convenience.

### 1. Bifurcation Will Prevent Juror Confusion and Prejudice to the Officer Defendants

Bifurcation will prevent prejudice to the Officer Defendants without overly burdening Plaintiffs. Where "the great majority of the evidence relevant to [a municipal liability claim] will not be relevant to the claims against the individual defendants, submission of such evidence is likely to be unfairly prejudicial to such individual defendants." *Hwang v. City & Cnty. of San Francisco*, No. C07-2718MMC, 2008 WL 4447708, at *2 (N.D. Cal. Sept. 30, 2008). "The risk of prejudice to individual officers from introducing evidence relevant to municipal liability in excessive force cases is understandably high, due to the often jarring and shocking nature of excessive force allegations." *Motley v. City of Fresno, Cal.*, No. 115CV00905DADBAM, 2020 WL 3642502, at *1–4 (E.D. Cal. July 6, 2020).

The simultaneous presentation of evidence on individual and *Monell* claims will unfairly prejudice the Officer Defendants, tainting them with allegations of wrongdoing of others. *Quintanilla*, 84 F.3d at 356; *Estate of Gonzalez v. Hickman*, No. 05-00660 MMM (RCX), 2007 WL 3237635, at *10 n. 19 (C.D. Cal. June 28, 2007) (granting bifurcation where evidence would otherwise cause unfair prejudice, which "means undue tendency to suggest decision on an improper basis, commonly … an emotional one"). The jury may well draw the inappropriate conclusion that because other non-party officers, or even the Defendant Officers, engaged in past misconduct, that the Defendant Officers acted improperly here. Fed. R. Evid. 404(a) (prohibiting character evidence). Even if the jury avoided impermissible character inferences, jurors may still be motivated to punish the Officer Defendants for perceived bad behavior of their employer. Plaintiffs plead their intention to introduce evidence of at least 23 other alleged incidents of misconduct by Vallejo officers. On such facts, it will be difficult for the jury thoughtfully — and separately — to evaluate the liability of the Officer Defendants for the acts alleged here. This is especially so when their roles in this incident vary greatly.

Joint trial of individual and *Monell* claims also risks jury confusion, since most evidence on the latter is separate and distinct from evidence on the individual claims. Forcing the jury to parse

voluminous evidence of unrelated complaints and internal investigations will likely confuse them as to any factual basis for the Officer Defendants' liability, and require many, technical distinctions in jury instructions. "[T]he possibility of evidentiary spillover unnecessarily risks confusing the jury and prejudicing the officer defendants." *Osborne*, 2015 WL 1608602, at * 9.

However, bifurcation will not prejudice Plaintiffs. If the jury finds for the Officer Defendants, the City is not liable. *City of Los Angeles v. Heller*, 475 U.S. 796, 798 (1986). Conversely, if the officers are found liable, Plaintiffs may proceed to the second phase, or potentially resolve the matter, as the City will bear any compensatory damages awarded against the officers. Cal. Gov't Code, § 815.2(a); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981).

Wrongful death cases are emotional, and officer-involved shootings the more so even — before the tragic events of 2020. Juries asked to rule simultaneously on individual liability, municipal liability, and damages will be sorely pressed to do so critically and dispassionately. Justice is best served by letting the jury determine the dispositive issue of individual officer liability first.

### 2. Bifurcation Will Promote Convenience and Economy

Bifurcation also serves judicial economy and convenience, as discovery and trial of the *Monell* claim will be obviated by a defense finding on the individual claims. *Heller*, 475 U.S. at 798. "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have **authorized** the use of constitutionally excessive force is quite beside the point." *Id.* at 799. Particularly in excessive force cases, there is no municipal liability when a jury exonerates the officers. *Fairley v. Luman* 281 F.3d 913, 916 (9th Cir. 2002).

Plaintiffs' individual claims will themselves require ample evidence, given the testimony of six officers, other fact witnesses, and multiple experts for each side. The *Monell* claims will take longer still, requiring documents and testimony as to alleged police misconduct, personnel investigations, and government claims generally unrelated to the present incident. *Martinez v. City of Stockton*, 132 F.R.D. 677, 682–683 (E.D. Cal. 1990) (introducing evidence of an officer's past incidents runs the risk "that all these incidents will become trials within themselves"). Each party will have to put on a case as to each of the 23 prior incidents the FAC alleges. The *Monell* testimony would be 23 "mini trials," in addition to evidence of Vallejo Police Department policies and

practices and experts, all unrelated to the events of Mr. McCoy's death. Resolution of the individual claims may obviate the need to try the *Monell* claims, which husbands the Court's and the parties' resources. *Perkins v. City and Cnty. of San Francisco*, No. 16-cv-06814-HSG, 2017 WL 1540736, at *3 (N.D. Cal. Apr. 28, 2017) (finding "no countervailing efficiencies" to warrant denial of bifurcation); *see also Green v. Cnty. of Los Angeles*, No. 2:12-CV-06007-CAS, 2014 WL 174988, at *2 (C.D. Cal. Jan. 16, 2014) (bifurcation warranted by potential for unfair prejudice even if longer trial might result). Bifurcation is appropriate here.

