EXHIBIT A

**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTÉ D. POINTER Esq. SBN 236229**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORI MCCOY, et al., | CASE NO.: 2:19-cv-01191-JAM-CKD |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| CITY OF VALLEJO, et al,, | |
| Defendants. | |

**PROPOUNDING PARTY:**      PLAINTIFFS

**RESPONDING PARTY:**         DEFENDANT CITY

## INSTRUCTIONS

In accordance with F.R.C.P. 26 and 34, Plaintiff requests that Responding Party answer under oath the following requests for the production of documents within thirty days of service hereof.  In answering these requests you are required to furnish such

information as is available to you, including information in the possession of your attorneys and investigators for your attorneys.

If any of these requests cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to provide responses to the remainder of the request and stating whatever information, knowledge or belief you do have concerning the unanswered portion.

If you object to responding to any of the requests on the ground that the information sought is privileged or otherwise protected by any rule of law, you shall provide the following information with respect to each such response:

1. All persons to whom the information has been disclosed, the dates such disclosure took place, the location such disclosure took place, who was present at such disclosure, the general subject matter of the disclosure without violating the privilege asserted, and the means of such disclosure;

2. The nature of the privilege or rule of law relied upon and the facts supporting your position with respect thereto.

## DEFINITIONS

The term "ALL" shall mean any and ALL.

The term "AND" shall be understood to mean "OR" AND vice versa whenever such construction results in a broader request for information.

The term "DOCUMENT" means a writing as defined in California Evidence Code Section 250 and F.R.E. 1001, and includes handwriting, typewriting, printing, photographs and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sound or symbols, or combinations

thereof. It also includes any information stored on a computer, on a computer disk or recorded on tape or disk, etc.

The term "INCIDENT" refers to the events alleged in Plaintiff's operative Complaint.

The term "IDENTIFY" when referring to a document shall include the following information: (a) the author OR originator of the DOCUMENT; (b) every person to whom the DOCUMENT was sent OR transferred; (c) the date on which the DOCUMENT was created; (d) each date on which it was sent OR transferred; (e) the type of DOCUMENT (e.g., letter, memorandum, chart, etc.); (f) a detailed description of the matter, nature, substance, AND content of the DOCUMENT; AND (g) the present location AND present custodian of the DOCUMENT, OR the date on which the DOCUMENT was lost, discarded, destroyed, altered, OR relinquished from your possession, custody, OR control.

The term "PERSON" means all natural persons, partnerships, consortiums, joint ventures and every other form of legally recognized entity, including corporations and governmental entities.

The term "PERTAINING TO" means commenting upon, concerning, regarding, discussing, reflecting, relating to, relevant to, used in connection with, or evidencing and is to be construed in the very broadest sense of the term.

The term "YOU," YOUR," or "DEFENDANT" means the party in the instant litigation that is responding to these interrogatories.

The term "RECORDING" includes any method of memorializing an occurrence by way of audio, video and/or written means.

The term "INTERNAL AFFAIRS HISTORIES" includes all documents that PERTAIN TO any formal or informal complaint made against or about the officer from any source and concerning any subject matter. Discoverable documents include documents concerning all complaints and other disciplinary or internal police review of activities listed for the officers in the file maintained by the VALLEJO POLICE DEPARTMENT (including findings and conclusions); documents concerning each incident listed in the disciplinary record for each officer; documents concerning all complaints and other disciplinary or internal review of activities of the officers which were investigated under the supervision of their commanding officers during various assignments with VALLEJO POLICE DEPARTMENT concerning the complaints made against the officers. It is of no consequence as to whether the complaints were founded or unfounded or the officer exonerated.

## REQUESTS

**REQUEST NO. 1:**

ANY AND ALL training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO use of deadly force by officers for the VALLEJO POLICE DEPARTMENT.

**REQUEST NO. 2:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO the use of deadly force.

**REQUEST NO. 3:**

ANY AND ALL training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO the use of less than deadly force (i.e. taser; rubber bullets; pepper spray; baton; hand combat) by Police Officers for the VALLEJO POLICE DEPARTMENT.

