EXHIBIT B

**RANDY J. RISNER**
Interim City Attorney, SBN 172552
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel:     (707) 648-4545
Fax:     (707) 648-4687

**DALE L. ALLEN, JR., State Bar No. 145279**
dallen@aghwlaw.com
**JOHN B. ROBINSON, State Bar No. 297065**
jrobinson@aghwlaw.com
**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415)697-2000
Facsimile: (415)813-2045

Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU;
GREG NYHOFF; RYAN MCMAHON; MARK THOMPSON;
BRYAN GLICK; ANTHONY CANO; COLIN EATON; and JORDON PATZER

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| KORI MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; MARC MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; LOUIS MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; SHAWNMELL MITCHELL, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; and MARQUITA MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY,<br><br>                Plaintiffs,<br><br>        vs. | Case No.  2:19-cv-01191-JAM-CKD<br><br>**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

Case No. 2:19-cv-01191-JAM-CKD

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

**-1-**

CITY OF VALLEJO, a municipal corporation;
ANDREW BIDOU, in his official capacity as
Chief of Police for the City of Vallejo; GREG
NYHOFF, in his official capacity as City
Manager of the City of Vallejo; RYAN
MCMAHON, individually and in his capacity
as a City of Vallejo Police Officer; MARK
THOMPSON, individually and in his capacity
as a City of Vallejo Police Officer; BRYAN
GLICK, individually and in his capacity as a
City of Vallejo Police Officer; ANTHONY
ROMERO-CANO, individually and in his
capacity as a City of Vallejo Police Officer;
COLLIN EATON, individually and in his
capacity as a City of Vallejo Police Officer;
JORDAN PATZER, individually and in his
capacity as a City of Vallejo Police Officer and
DOES 1-50, inclusive.

                         Defendants.

| | |
|---|---|
| **REQUESTING PARTY:** | KOR MCCOY, et al. |
| **RESPONDING PARTY:** | DEFENDANT CITY OF VALLEJO et al. |
| **SET NUMBER:** | ONE (1) |

        The Defendant has not fully completed its investigation into the facts relating to this case and information and discovery in this matter is ongoing.  As of the time of this response, the Vallejo Police Department has an ongoing investigation as to the facts and circumstances leading up to the INCIDENT and therefore all reports and writings are privileged and confidential. Further, all the facts and issues involved in this litigation may not yet be known, or if known, may not yet be fully or correctly memorialized.  The following responses are provided without prejudice to further discovery.   The responses set for herein are based only upon such information and writings as are in the possession of or available to the Defendant at the time this response was prepared.  Discovery will continue as long as permitted by statute or stipulation of the parties, and the investigation of the Defendant's agents and attorneys will continue to and

throughout the trial of this action.  The following responses are given without prejudice to the Defendant's ability to provide further supplemental responses, if necessary.

## **GENERAL OBJECTIONS**

1. The documents produced are solely for the purpose of this action, and not for the purpose of any other action, including any other action pending between some or all of the parties. Each document is subject to all obligations as to confidence, relevance, materiality, privilege and admissibility, and any and all other objections and grounds which would require the exclusion of any document produced in Court, all objections and grounds of which are reserved and may be interposed at the time of trial.

2. No incidental or implied admissions are intended by the production of these documents. The fact that Defendant has produced any given document should not be taken as an admission that Defendant accepts or admits the existence of any facts or that such documents constitute admissible evidence. The fact that Defendant produces any document hereunder is not intended, and shall not be construed to be, a waiver by Defendant of all, or any part, of any objection to the Request for Production of Documents on file herein.

3. Defendant has not completed its investigation of the facts relating to this case, has not completed its discovery in this action, and has not completed its preparation for trial. Defendant has made a reasonable search of its records and the documents produced are produced with the intention that they are produced without prejudice to Defendant's right to voluntarily provide subsequently discovered, unobjectionable documents.

4. A party is only obligated to produce documents "in the responding party's possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1). Defendant cannot produce "ANY and ALL" documents where Defendant is not aware of the existence of such document, report, etc. Accordingly, Defendant limits the response only to those documents in

1   Defendant's "possession, custody, or control." *See* <u>*Campbell v. Facebook Inc.*</u>, No. 13-

2   CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).

5.   Be advised that all responses hereto and all documents to be produced in accordance with

the document request are without prejudice to Defendant's right to obtain, produce or use

at trial any document not currently in Defendant's possession, but subsequently obtained

from any other sources.

6.   Defendant objects to each request and instruction to the extent it seeks documents that are

(a) publicly available to Plaintiffs and Plaintiffs' counsel; (b) already in Plaintiffs

possession, custody or control; (c) in Defendant's possession only because produced by

another party in this litigation; or (d) not within Defendant's possession, custody or

control.

7.   By producing the documents herein, Defendant is not giving its permission that the

documents produced may be used for any purpose, other than for use in this litigation.

This is consistent with the proposed protective order.

**<u>RESPONSES</u>**

**<u>REQUEST NO. 1</u>:**

ANY AND ALL training materials, including, but not limited to: worksheets; videos;

diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO use of

deadly force by officers for the VALLEJO POLICE DEPARTMENT.

**<u>RESPONSE</u>:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not

proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define

the terms "worksheet," "diagram," and "workbook."

---

Case No. 2:19-cv-01191-JAM-CKD                **CITY OF VALLEJO'S RESPONSE**
                                              **TO PLAINTIFFS' REQUEST FOR**
                                              **PRODUCTION OF DOCUMENTS (1)**

-4-

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 2:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO the use of deadly force.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the term "directives."

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 3:**

ANY AND ALL training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO the use of less than deadly force (i.e. taser; rubber bullets; pepper spray; baton; hand combat) by Police Officers for the VALLEJO POLICE DEPARTMENT.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the terms "worksheet," "diagram," and "workbook."

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 4:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO reporting the use of less than deadly force (i.e. taser; rubber bullets; pepper spray; baton; hand combat).

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the term "directives."

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 5:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO de-escalation of force.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the term "directives."

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 6:**

ANY AND ALL training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO the de-escalation of force by VALLEJO POLICE DEPARTMENT Officers.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.   Furthermore, the Request is vague because it fails to define the terms "worksheet," "diagram," and "workbook."

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 7:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO reporting, recording, tracking and logging an Officer's use of force while carrying out their duties as a police officer for the VALLEJO POLICE DEPARTMENT.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the terms "directives" and "logging."

