# EXHIBIT C

**RANDY J. RISNER**
Interm City Attorney, SBN 172552
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:    (707) 648-4687
Email: randy.risner@cityofvallejo.net

**DALE L. ALLEN, JR., State Bar No. 145279**
dallen@aghwlaw.com
**JOHN B. ROBINSON, State Bar No. 297065**
jrobinson@aghwlaw.com
**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415)697-2000
Facsimile: (415)813-2045

Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU;
GREG NYHOFF; RYAN MCMAHON; MARK THOMPSON;
BRYAN GLICK; ANTHONY CANO; COLIN EATON; and JORDON PATZER

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| KORI MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; MARC MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; LOUIS MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; SHAWNMELL MITCHELL, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; and MARQUITA MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY, <br><br> Plaintiffs, <br><br> vs. | Case No.  2:19-cv-01191-JAM-CKD <br><br> **DECLARATION OF LIEUTENANT ROBERT KNIGHT IN SUPPORT OF CITY OF VALLEJO, ANDREW BIDOU, GREG NYHOFF, RYAN MCMAHON, MARK THOMPSON, BRYAN GLICK, ANTHONY CANO, COLIN EATON, and JORDON PATZER'S RESPONSES TO REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Case No. 2:19-cv-01191-JAM-CKD

DECLARATION IN SUPPORT OF DEFENDANT'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

-1-

381483.1

| | |
|---|---|
| 1 | CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his official capacity as Chief of Police for the City of Vallejo; GREG NYHOFF, in his official capacity as City Manager of the City of Vallejo; RYAN MCMAHON, individually and in his capacity as a City of Vallejo Police Officer; MARK THOMPSON, individually and in his capacity as a City of Vallejo Police Officer; BRYAN GLICK, individually and in his capacity as a City of Vallejo Police Officer; ANTHONY ROMERO-CANO, individually and in his capacity as a City of Vallejo Police Officer; COLLIN EATON, individually and in his capacity as a City of Vallejo Police Officer; JORDAN PATZER, individually and in his capacity as a City of Vallejo Police Officer and DOES 1-50, inclusive. |
| | Defendants. |

I, Lieutenant Robert Knight, do hereby declare as follows:

1. If called as a witness in this matter, I can competently testify to the following matters of fact from personal knowledge. I have reviewed documents within the named officer personnel records to include department personnel files, internal affairs files, and training files. Also, I am very familiar with the incident involving Mr. Willie McCoy and any subsequent departmental investigations.

2. I am employed with the Vallejo Police Department as a police lieutenant within the Support Services Bureau and am the Division Commander of the Professional Standards Division. One of my responsibilities as Professional Standards Division Commander is to oversee all aspects of the Professional Standards Division of the Police Department, including oversight of all department and police officers' personnel records. These personnel records include department personnel files, internal affairs files, citizen complaints and civil complaints against police officers and our

Case No. 2:19-cv-01191-JAM-CKD

DECLARATION IN SUPPORT OF DEFENDANT'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

-2-

381483.1

department, all background investigations files, all administrative files, training files, and medical/psychological files.

3. I have personal knowledge of the documents requested by Plaintiffs to the extent they exist, including departmental complaints and civil complaints, and personnel records, administrative investigations, and the confidential and privileged information requested by Plaintiff related to the INCIDENT (hereinafter "Requested Documents"). The Requested Documents are collected and maintained by the City of Vallejo's Police Department and retained according to the appropriate retention schedules.

4. Vallejo Police Officers have a reasonable expectation of privacy of information contained in their personnel files, including performance evaluations, training history, medical information, personal identifying information, and internal affairs documents pursuant to California law including by not limited to Penal Code § 832.7. The investigation of the INCIDENT is also protected while the investigation is pending to ensure the integrity of the investigation. The confidentiality of the Requested Documents has been maintained except for review within the confines of the Vallejo Police Department and its attorneys.

5. To preserve the confidentiality of the Requested Documents, this department will not allow them to be copied except for the purpose of providing the documents to the public entity's attorneys.

6. Even a carefully crafted Protective Order would not protect the department from the adverse effect of disclosing the Requested Documents, insofar as said documents contain the Police Department's official information like personnel records, disciplinary actions, civil complaints, citizen complaints, and Internal Affairs' reviews and findings. Non-party police officers have a heightened expectation of privacy in this case as no allegations of misconduct are being lodged against them. They are not

Defendants. As a result, identifying information of non-party officers should not be disclosed, even under a protective order. The same is true for third parties or juveniles identified in such documents.

7. Police officers have a privacy interest in protecting such documents from disclosure. The Constitution of the State of California guarantees certain rights to privacy that would be challenged by disclosure to Plaintiff when they are not even marginally relevant to the case at bar. Further, the department's self-critical analysis is intended to better the department as opposed to providing information to Plaintiff or the public at large.

8. The confidentiality of Internal Affairs materials is maintained so that investigators and reviewers may openly discuss the matter, which may include criticizing the officer and/or suggesting ways to improve without fear of civil liability. Disclosure of these records would chill those interests and remove the protections for officers to be candid in order to improve the department.