### 3. The Claims to be Bifurcated Involve Separate Issues

The Court may also consider whether the issues to be bifurcated are separable. *Hirst*, 676 F.2d at 1261. The City proposes to bifurcate claims involving different issues, facts, witnesses, and documents. The excessive force claims require Plaintiffs to show showing the Defendant Officers used force unreasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Similarly, Plaintiffs must show unreasonableness to establish their negligence and battery claims. *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272–1273 (1998). For liability under California's Bane Act, Civil Code § 52.1, Plaintiffs must also prove the Defendant Officers acted with the "specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). Finally, the Fourteenth Amendment claim for denial of sibling relationships requires Plaintiffs to show conduct that "shocked the conscience." *Kaur v. City of Lodi*, 263 F.Supp.3d 947, 973 (E.D. Cal. 2017). Each claim requires analysis of the Defendant Officers' actions during the incident — evidence of unrelated incidents is irrelevant, prejudicial, and therefore inadmissible.

Similarly, to the extent Plaintiffs seek to introduce evidence of prior misconduct to prove punitive damages claim against the Defendant Officers (FAC, ¶ 46), bifurcation is similarly appropriate. Punitive damages are available only when underlying liability is established, and presenting evidence of prior misconduct in the liability phase is unnecessary, inefficient, and risks confusing and enflaming the jury. *Figueroa v. Gates*, 207 F.Supp.2d 1085, 1101–1102 (CD. Cal. 2002). Bifurcating punitives will avert undue prejudice to the Defendants.

### 4. The Court Should Stay *Monell* Discovery Until After a Liability Phase

If the Court bifurcates individual and *Monell* liability phases, it should also stay discovery on the *Monell* claims until individual liability is determined. Where the trial court has the power to order separate trials for convenience, expedition, and economy, "[i]t is implicit that the court also had power to limit discovery to the segregated issues. … One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great Northern Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970). The Court has broad discretion under Rule 26(c) to control the scope and sequence of discovery. *Fernandez v. Obesity Research Inst., LLC*, No. 2:13-CV-00975-MCE, 2013 WL 4587005, at *6 (E.D. Cal. Aug. 28, 2013). California district courts routinely stay *Monell* discovery until after an individual liability phase. *Williams,* 2020 WL 4429356, at *1; *Austin v. Los Angeles,* No. 219CV10031SVWJPR, 2020 WL 4772379, at *2 (C.D. Cal. May 18, 2020); *Reyna v. Cnty. of Los Angeles*, No. CV 19-2629 PA (MAAX), 2019 WL 6357251, at *2 (C.D. Cal. Sept. 23, 2019); *Boyd*, 2006 WL 680556, at *3; *A.J.B. v. Cnty. of Riverside*, No. 513CV02352SVWFFM, 2014 WL 12591807, at *1 (C.D. Cal. Mar. 4, 2014). Because "the proof required to establish a *Monell* claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to try the *Monell* claims separately and to stay discovery concerning those claims until the liability of the individual defendants is established." *Morales v. Irizarry*, No. 95 CIV. 5068, 1996 WL 609416, at *1 (S.D.N.Y. Oct. 22, 1996).

Plaintiffs propounded broad discovery into prior incidents of alleged misconduct by Vallejo police officers (Rawcliffe, Exhs. A, D–E), and seek to depose the Mayor and City Manager (*id.*, Exh. G). This discovery does not pertain to claims against individual officers, and will be costly and burdensome. Moreover, Plaintiffs seek discovery of pending Internal Affairs investigations and disciplinary proceedings. (Rawcliffe Decl., Exhs. D–E; Declaration of Lieutenant Robert Knight ("Knight Decl.") ¶¶ 2–3.) Both have just begun. An independent investigator is handling the former, and neither is expected to be completed for several months. (Mustard Decl., ¶¶ 2 –3; Knight Decl., ¶¶ 2–3.) Staying this discovery will allow these collateral proceedings to come to completion. And

Plaintiffs will still have opportunity for future discovery, if necessary, without interfering with rights and privileges associated those pending proceedings. *Kelly v. City of San Jose,* 114 F.R.D. 653, 662–663 (N.D. Cal. 1987) (both factors weigh against immediate discovery in civil rights case).

## IV.   CONCLUSION

A stay is necessary to protect the Defendant Officers' Fifth Amendment rights. They should at least be shielded from Plaintiffs' interrogation until the Special Prosecutor decided whether to charge them with serious crimes. And bifurcation of individual from *Monell* claim and damages will promote economy and convenience and avoid enflaming and confusing the jury. For the same reason, a stay of *Monell* related discovery until after the individual liability trial is appropriate.

DATED:  December 21, 2020

**COLANTUONO, HIGHSMITH & WHATLEY, PC**

*/s/ Andrew C. Rawcliffe*
MICHAEL G. COLANTUONO
ANDREW C. RAWCLIFFE
NIKHIL S. DAMLE
Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, MARK THOMPSON, BRYAN GLICK, ANTHONY ROMERO-CANO, COLLIN EATON, and JORDON PATZER