**REQUEST NO. 4:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO reporting the use of less than deadly force (i.e. taser; rubber bullets; pepper spray; baton; hand combat).

**REQUEST NO. 5:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO de-escalation of force.

**REQUEST NO. 6:**

ANY AND ALL training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO the de-escalation of force by VALLEJO POLICE DEPARTMENT Officers.

**REQUEST NO. 7:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO reporting, recording, tracking and logging an Officer's use of force while carrying out their duties as a police officer for the VALLEJO POLICE DEPARTMENT.

**REQUEST NO. 8:**

ANY ALL DOCUMENTS PERTAINING TO the VALLEJO POLICE DEPARTMENT investigation into this INCIDENT, including but not limited to: incident reports; diagrams; search warrants; arrest warrants; RECORDED statements; DNA test, examinations AND results; toxicology reports related to Defendant Officer; toxicology reports related to Decedent Willie McCoy; Internal Affairs Investigative Reports; medical records; AND dispatch recordings.

**REQUEST NO. 9:**

ANY AND ALL DOCUMENTS PERTAINING TO the SUBJECT INCIDENT, regardless of the origin of the documents.

**REQUEST NO. 10:**

ANY AND ALL video recordings and/or recorded imagery pertaining to the INCIDENT, including, but not limited to: cellphone video; surveillance video; dash

camera video; lapel camera video; news media video; enhanced video still imaging; professionally enhanced video; and still imaging.

**REQUEST NO. 11:**

ANY AND ALL DOCUMENTS prepared by any law enforcement agency or department PERTAINING TO contact with, detention, arrest or investigation of Decedent WILLIE MCCOY.

**REQUEST NO. 12:**

ANY AND ALL documents PERTAINING TO any and all prior VALLEJO POLICE DEPARTMENT contact with Decedent WILLIE MCCOY.

**REQUEST NO. 13:**

ALL DOCUMENTS prepared by any law enforcement agency or department PERTAINING TO contact with, detention, arrest or investigation of WILLIE MCCOY.

**REQUEST NO. 14:**

DEFENDANT MARK THOMPSON's INTERNAL AFFAIRS AND DISCIPLINARY HISTORY from five years prior to the INCIDENT up to and including the date of the production.

**REQUEST NO. 15:**

DEFENDANT RYAN MCMAHON's INTERNAL AFFAIRS AND DISCIPLINARY HISTORY from five years prior to the INCIDENT up to and including the date of the production.

**REQUEST NO. 16:**

DEFENDANT COLLIN EATON's INTERNAL AFFAIRS AND DISCIPLINARY HISTORY from five years prior to the INCIDENT up to and including the date of the production.

**REQUEST NO. 17:**

DEFENDANT JORDAN PATZER's INTERNAL AFFAIRS AND DISCIPLINARY HISTORY from five years prior to the INCIDENT up to and including the date of the production.

**REQUEST NO. 18**

DEFENDANT BRYAN GLICK's INTERNAL AFFAIRS AND DISCIPLINARY HISTORY from five years prior to the INCIDENT up to and including the date of the production.

**REQUEST NO. 19:**

DEFENDANT ANTHONY ROMERO-CANO's INTERNAL AFFAIRS AND DISCIPLINARY HISTORY from five years prior to the INCIDENT up to and including the date of the production.

**REQUEST NO. 20:**

ANY AND ALL DOCUMENTS listed in YOUR Rule 26 Initial Disclosure Statement.

**REQUEST NO. 21:**

ANY AND ALL general and/or special orders, rules, policies and procedures of the VALLEJO POLICE DEPARTMENT in effect on the date of this INCIDENT PERTAINING TO investigating civilian complaints related to VALLEJO POLICE OFFICERS.

**REQUEST NO. 22:**

ANY AND ALL DOCUMENTS contained within DEFENDANT MARK THOMSON'S personnel files that concern his employment application, training, duties, performance evaluations, assignments and mental condition, physical condition and fitness for duty.