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 8:**

ANY ALL DOCUMENTS PERTAINING TO the VALLEJO POLICE DEPARTMENT investigation into this INCIDENT, including but not limited to: incident reports; diagrams; search warrants; arrest warrants; RECORDED statements; DNA test, examinations AND results; toxicology reports related to Defendant Officer; toxicology reports related to Decedent Willie McCoy; Internal Affairs Investigative Reports; medical records; AND dispatch recordings.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. Furthermore, this Request seeks information protected by the constitutional right to privacy and Official Information Privilege as disclosure of the requested materials could interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 9:**

ANY AND ALL DOCUMENTS PERTAINING TO the SUBJECT INCIDENT, regardless of the origin of the documents.

**RESPONSE:**

Objection: This Request is vague, ambiguous, and seeks information that is not proportional to the needs of the case. The Request also calls for information protected by the attorney-client privilege. Furthermore, this Request seeks information protected by the constitutional right to privacy and Official Information Privilege as disclosure of the requested materials could interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. *See* Declaration of Lieutenant Robert Knight served herewith.

---

**Case No. 2:19-cv-01191-JAM-CKD**

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

**-8-**

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 10:**

ANY AND ALL video recordings and/or recorded imagery pertaining to the INCIDENT, including, but not limited to: cellphone video; surveillance video; dash camera video; lapel camera video; news media video; enhanced video still imaging; professionally enhanced video; and still imaging.

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 11:**

ANY AND ALL DOCUMENTS prepared by any law enforcement agency or department PERTAINING TO contact with, detention, arrest or investigation of Decedent WILLIE MCCOY.

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  Furthermore, this is unduly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

---

**Case No. 2:19-cv-01191-JAM-CKD**

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

**REQUEST NO. 12:**

ANY AND ALL documents PERTAINING TO any and all prior VALLEJO POLICE DEPARTMENT contact with Decedent WILLIE MCCOY.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  Furthermore, this is unduly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 13:**

ALL DOCUMENTS prepared by any law enforcement agency or department PERTAINING TO contact with, detention, arrest or investigation of WILLIE MCCOY.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  Furthermore, the Request seeks information protected by the constitutional right to privacy and Official Information Privilege as disclosure of the requested materials could interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  The Request is also overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 14:**

DEFENDANT MARK THOMPSON INTERNAL AFFAIRS AND DISCIPLINARY HISTORY from five years prior to the INCIDENT up to and including the date of the production.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 15:**

DEFENDANT RYAN MCMAHON INTERNAL AFFAIRS AND DISCIPLINARY HISTORY from five years prior to the INCIDENT up to and including the date of the production.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request seeks information protected by

---

Case No. 2:19-cv-01191-JAM-CKD

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

**-11-**

the constitutional right of privacy and Official Information Privilege as disclosure of the

requested documents would interfere with the operations of the Vallejo Police Department and

invade the right to privacy of Vallejo Police Officers.  *See* <u>Kelly v. City of San Jose</u>, 114 F.R.D.

653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't

Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

Without waiving these objections, and upon entry of a valid protective order, Responding

Party will produce all responsive, non-privileged documents in its possession, custody, or control

that are proportional to the needs of the case.  This does not include on-going investigations

pertaining to Officer McMahon (*see* Declaration of Lieutenant Robert Knight served herewith).

**REQUEST NO. 16:**

DEFENDANT COLLIN EATON INTERNAL AFFAIRS AND DISCIPLINARY

HISTORY from five years prior to the INCIDENT up to and including the date of the

production.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not

proportional to the needs of the case.  Furthermore, the Request seeks information protected by

the constitutional right of privacy and Official Information Privilege as disclosure of the

requested documents would interfere with the operations of the Vallejo Police Department and

invade the right to privacy of Vallejo Police Officers.  *See* <u>Kelly v. City of San Jose</u>, 114 F.R.D.

653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't

Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

Without waiving these objections, and upon entry of a valid protective order, Responding

Party will produce all responsive, non-privileged documents in its possession, custody, or control

that are proportional to the needs of the case.  This does not include on-going investigations

pertaining to Officer Eaton (*see* Declaration of Lieutenant Robert Knight served herewith).

**REQUEST NO. 17:**

DEFENDANT JORDAN PATZER INTERNAL AFFAIRS AND DISCIPLINARY HISTORY from five years prior to the INCIDENT up to and including the date of the production.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 18:**

DEFENDANT BRYAN GLICK INTERNAL AFFAIRS AND DISCIPLINARY HISTORY from five years prior to the INCIDENT up to and including the date of the production.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D.

653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 19:**

DEFENDANT ANTHONY ROMERO-CANO INTERNAL AFFAIRS AND DISCIPLINARY HISTORY from five years prior to the INCIDENT up to and including the date of the production.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 20:**

ANY AND ALL DOCUMENTS listed in YOUR Rule 26 Initial Disclosure Statement.

**RESPONSE:**

1    Upon entry of a valid protective order, Responding Party will produce all responsive,

2    non-privileged documents in its possession, custody, or control that are referred to in the

3    Defendants' Rule 26 Initial Disclosure Statement.

4    **REQUEST NO. 21:**

5    ANY AND ALL general and/or special orders, rules, policies and procedures of the

6    VALLEJO POLICE DEPARTMENT in effect on the date of this INCIDENT PERTAINING

7    TO investigating civilian complaints related to VALLEJO POLICE OFFICERS.

8    **RESPONSE:**

9    Objection: This Request is overbroad and seeks information that is not proportional to the

10   needs of the case.  Furthermore, the Request is vague because it fails to define the term "general

11   and/or special orders."

12   Without waiving these objections, and upon entry of a valid protective order, Responding

13   Party will produce all responsive, non-privileged documents in its possession, custody, or control

14   that are proportional to the needs of the case.

15

16   **REQUEST NO. 22:**

17   ANY AND ALL DOCUMENTS contained within DEFENDANT MARK THOMSON'S

18   personnel files that concern his employment application, training, duties, performance

19   evaluations, assignments and mental condition, physical condition and fitness for duty.

20   **RESPONSE:**

21   Objection: This Request is vague, overbroad, and seeks information that is not

22   proportional to the needs of the case.  Furthermore, the Request seeks information protected by

23   the constitutional right of privacy and Official Information Privilege as disclosure of the

24   requested documents would interfere with the operations of the Vallejo Police Department and

25   invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D.

26   653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't

27

28

---

Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 23:**

ANY AND ALL DOCUMENTS contained within DEFENDANT COLLIN EATON'S personnel files that concern his employment application, training, duties, performance evaluations, assignments and mental condition, physical condition and fitness for duty.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.  As mentioned above (see Request No. 16), such production does not include on-going investigations (*see* Declaration of Lieutenant Robert Knight served herewith).