9. Some of the requested documents are incomplete investigations that remain ongoing. The disclosure of incomplete documents in this scenario could jeopardize active investigations. In regards to Officer McMahon and Officer Eaton, Internal Affairs investigations are pending and incomplete. As such, all evidence and information gathered is subject to a heightened degree of confidentiality as disclosure would likely jeopardize the integrity of the ongoing investigation.

10. Finally, the requests for documents which memorialize and/or track any and all officers' use of force, citizen complaints, any and all documents pertaining to court actions where an officer is named as a defendant, and all documents related to incidents involving alleged racism are unduly burdensome and oppressive. In order to prepare these documents for disclosure, the administrative analyst in the division I supervise

would have to retrieve these documents, apply a confidential watermark apply bate stamp numbers, review each document and manually redact personal identifying information for any officer that is not a named Defendant, review each document and manually redact any information that references a juvenile victim/suspect and victims of certain other crimes, scan the final set into the computer and then finally produce to Plaintiff. The broad language could potentially include police reports, supplemental reports, CAD incident reports, 911 calls, body worn cameras, crime scene photos, police interviews, hand drawn drawings, etc. This task would be very tedious and labor intensive. The administrative analyst is already working in an understaffed Division with an extremely high volume workload. The administrative analyst has no support staff or assistance assigned to her.

11. The administrative analyst in the Internal Affairs office is the only person responsible for that job function, and thus the scope of Plaintiff's request would be unduly burdensome and time-consuming for the department. The other job responsibilities of the administrative analyst include the processing of new citizen complaints and internal investigations, providing litigation support for other lawsuits, public records act requests, processing Government Tort Claims involving the Vallejo Police Department, preparing records and appearing in Court for *Pitchess* Motions as the Custodian of Records, providing all data analysis of IA statistics and regularly distributing statistics to Command Staff, ongoing processing of all Use of Force, Vehicle Pursuit reports, all department involved collisions, processing and notification of all livescan results or all City employees, and all other general administrative support duties to the IA Sergeant and Professional Standards Division Commander.

Case No. 2:19-cv-01191-JAM-CKD

DECLARATION IN SUPPORT OF DEFENDANT'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

-5-

381483.1

1  I declare under penalty of perjury under the law of the State of California that the foregoing
2  is true and correct.
3  Executed on the 27 day of May 2020 at Vallejo, California.

_____
Lieutenant Robert Knight

DATED: June 10, 2020

Respectfully submitted,

_____
JOHN B. ROBINSON
Attorney for Defendants
CITY OF VALLEJO, ANDREW BIDOU;
GREG NYHOFF; RYAN MCMAHON;
MARK THOMPSON; BRYAN GLICK;
ANTHONY CANO; COLIN EATON; and
JORDON PATZER

Case No. 2:19-cv-01191-JAM-CKD

**DECLARATION IN SUPPORT OF DEFENDANT'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

-6-

381483.1

**PROOF OF SERVICE**
McCoy v. City of Vallejo, et al.
Eastern District Case No. 2:19-cv-01191-JAM-CKD

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, CA 94104. On June 15, 2020, I served the within: **DECLARATION OF LIEUTENANT ROBERT KNIGHT IN SUPPORT OF CITY OF VALLEJO, ANDREW BIDOU, GREG NYHOFF, RYAN MCMAHON, MARK THOMPSON, BRYAN GLICK, ANTHONY CANO, COLIN EATON, and JORDON PATZER'S RESPONSES TO REQUEST OF PRODUCTION OF DOCUMENTS** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☒ By United States Mail: I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ By Overnight Delivery: I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ By Messenger Service: I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☐ By E-Mail or Electronic Transmission: Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

DECL IN SUPPORT OF DEFS RPD SET ONE
CASE NO. 2:19-CV-01191-JAM-CKD

359141.1

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on June 15, 2020, at San Francisco, California.

/s/ Socorro Lee
_____
Socorro Lee

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

359141.1

DECL IN SUPPORT OF DEFS RPD SET ONE
CASE NO. 2:19-CV-01191-JAM-CKD

| | |
|---|---|
| John L. Burris<br>Melissa C. Nold<br>LAW OFFICES OF JOHN L. BURRIS<br>Airport Corporate Centre<br>7677 Oakport Street, Ste 1120<br>Oakland, CA 94621 | Attorneys for Plaintiffs<br>Tel: (510) 839-5200<br>Fax: (510) 839-3882<br>Email: john.burris@johnburrislaw.com<br>        Melissa.nold@johnburrislaw.com |
| Adante D. Pointer<br>Patrick Buelna<br>POINTER & BUELNA, LLP<br>LAWYERS FOR THE PEOPLE<br>Wells Fargo Center<br>1901 Harrison Street, Ste 1140<br>Oakland, CA 94612 | Attorneys for Plaintiffs<br>Tel: (510) 929-5400<br>Email: APointer@LawyersFTP.com<br>        PBuelna@LawyersFTP.com |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104