**REQUEST NO. 23:**

ANY AND ALL DOCUMENTS contained within DEFENDANT COLLIN EATON'S personnel files that concern his employment application, training, duties, performance evaluations, assignments and mental condition, physical condition and fitness for duty.

**REQUEST NO. 24:**

ANY AND ALL DOCUMENTS contained within DEFENDANT JORDAN PATZER'S personnel files that concern his employment application, training, duties, performance evaluations, assignments and mental condition, physical condition and fitness for duty.

**REQUEST NO. 25:**

ANY AND ALL DOCUMENTS contained within DEFENDANT RYAN MCMAHON'S personnel files that concern his employment application, training, duties, performance evaluations, assignments and mental condition, physical condition and fitness for duty.

**REQUEST NO. 26:**

ANY AND ALL DOCUMENTS contained within DEFENDANT BRYAN GLICK'S personnel files that concern his employment application, training, duties, performance evaluations, assignments and mental condition, physical condition and fitness for duty.

**REQUEST NO. 27:**

ANY AND ALL DOCUMENTS contained within DEFENDANT ANTHONY ROMERO-CANO personnel files that concern his employment application, training, duties, performance evaluations, assignments and mental condition, physical condition and fitness for duty.

**REQUEST NO. 28:**

ANY AND ALL citizen complaints filed against VALLEJO POLICE DEPARTMENT OFFICERS alleging a police officer engaged in excessive force, intimidation, false arrest, harassment, conduct unbecoming of an officer or fabricated an official VALLEJO POLICE DEPARTMENT record, from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 29:**

ANY AND ALL GOVERNMENT TORT CLAIMS filed against VALLEJO POLICE DEPARTMENT OFFICERS alleging a police officer engaged in excessive force, false arrest, intimidation, harassment, engaged in conduct unbecoming of an officer or fabricated an official VALLEJO POLICE DEPARTMENT record.

**REQUEST NO. 30:**

ANY AND ALL INTERNAL AFFAIRS reports prepared during the investigation of any and all incidents involving allegations of VALLEJO POLICE OFFICERS engaging in excessive force, false arrest, intimidation, harassment, conduct unbecoming of an officer or fabricating an official VALLEJO POLICE DEPARTMENT record, from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 31:**

ANY AND ALL incident reports prepared during the investigation of any and all use of force incidents involving DEFENDANT MARK THOMPSON from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 32:**

ANY AND ALL incident reports prepared during the investigation of any and all use of force incidents involving DEFENDANT RYAN MCMAHON from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 33:**

ANY AND ALL incident reports prepared during the investigation of any and all use of force incidents involving DEFENDANT COLLIN EATON from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 34:**

ANY AND ALL incident reports prepared during the investigation of any and all use of force incidents involving DEFENDANT JORDAN PATZER from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 35:**

ANY AND ALL incident reports prepared during the investigation of any and all use of force incidents involving DEFENDANT BRYAN GLICK from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 36:**

ANY AND ALL incident reports prepared during the investigation of any and all use of force incidents involving DEFENDANT ANTHONY ROMERO-CANO from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 37:**

ANY AND ALL DOCUMENTS which memorialize and/or track DEFENDANT MARK THOMPSON's use of force incidents from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 38:**

ANY AND ALL DOCUMENTS which memorialize and/or track DEFENDANT RYAN MCMAHON's use of force incidents from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 39:**

ANY AND ALL DOCUMENTS which memorialize and/or track DEFENDANT COLLIN EATON's use of force incidents from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 40:**

ANY AND ALL DOCUMENTS which memorialize and/or track DEFENDANT JORDAN PATZER's use of force incidents from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 41:**

ANY AND ALL DOCUMENTS which memorialize and/or track DEFENDANT BRYAN GLICK's use of force incidents from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 42:**

ANY AND ALL DOCUMENTS viewed, reviewed and/or approved by DEFENDANT ANDREW BIDOU, related to the subject incident.