**REQUEST NO. 24:**

ANY AND ALL DOCUMENTS contained within DEFENDANT JORDAN PATZER'S personnel files that concern his employment application, training, duties, performance evaluations, assignments and mental condition, physical condition and fitness for duty.

---

**Case No. 2:19-cv-01191-JAM-CKD**

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

**-16-**

381451.1

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 25:**

ANY AND ALL DOCUMENTS contained within DEFENDANT RYAN MCMAHON'S personnel files that concern his employment application, training, duties, performance evaluations, assignments and mental condition, physical condition and fitness for duty.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case. As mentioned above (see Request No. 15), such production does not include on-going investigations (*see* Declaration of Lieutenant Robert Knight served herewith).

**REQUEST NO. 26:**

ANY AND ALL DOCUMENTS contained within DEFENDANT BRYAN GLICK'S personnel files that concern his employment application, training, duties, performance evaluations, assignments and mental condition, physical condition and fitness for duty.

**RESPONSE:**

Objection: This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. Furthermore, the Request seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 27:**

ANY AND ALL DOCUMENTS contained within DEFENDANT ANTHONY ROMERO-CANO'S personnel files that concern his employment application, training, duties, performance evaluations, assignments and mental condition, physical condition and fitness for duty.

---

Case No. 2:19-cv-01191-JAM-CKD

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

**-18-**

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 28:**

ANY AND ALL citizen complaints filed against VALLEJO POLICE DEPARTMENT OFFICERS alleging a police officer engaged in excessive force, intimidation, false arrest, harassment, conduct unbecoming of an officer or fabricated an official VALLEJO POLICE DEPARTMENT record, from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the term "excessive force."  Complaints about force other than the alleged force here, or complaints about dissimilar factual scenarios, are irrelevant and not proportional to the needs of the case.

The Request also asks for complaints for all Vallejo Police officers, thereby seeking records for non-party defendants.  Compare Request No. 28 with a similar request at-issue in

Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013): "REQUEST NO. 8: All DOCUMENTS, reports (including other Internal Affairs reports), complaints or other documents received, filed, pending, completed or in other status, concerning all officers within the DEPARTMENT, alleging, relating or referring to their improper use of unnecessary force, excessive force, aggressive conduct, or improper arrest procedures or other complaints from November 2007 to November 14, 2010."  In denying the sought-after motion to compel, the Lacy Court ruled:

> In the Court's experience, records of citizen complaints and the Department's response thereto demonstrate facts are discrete to each complaint situation and the varying individual law enforcement officers against whom the complaint was made. Furthermore, Document Request No. 8 calls for complaints that were made on a Department-wide basis, which would undoubtedly include circumstances that are quite different than Plaintiff's case – involving conduct that occurred in settings that are very different than court security screening, with different instigating factors, and often with citizens under varying alleges states of intoxication.  It seems to the Court that it would be a Herculean, if not impossible, task to ferret out the true facts of each situation – facts which are collateral to the factual issues of Plaintiff's case – in order to use this information to establish a deficient policy exists within the Department.

Lacy, supra, at * 4.  The Court further recognized the privacy interests at stake: "documents of this nature are highly likely to contain private information of citizens and law enforcement officers who are not parties to this action… Plaintiff also has not demonstrated a need for the records that would outweigh the privacy interests a multitude of individuals have in these documents."  Lacy, supra, at *6, n. 3.

See also Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016), where the Court denied a motion to compel the following two requests: "Request No. 1: Produce any and all documents, electronically stored information or tangible thing reflecting or relating to any reports, memoranda, letters, notes audio and/or video recording or summaries of any oral statements relating to any and all departmental or administrative investigations and dispositions concerning excessive force that has occurred within the last ten (10) years." and "Request No. 2: Produce any and all documents,

---

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

electronically stored information or tangible thing reflecting or relating to any reports, memoranda, letters, notes, audio and/or video recordings or summaries of any oral statements relating to any and all departmental or administrative investigations and dispositions concerning deadly force."  Cathey, *supra*, at *3-4.

The Cathey Court found "Request Nos. 1 and 2 to be overbroad because they effectively seek every piece of paper ever generated relating to excessive force and deadly force complaints. Requests for production must not be so all-encompassing that they include reams of documents only tangentially related to the case.  See, e.g., Audibert v. Lowe's Home Centers, Inc., 152 F. App'x 399, 401 (5th Cir. 2005) (affirming a district court order denying a motion to compel "all things, all documents, all statements, all knowledge of facts, sworn or unsworn, relating to this case").  Cathey, *supra*, at *5.

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  The Request is also overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

For the foregoing reasons, the Responding Party shall not release documents responsive to this request.

**REQUEST NO. 29:**

ANY AND ALL GOVERNMENT TORT CLAIMS filed against VALLEJO POLICE DEPARTMENT OFFICERS alleging a police officer engaged in excessive force, false arrest, intimidation, harassment, engaged in conduct unbecoming of an officer or fabricated an official VALLEJO POLICE DEPARTMENT record.

**RESPONSE:**

CITY OF VALLEJO'S RESPONSE
TO PLAINTIFFS' REQUEST FOR
PRODUCTION OF DOCUMENTS (1)

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  *See* <u>Campbell v. Facebook Inc.</u>, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  Furthermore, the Request is vague because it fails to define the term "excessive force."  Complaints about force other than the alleged force here, or complaints about dissimilar factual scenarios, are irrelevant and not proportional to the needs of the case.  The Request also asks for all tort claims against any Vallejo Police officer, thereby seeking records for non-party defendants.  *See* <u>Lacy v. Palmer</u>, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and <u>Cathey v. City of Vallejo</u>, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  The Request is also overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

For the foregoing reasons, the Responding Party shall not release documents responsive to this request.

**REQUEST NO. 30:**

ANY AND ALL INTERNAL AFFAIRS reports prepared during the investigation of any and all incidents involving allegations of VALLEJO POLICE OFFICERS engaging in excessive force, false arrest, intimidation, harassment, conduct unbecoming of an officer or fabricating an official VALLEJO POLICE DEPARTMENT record, from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not

proportional to the needs of the case.  *See* <u>Campbell v. Facebook Inc.</u>, No. 13-CV-0599-6PJH

(MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  Furthermore, the Request is vague

because it fails to define the term "excessive force."  Complaints about force other than the

alleged force here, or complaints about dissimilar factual scenarios, are irrelevant and not

proportional to the needs of the case.  The Request also asks for all Internal Affairs reports

regarding all Vallejo Police officers, thereby seeking records for non-party defendants.  *See* <u>Lacy</u>

<u>v. Palmer</u>, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013;

and <u>Cathey v. City of Vallejo</u>, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D.

Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).

Furthermore, this Request seeks information protected by the Official Information

Privilege as disclosure of the requested documents would interfere with the operations of the

Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* <u>Kelly</u>

<u>v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D.

677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043

et seq.  The Request is also overly burdensome (*see* Declaration of Lieutenant Robert Knight

served herewith).

For the foregoing reasons, the Responding Party shall not release documents responsive

to this request.

**REQUEST NO. 31:**

 ANY AND ALL incident reports prepared during the investigation of any and all use of

force incidents involving DEFENDANT MARK THOMPSON from five years prior to the

INCIDENT up and until the date of production.

**RESONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not

proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define

the terms "incident reports" and "use of force."  The Request also seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.  Pursuant to Penal Code § 832.7, such production is limited to use of force incidents involving discharge of a firearm at a person and use of force resulting in death or great bodily injury.  Please note that documents related to Penal Code 832.7 (officer involved shootings, use of force resulting in death or GBI, and sustained findings pursuant to Penal Code 832.7) can be found on the Vallejo Police Department's website (https://www.cityofvallejo.net/cms/One.aspx?portalId=13506&pageId=15359550).

**REQUEST NO. 32:**

ANY AND ALL incident reports prepared during the investigation of any and all use of force incidents involving DEFENDANT RYAN MCMAHON from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the terms "incident reports" and "use of force."  The Request also seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* <u>Kelly v. City of San Jose</u>, 114 F.R.D.

---

653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.  Pursuant to Penal Code § 832.7, such production is limited to use of force incidents involving discharge of a firearm at a person and use of force resulting in death or great bodily injury.  As mentioned above, such production does not include on-going investigations (*see* Declaration of Lieutenant Robert Knight served herewith).  Please note that documents related to Penal Code 832.7 (officer involved shootings, use of force resulting in death or GBI, and sustained findings pursuant to Penal Code 832.7) can be found on the Vallejo Police Department's website (https://www.cityofvallejo.net/cms/One.aspx?portalId=13506&pageId=15359550).

**REQUEST NO. 33:**

ANY AND ALL incident reports prepared during the investigation of any and all use of force incidents involving DEFENDANT COLLIN EATON from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the terms "incident reports" and "use of force."  The Request also seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't

Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.  Pursuant to Penal Code § 832.7, such production is limited to use of force incidents involving discharge of a firearm at a person and use of force resulting in death or great bodily injury.  As mentioned above, such production does not include on-going investigations (*see* Declaration of Lieutenant Robert Knight served herewith).  Please note that documents related to Penal Code 832.7 (officer involved shootings, use of force resulting in death or GBI, and sustained findings pursuant to Penal Code 832.7) can be found on the Vallejo Police Department's website (https://www.cityofvallejo.net/cms/One.aspx?portalId=13506&pageId=15359550).

**REQUEST NO. 34:**

ANY AND ALL incident reports prepared during the investigation of any and all use of force incidents involving DEFENDANT JORDAN PATZER from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the terms "incident reports" and "use of force."  The Request also seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.  Pursuant to Penal Code § 832.7, such production is limited to use of force incidents involving discharge of a firearm at a person and use of force resulting in death or great bodily injury.  Please note that documents related to Penal Code 832.7 (officer involved shootings, use of force resulting in death or GBI, and sustained findings pursuant to Penal Code 832.7) can be found on the Vallejo Police Department's website (https://www.cityofvallejo.net/cms/One.aspx?portalId=13506&pageId=15359550).

**REQUEST NO. 35:**

ANY AND ALL incident reports prepared during the investigation of any and all use of force incidents involving DEFENDANT BRYAN GLICK from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the terms "incident reports" and "use of force."  The Request also seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.  Pursuant to Penal Code § 832.7, such production is limited to use of force incidents involving discharge of a firearm at a person and use of force

---

Case No. 2:19-cv-01191-JAM-CKD

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

**-27-**

381451.1

resulting in death or great bodily injury.  Please note that documents related to Penal Code 832.7 (officer involved shootings, use of force resulting in death or GBI, and sustained findings pursuant to Penal Code 832.7) can be found on the Vallejo Police Department's website (https://www.cityofvallejo.net/cms/One.aspx?portalId=13506&pageId=15359550).

**REQUEST NO. 36:**

ANY AND ALL incident reports prepared during the investigation of any and all use of force incidents involving DEFENDANT ANTHONY ROMERO-CANO from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the terms "incident reports" and "use of force."  The Request also seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.  Pursuant to Penal Code § 832.7, such production is limited to use of force incidents involving discharge of a firearm at a person and use of force resulting in death or great bodily injury.  Please note that documents related to Penal Code 832.7 (officer involved shootings, use of force resulting in death or GBI, and sustained findings pursuant to Penal Code 832.7) can be found on the Vallejo Police Department's website (https://www.cityofvallejo.net/cms/One.aspx?portalId=13506&pageId=15359550).

---

Case No. 2:19-cv-01191-JAM-CKD

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

**-28-**

**REQUEST NO. 37**:

ANY AND ALL DOCUMENTS which memorialize and/or track DEFENDANT MARK THOMPSON use of force incidents from five years prior to the INCIDENT up and until the date of production.

**RESPONSE**:

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  Furthermore, the Request is vague because it fails to define the term "use of force."  Complaints about force other than the alleged force here, or complaints about dissimilar factual scenarios, are irrelevant and not proportional to the needs of the case.  *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28). The Request is unduly burdensome because it effectively seeks every piece of paper, digital file, etc. ever generated relating to use of force (*see* Declaration of Lieutenant Robert Knight served herewith).  The request is also repetitive of Request No. 31.

For the foregoing reasons, Responding Party shall not release all documents responsive to this request.  Responding Party requests an opportunity to meet and confer to clarify precisely what documents Plaintiff is seeking.

**REQUEST NO. 38**:

ANY AND ALL DOCUMENTS which memorialize and/or track DEFENDANT RYAN MCMAHON use of force incidents from five years prior to the INCIDENT up and until the date of production.