**REQUEST NO. 43:**

ANY AND ALL DOCUMENTS viewed, reviewed and/or approved by DEFENDANT ANDREW BIDOU, related to internal affairs investigations involving ANY AND ALL VALLEJO POLICE OFFICERS.

**REQUEST NO. 44:**

ANY AND ALL DOCUMENTS viewed, reviewed and/or approved by DEFENDANT ANDREW BIDOU, related to ANY AND ALL investigation involving allegations of VALLEJO POLICE OFFICERS engaging in excessive force, false arrest, intimidation, harassment, conduct unbecoming of an officer or fabricating an official VALLEJO POLICE DEPARTMENT record, from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 45:**

ANY AND ALL DOCUMENTS which memorialize and/or track ANY AND ALL VALLEJO POLICE OFFICERS' use of force incidents from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 46:**

ANY AND ALL DOCUMENTS which memorialize and/or track citizen complaints filed against ANY AND ALL VALLEJO POLICE DEPARTMENT officers from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 47:**

ANY AND ALL statements recorded by any means, made by ALL percipient witnesses to the INCIDENT whether or not signed AND acknowledged by the PERSON giving AND taking the statement.

**REQUEST NO. 48:**

ANY AND ALL training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO the use of body worn cameras by VALLEJO POLICE DEPARTMENT Officers.

**REQUEST NO. 49:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO use of body worn cameras.

**REQUEST NO. 50:**

ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court and/or federal civil actions where DEFENDANT MARK THOMPSON was named as a Defendant.

**REQUEST NO. 51:**

ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court and/or federal civil actions where DEFENDANT RYAN MCMAHON was named as a Defendant.

**REQUEST NO. 52:**

ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court and/or federal civil actions where DEFENDANT COLLIN EATON was named as a Defendant.

**REQUEST NO. 53:**

ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court and/or federal civil actions where DEFENDANT JORDAN PATZER was named as a Defendant.

**REQUEST NO. 54:**

ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court and/or federal civil actions where DEFENDANT BRYAN GLICK was named as a Defendant.

**REQUEST NO. 55:**

ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court and/or federal civil actions where DEFENDANT ANTHONY ROMERO-CANO was named as a Defendant.

**REQUEST NO. 56:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO felony car stops.

**REQUEST NO. 57:**

ANY AND ALL VALLEJO POLICE DEPARTMENT training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO felony car stops.

**REQUEST NO. 58:**

ANY and ALL public statements made by ANY VALLEJO POLICE DEPARTMENT EMPLOYEE related to ANY use of force incident involving VALLEJO POLICE OFFICERS, including but not limited to the public statement related to the subject incident involving Decedent McCoy, from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 59:**

ANY AND ALL training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO the racial profiling and/or implicit bias by VALLEJO POLICE OFFICERS.

**REQUEST NO. 60:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO racial profiling and/or implicit bias by VALLEJO POLICE OFFICERS.

**REQUEST NO. 61:**

ALL AND ALL DOCUMENTS related to the report and/or investigation of allegations of racism involving ANY VALLEJO POLICE OFFICER, from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 62:**

ALL AND ALL DOCUMENTS related to the report and/or investigation of allegations that ANY VALLEJO POLICE OFFICER has obtained matching tattoos, from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 63:**

ALL AND ALL DOCUMENTS related to the report and/or investigation of allegations that ANY VALLEJO POLICE OFFICERS made unauthorized inscriptions and/or markings on their duty equipment (i.e. firearm, taser gun, baton, etc.), from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 64:**

ANY and ALL public statements made by ANY VALLEJO POLICE DEPARTMENT and/or CITY OF VALLEJO EMPLOYEE related to ANY use of force incident involving VALLEJO POLICE OFFICERS, including but not limited to public statement related to the subject incident involving Decedent Willie McCoy.

Dated: April 28, 2020

_/s/*Melissa C. Nold*_____
MELISSA C. NOLD
Law Offices of John L. Burris
Attorneys for Plaintiff