**RESPONSE**:

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL

Case No. 2:19-cv-01191-JAM-CKD

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

-29-

381451.1

3533221, at *3-4 (N.D. Cal. June 3, 2015).  Furthermore, the Request is vague because it fails to define the term "use of force."  Complaints about force other than the alleged force here, or complaints about dissimilar factual scenarios, are irrelevant and not proportional to the needs of the case.  *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28). The Request is unduly burdensome because it effectively seeks every piece of paper, digital file, etc. ever generated relating to use of force (*see* Declaration of Lieutenant Robert Knight served herewith).  The request is also repetitive of Request No. 32.

For the foregoing reasons, Responding Party shall not release all documents responsive to this request.  Responding Party requests an opportunity to meet and confer to clarify precisely what documents Plaintiff is seeking.

**REQUEST NO. 39:**

ANY AND ALL DOCUMENTS which memorialize and/or track DEFENDANT COLLIN EATON use of force incidents from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  *See* Campbell v. Facebook Inc., No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  Furthermore, the Request is vague because it fails to define the term "use of force."  Complaints about force other than the alleged force here, or complaints about dissimilar factual scenarios, are irrelevant and not proportional to the needs of the case.  *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28). The Request is unduly burdensome because it effectively seeks every piece of

paper, digital file, etc. ever generated relating to use of force (*see* Declaration of Lieutenant

Robert Knight served herewith).  The request is also repetitive of Request No. 33.

For the foregoing reasons, Responding Party shall not release all documents responsive to

this request.  Responding Party requests an opportunity to meet and confer to clarify precisely

what documents Plaintiff is seeking.

**REQUEST NO. 40:**

ANY AND ALL DOCUMENTS which memorialize and/or track DEFENDANT

JORDAN PATZER use of force incidents from five years prior to the INCIDENT up and until

the date of production.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the

needs of the case.  *See* <u>Campbell v. Facebook Inc.</u>, No. 13-CV-0599-6PJH (MEJ), 2015 WL

3533221, at *3-4 (N.D. Cal. June 3, 2015).  Furthermore, the Request is vague because it fails to

define the term "use of force."  Complaints about force other than the alleged force here, or

complaints about dissimilar factual scenarios, are irrelevant and not proportional to the needs of

the case.  *See* <u>Lacy v. Palmer</u>, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D.

Cal. May 7, 2013; and <u>Cathey v. City of Vallejo</u>, No. 2:14-cv-01749-JAM-AC, 2016 WL

792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to

Request No. 28). The Request is unduly burdensome because it effectively seeks every piece of

paper, digital file, etc. ever generated relating to use of force (*see* Declaration of Lieutenant

Robert Knight served herewith).  The request is also repetitive of Request No. 34.

For the foregoing reasons, Responding Party shall not release all documents responsive to

this request.  Responding Party requests an opportunity to meet and confer to clarify precisely

what documents Plaintiff is seeking.

**REQUEST NO. 41:**

ANY AND ALL DOCUMENTS which memorialize and/or track DEFENDANT

BRYAN GLICK use of force incidents from five years prior to the INCIDENT up and until the

date of production.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the

needs of the case.  *See* <u>Campbell v. Facebook Inc.</u>, No. 13-CV-0599-6PJH (MEJ), 2015 WL

3533221, at *3-4 (N.D. Cal. June 3, 2015).  Furthermore, the Request is vague because it fails to

define the term "use of force."  Complaints about force other than the alleged force here, or

complaints about dissimilar factual scenarios, are irrelevant and not proportional to the needs of

the case.  *See* <u>Lacy v. Palmer</u>, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D.

Cal. May 7, 2013; and <u>Cathey v. City of Vallejo</u>, No. 2:14-cv-01749-JAM-AC, 2016 WL

792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to

Request No. 28). The Request is unduly burdensome because it effectively seeks every piece of

paper, digital file, etc. ever generated relating to use of force (*see* Declaration of Lieutenant

Robert Knight served herewith).  The request is also repetitive of Request No. 35.

For the foregoing reasons, Responding Party shall not release all documents responsive to

this request.  Responding Party requests an opportunity to meet and confer to clarify precisely

what documents Plaintiff is seeking.

**REQUEST NO. 42:**

ANY AND ALL DOCUMENTS viewed, reviewed and/or approved by

DEFENDANT ANDREW BIDOU, related to the subject incident.

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is

not proportional to the needs of the case.  *See* <u>Campbell v. Facebook Inc.</u>, No. 13-CV-0599-6PJH

(MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  The Request also requests

---

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

information possibly falling under the attorney-client privilege and/or attorney-work product privilege.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 43:**

ANY AND ALL DOCUMENTS viewed, reviewed and/or approved by DEFENDANT ANDREW BIDOU, related to internal affairs investigations involving ANY AND ALL VALLEJO POLICE OFFICERS.

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  *See* *Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  The Request also requests information possibly falling under the attorney-client privilege and/or attorney-work product privilege.  Furthermore, the Request asks for all documents relating to any internal affairs investigation for any Vallejo Police officer, thereby seeking records for non-party defendants.  Internal Affairs investigations about force other than the alleged force here, or complaints about dissimilar factual scenarios, are not proportional to the needs of the case.  *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D.

677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

For the foregoing reasons, Responding Party shall not release all documents responsive to this request as it relates to any and all internal affairs investigations.  To the extent Plaintiff is requesting such documents pertaining to the named Defendant officers, Responding Party, without waiving these objections and upon entry of a valid protective order, will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.  This excludes the on-going investigations pertaining to Officer Ryan McMahon and Officer Collin Eaton (*see* Declaration of Lieutenant Robert Knight served herewith).

**REQUEST NO. 44:**

ANY AND ALL DOCUMENTS viewed, reviewed and/or approved by DEFENDANT ANDREW BIDOU, related to ANY AND ALL investigation involving allegations of VALLEJO POLICE OFFICERS engaging in excessive force, false arrest, intimidation, harassment, conduct unbecoming of an officer or fabricating an official VALLEJO POLICE DEPARTMENT record, from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  The Request also requests information possibly falling under the attorney-client privilege and/or attorney-work product privilege.  Furthermore, the Request asks for all documents relating to any internal affairs investigation for any Vallejo Police officer, thereby seeking records for non-party defendants. Internal Affairs investigations about force other than the alleged force here, or complaints about dissimilar factual scenarios, are not proportional to the needs of the case. *See Lacy v. Palmer,*

No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

For the foregoing reasons, Responding Party shall not release all documents responsive to this request as it relates to any and all investigations. To the extent Plaintiff is requesting such documents pertaining to the named Defendant officers, Responding Party, without waiving these objections and upon entry of a valid protective order, will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case. This excludes the on-going investigations pertaining to Officer Ryan McMahon and Officer Collin Eaton (*see* Declaration of Lieutenant Robert Knight served herewith).

**REQUEST NO. 45:**

ANY AND ALL DOCUMENTS which memorialize and/or track ANY AND ALL VALLEJO POLICE OFFICERS use of force incidents from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* Campbell v. Facebook Inc., No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore, the Request is vague because it fails to define the terms "memorialize" or "use of force." The Request potentially asks for every document, file, etc. that mentions potential use of force for any Vallejo Police

---

officer, thereby seeking records for non-party defendants.  This is would undoubtedly include circumstances that are quite different than Plaintiff's case.  *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

For the foregoing reasons, Responding Party shall not release all documents responsive to this request.  Responding Party requests clarification before making a good faith search for additional documents not included in the disclosures.  If Plaintiff is simply requesting internal, statistical data collected by Vallejo Police Department, Responding Party agrees to search for and turn over any such documents in their possession, custody, or control.  To the extent Plaintiff requests all police reports, body cameras, 911 calls, citizen complaints, etc. associated with that statistical data, Responding Party objects as such request would be unduly burdensome and not proportional to the needs of the case (*see* Declaration of Lieutenant Robert Knight served herewith).  Please note that documents related to Penal Code 832.7 (officer involved shootings, use of force resulting in death or GBI, and sustained findings pursuant to Penal Code 832.7) can be found on the Vallejo Police Department's website (https://www.cityofvallejo.net/cms/One.aspx?portalId=13506&pageId=15359550).

///

///

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

**REQUEST NO. 46:**

ANY AND ALL DOCUMENTS which memorialize and/or track citizen complaints filed against ANY AND ALL VALLEJO POLICE DEPARTMENT officers from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* <u>Campbell v. Facebook Inc.</u>, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore, the Request is vague because it fails to define the terms "memorialize" or "complaints." The Request potentially asks for every document, file, etc. that mentions use of force for any Vallejo Police officer, thereby seeking records for non-party defendants. This would undoubtedly include circumstances that are quite different than Plaintiff's case. *See* <u>Lacy v. Palmer</u>, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and <u>Cathey v. City of Vallejo</u>, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See* <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

For the foregoing reasons, the Responding Party shall not release all documents responsive to this request. Responding Party requests clarification before making a good faith search for additional documents not included in the disclosures. If Plaintiff is simply requesting internal, statistical data collected by Vallejo Police Department, Responding Party agrees to search for and turn over any such documents in their possession, custody, or control. To the

---

Case No. 2:19-cv-01191-JAM-CKD

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

381451.1

extent Plaintiff requests all police reports, body cameras, 911 calls, citizen complaints, etc. associated with that statistical data, Responding Party objects as such request would be unduly burdensome and not proportional to the needs of the case (*see* Declaration of Lieutenant Robert Knight served herewith).

**REQUEST NO. 47:**

ANY AND ALL statements recorded by any means, made by ALL percipient witnesses to the INCIDENT whether or not signed AND acknowledged by the PERSON giving AND taking the statement.

**RESPONSE:**

Objection: This request is vague, confusing, and seeks information that is not proportional to the needs of the case.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are relevant and proportional to the needs of the case.

**REQUEST NO. 48:**

ANY AND ALL training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO the use of body worn cameras by VALLEJO POLICE DEPARTMENT Officers.

**RESPONSE:**

Objection: This Request is ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the terms "worksheet," "diagram," and "workbook."

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are relevant and proportional to the needs of the case.

**REQUEST NO. 49:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO use of body worn cameras.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague because it fails to define the term "directives."

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 50:**

ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court and/or federal civil actions where DEFENDANT MARK THOMPSON was named as a Defendant.

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  The Request asks for all documents pertaining a state or federal case involving Officer Thompson as a defendant, even if those cases are not a similar factual scenario.  *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).  It also calls for materials potentially protected by the attorney-client privilege.

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  Finally, the Request is overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

For the foregoing reasons, the Responding Party shall not release all documents responsive to this request.  Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all case (or docket) numbers responsive to this request in its possession, custody, or control that are proportional to the needs of the case.

    a.  Carl Edwards v. City of Vallejo, et al. Case No. 2:18-cv-02434-MCE-AC

    b.  Michael Sanz v. City of Vallejo, et al. Case No. 2:19-cv-02134-TLN-DB

    c.  Devell Wilson v. City of Vallejo, et al. Case No. 2:19-cv-02116-JAM-AC (case was dismissed)

## REQUEST NO. 51:

ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court and/or federal civil actions where DEFENDANT RYAN MCMAHON was named as a Defendant.

## RESPONSE:

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  *See* <u>Campbell v. Facebook Inc.</u>, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  The Request asks for all documents pertaining a state or federal case involving Officer McMahon as a defendant, even if those cases are not a similar factual scenario.  *See* <u>Lacy v. Palmer</u>, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and <u>Cathey v. City of Vallejo</u>, No. 2:14-cv-01749-

JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).  It also calls for materials potentially protected by the attorney-client privilege.

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  Finally, the Request is overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

For the foregoing reasons, the Responding Party shall not release all documents responsive to this request.  Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all case (or docket) numbers responsive to this request in its possession, custody, or control that are proportional to the needs of the case.

a.   I.F. (Foster), et al. v. City of Vallejo, et al. Case No. 2:18-cv-00673-JAM-CKD

**REQUEST NO. 52:**

ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court and/or federal civil actions where DEFENDANT COLLIN EATON was named as a Defendant.

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  *See* *Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  The Request asks for all documents pertaining a state or federal case involving Officer Eaton as a defendant, even if those cases are not a similar factual scenario.  *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both

1  cases in response to Request No. 28).  It also calls for materials potentially protected by the

2  attorney-client privilege.

3        Furthermore, this Request seeks information protected by the Official Information

4  Privilege as disclosure of the requested documents would interfere with the operations of the

5  Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* <u>Kelly</u>

6  <u>v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D.

7  677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043

8  et seq.  Finally, the Request is overly burdensome (*see* Declaration of Lieutenant Robert Knight

9  served herewith).

10        For the foregoing reasons, the Responding Party shall not release all documents

11  responsive to this request.  Without waiving these objections, and upon entry of a valid

12  protective order, Responding Party will produce all case (or docket) numbers responsive to this

13  request in its possession, custody, or control that are proportional to the needs of the case.

14  Currently, Responding Party is unaware of a case name/number where Officer Eaton is a named

15  defendant.

16

17  **REQUEST NO. 53:**

18        ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court

19  and/or federal civil actions where DEFENDANT JORDAN PATZER was named as a

20  Defendant.

21  **RESPONSE:**

22        Objection: This Request is vague, ambiguous, overbroad, and seeks information that is

23  not proportional to the needs of the case.  *See* <u>Campbell v. Facebook Inc.</u>, No. 13-CV-0599-6PJH

24  (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  The Request asks for all documents

25  pertaining a state or federal case involving Officer Patzer as a defendant, even if those cases are

26  not a similar factual scenario.  *See* <u>Lacy v. Palmer</u>, No. 12-cv-06240MMA (JMA), 2013 WL

27  12071638, at *1 (S.D. Cal. May 7, 2013; and <u>Cathey v. City of Vallejo</u>, No. 2:14-cv-01749-

28

Case No. 2:19-cv-01191-JAM-CKD                  **CITY OF VALLEJO'S RESPONSE**
**TO PLAINTIFFS' REQUEST FOR**
**PRODUCTION OF DOCUMENTS (1)**

**-42-**

381451.1

JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).  It also calls for materials potentially protected by the attorney-client privilege.

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  Finally, the Request is overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

For the foregoing reasons, the Responding Party shall not release all documents responsive to this request.  Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all case (or docket) numbers responsive to this request in its possession, custody, or control that are proportional to the needs of the case.  Currently, Responding Party is unaware of a case name/number where Officer Patzer is a named defendant.

**REQUEST NO. 54:**

ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court and/or federal civil actions where DEFENDANT BRYAN GLICK was named as a Defendant.

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  *See* Campbell v. Facebook Inc., No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  The Request asks for all documents pertaining a state or federal case involving Officer Glick as a defendant, even if those cases are not a similar factual scenario.  *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-

JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).  It also calls for materials potentially protected by the attorney-client privilege.

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  Finally, the Request is overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

For the foregoing reasons, the Responding Party shall not release all documents responsive to this request.  Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all case (or docket) numbers responsive to this request in its possession, custody, or control that are proportional to the needs of the case.  Currently, Responding Party is unaware of a case name/number where Officer Eaton is a named defendant.

**REQUEST NO. 55:**

ANY AND ALL DOCUMENTS PERTAINING TO ANY AND ALL superior court and/or federal civil actions where DEFENDANT ANTHONY ROMERO-CANO was named as a Defendant.

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  *See* Campbell v. Facebook Inc., No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  The Request asks for all documents pertaining a state or federal case involving Officer Romero-Cano as a defendant, even if those cases are not a similar factual scenario.  *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA),

2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).  It also calls for materials potentially protected by the attorney-client privilege.

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  Finally, the Request is overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

For the foregoing reasons, the Responding Party shall not release all documents responsive to this request.  Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all case (or docket) numbers responsive to this request in its possession, custody, or control that are proportional to the needs of the case.  Currently, Responding Party is unaware of a case name/number where Officer Eaton is a named defendant.

**REQUEST NO. 56:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO felony car stops.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague and ambiguous because it fails to define the term "directives."

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 57:**

ANY AND ALL VALLEJO POLICE DEPARTMENT training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO felony car stops.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague and ambiguous because it fails to define the terms "worksheet," "diagram," and "workbook."  The Request is also overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 58:**

ANY and ALL public statements made by ANY VALLEJO POLICE DEPARTMENT EMPLOYEE related to ANY use of force incident involving VALLEJO POLICE OFFICERS, including but not limited to the public statement related to the subject incident involving Decedent McCoy, from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague and ambiguous because it fails to define the terms "public statements" or "use of force."  The Request also asks seeks statements relating to any use of force incident involving any Vallejo Police officer, thereby seeking records for non-party defendants.  Incidents involving force other than the alleged force here, or complaints

about dissimilar factual scenarios, are irrelevant and not proportional to the needs of the case. *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013); Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (discussed in detail in Response No. 28).  The Request is also overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.  For the foregoing reasons, Responding Party will limit responsive documents to written public statements made by Vallejo Police Department relating to Decedent McCoy.

**REQUEST NO. 59:**

ANY AND ALL training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO the racial profiling and/or implicit bias by VALLEJO POLICE OFFICERS.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague and ambiguous because it fails to define the terms "worksheet," "diagram," and "workbook."  The Request is also overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 60:**

ANY AND ALL VALLEJO POLICE DEPARTMENT policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO racial profiling and/or implicit bias by VALLEJO POLICE OFFICERS .

---

Case No. 2:19-cv-01191-JAM-CKD

**CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

**-47-**

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague and ambiguous because it fails to define the terms "orders" and "directives."

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.

**REQUEST NO. 61:**

ALL AND ALL DOCUMENTS related to the report and/or investigation of allegations of racism involving ANY VALLEJO POLICE OFFICER, from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  Furthermore, the Request is vague and ambiguous because it fails to define the term "allegations."  The Request also asks for all documents in any way related to allegations of racism involving any Vallejo Police officer, thereby seeking records for non-party defendants.  *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043

et seq.  The Request is also overly burdensome (*see* Declaration of Lieutenant Robert Knight

served herewith).

Without waiving these objections, and upon entry of a valid protective order, Responding

Party will produce all responsive, non-privileged documents in its possession, custody, or control

that are proportional to the needs of the case.  Such search is limited to the Defendant officers

named in the Complaint.

**REQUEST NO. 62:**

ALL AND ALL DOCUMENTS related to the report and/or investigation of allegations

that ANY VALLEJO POLICE OFFICER has obtained matching tattoos, from five years prior to

the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is

not proportional to the needs of the case.  *See* <u>Campbell v. Facebook Inc.</u>, No. 13-CV-0599-6PJH

(MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  The Request also asks for all

documents in any way related to matching tattoos, thereby seeking records for non-party

defendants.  *See* <u>Lacy v. Palmer</u>, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D.

Cal. May 7, 2013; and <u>Cathey v. City of Vallejo</u>, No. 2:14-cv-01749-JAM-AC, 2016 WL

792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to

Request No. 28).

Furthermore, this Request seeks information protected by the Official Information

Privilege as disclosure of the requested documents would interfere with the operations of the

Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* <u>Kelly</u>

<u>v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal. 1987); <u>Martinez v. City of Stockton</u>, 132 F.R.D.

677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043

et seq.  *See also* Declaration of Lieutenant Robert Knight served herewith.

---

**Case No. 2:19-cv-01191-JAM-CKD**

**CITY OF VALLEJO'S RESPONSE
TO PLAINTIFFS' REQUEST FOR
PRODUCTION OF DOCUMENTS (1)**

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.  Such search is limited to the Defendant officers named in the Complaint.  To the extent an investigation is ongoing, Responding Party will not turn over such documents until the completion of the investigation.  Without referring to on-going investigations, Responding Party does not possess any documents responsive to this Request.

**REQUEST NO. 63:**

ALL AND ALL DOCUMENTS related to the report and/or investigation of allegations that ANY VALLEJO POLICE OFFICERS made unauthorized inscriptions and/or markings on their duty equipment (i.e. firearm, taser gun, baton, etc.), from five years prior to the INCIDENT up and until the date of production.

**RESPONSE:**

Objection: This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case.  *See* _Campbell v. Facebook Inc._, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).  The Request asks for all documents relating to allegations that any Vallejo Police officer made unauthorized inscriptions on their duty weapon, thereby seeking records for non-party defendants.  *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 28).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers.  *See* Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Martinez v. City of Stockton, 132 F.R.D.

677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

Without waiving these objections, and upon entry of a valid protective order, Responding Party will produce all responsive, non-privileged documents in its possession, custody, or control that are proportional to the needs of the case.  Such search is limited to the Defendant officers named in the Complaint. To the extent an investigation is ongoing, Responding Party will not turn over such documents until the completion of the investigation (*see* Declaration of Lieutenant Robert Knight served herewith).  Without referring to on-going investigations, Responding Party does not possess any documents responsive to this Request.

**REQUEST NO. 64:**

ANY and ALL public statements made by ANY VALLEJO POLICE DEPARTMENT and/or CITY OF VALLEJO EMPLOYEE related to ANY use of force incident involving VALLEJO POLICE OFFICERS, including but not limited to public statement related to the subject incident involving Decedent Willie McCoy.

**RESPONSE:**

Objection: This Request is overbroad and seeks information that is not proportional to the needs of the case.  Furthermore, the Request is vague and ambiguous because it fails to define the terms "public statements" or "use of force."  The Request also asks seeks statements relating to any use of force incident involving any Vallejo Police officer, thereby seeking records for non-party defendants.  Incidents involving force other than the alleged force here, or complaints about dissimilar factual scenarios, are irrelevant and not proportional to the needs of the case. *See* Lacy v. Palmer, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013); Cathey v. City of Vallejo, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (discussed in detail in Response No. 28).  The Request is also overly burdensome (*see* Declaration of Lieutenant Robert Knight served herewith).

1

2          Without waiving these objections, and upon entry of a valid protective order, Responding

3     Party will produce all responsive, non-privileged documents in its possession, custody, or control

4     that are relevant and proportional to the needs of the case.  For the foregoing reasons, the

5     Responding Party will limit responsive documents to written public statements made by Vallejo

6     Police Department relating to Decedent McCoy.

7     DATED:  June 15, 2020                                      Respectfully submitted,

8

9                                                                           */s/ John B. Robinson*
                                                                          DALE L. ALLEN
10                                                                        JOHN B. ROBINSON
                                                                          Attorney for Defendants
11                                                                        CITY OF VALLEJO, ANDREW BIDOU;
                                                                          GREG NYHOFF; RYAN MCMAHON;
12                                                                        MARK THOMPSON; BRYAN GLICK;
                                                                          ANTHONY CANO; COLIN EATON; and
13                                                                        JORDON PATZER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**Case No. 2:19-cv-01191-JAM-CKD**                                              **CITY OF VALLEJO'S RESPONSE**
                                                                                **TO PLAINTIFFS' REQUEST FOR**
                                                                                **PRODUCTION OF DOCUMENTS (1)**

381451.1

**PROOF OF SERVICE**
McCoy v. City of Vallejo, et al.
Eastern District Case No. 2:19-cv-01191-JAM-CKD

I am a resident of the State of California, over 18 years of age and not a party to the

within action.  I am employed in the County of San Francisco; my business address is: 180

Montgomery Street, Suite 1200, San Francisco, CA 94104.  On June 15, 2020, I served the

within: **CITY OF VALLEJO RESPONSES TO PLAINTIFFS' REQUEST FOR**

**PRODUCTION OF DOCUMENTS, SET ONE** on all parties in this action, as addressed

below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☒    **By United States Mail:**  I enclosed the document in a sealed envelope or package
addressed to the persons at the addresses listed above and placed the envelope/package
for collection and mailing, following our ordinary business practices.  I am readily
familiar with this business's practice for collecting and processing documents for
mailing.  On the same day that the document is placed for collection and mailing, it is
deposited in the ordinary course of business with the United States Postal Service, in a
sealed envelope with postage fully prepaid.  I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is
more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred.  The envelope or
package was placed in the mail at San Francisco, California.

☐    **By Overnight Delivery:**  I enclosed the document(s) in an envelope or package
provided by an overnight delivery carrier and addressed to the persons listed above.  I
placed the envelope or package for collection and overnight delivery at an office or a
regularly utilized drop box of the overnight delivery carrier.

☐    **By Messenger Service:**  I served the documents by placing them in an envelope or
package addressed to the persons at the addresses listed above and providing them to a
professional messenger service for service.

☐    **By E-Mail or Electronic Transmission:**  Based on a court order or an agreement
of the parties to accept service by email or electronic transmission, I caused the
documents to be sent to the persons at the e-mail addresses listed above.  I did not
receive, within a reasonable time after the transmission, any electronic message or
other indication that the transmission was unsuccessful.

☐    (**STATE**)  I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

☒    (**FEDERAL**)  I declare under the laws of the United States of America that I am
employed in the office of a member of the Bar of this court at whose direction the
service was made and that the foregoing is true and correct.

| Case No. 2:19-cv-01191-JAM-CKD | CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1) |
|---|---|

-53-

1

2    Executed on June 15, 2020, at San Francisco, California.

3

4                                                    /s/ Socorro Lee

5                                                    Socorro Lee

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Case No. 2:19-cv-01191-JAM-CKD**                **CITY OF VALLEJO'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (1)**

-54-

381451.1

John L. Burris
Melissa C. Nold
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Ste 1120
Oakland, CA 94621

Attorneys for Plaintiffs
Tel: (510) 839-5200
Fax: (510) 839-3882
Email: john.burris@johnburrislaw.com
         Melissa.nold@johnburrislaw.com

Adante D. Pointer
Patrick Buelna
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Wells Fargo Center
1901 Harrison Street, Ste 1140
Oakland, CA 94612

Attorneys for Plaintiffs
Tel: (510) 929-5400
Email: APointer@LawyersFTP.com
         PBuelna@LawyersFTP.com