# EXHIBIT G

# COLANTUONO
# HIGHSMITH
# WHATLEY, PC

420 Sierra College Drive, Suite 140
Grass Valley, CA 95945-5091
Voice (530) 432-7357
Fax (530) 432-7356

Andrew C. Rawcliffe
(213) 542-5729
ARawcliffe@chwlaw.us

Our File No. 52003.0022

December 14, 2020

**VIA ELECTRONIC MAIL**

Patrick Buelna, Esq.
Pointer & Buelna, LLP
1901 Harrison St, Suite 1140
Oakland, CA 94612

Re:   *McCoy, et al. v. City of Vallejo, et al*; Case No. E.D. Cal. 2:19-cv-01191-JAM-CKD; Discovery Meet and Confer

Dear Mr. Buelna:

We are in receipt of your emails on December 8 and, as promised, have looked into the issues raised in your earlier email on November 24 concerning the City of Vallejo's discovery responses. Our response to both is discussed below.

1.   **Confidentiality Designations**

As promised on our December 7 teleconference, I've spoken with the City's prior counsel about the issue raised in your November 23 email concerning the City's confidentiality designations. My understanding from that conversation is that there was an agreement between the parties that the City's prior counsel would review and de-designate records, but he was unable to complete that review before the case was transferred to my firm for handling. We plan to pick-up where prior counsel left off, and I assure you many of the records currently designated as confidential will be de-designated, including many of the ones you "formally" challenge in your December 8 email. We hope to complete our review by the end of next week or early the following week. Upon completion of our review, we will produce duplicate copies without the designation so there is no confusion in the proceedings. If this proves difficult to accomplish in this timeframe, we will provide you a list of records we agree to de-designate and will thereafter provide you the copies without the confidentiality stamp.

247930.2

Patrick Buelna, Esq.
December 14, 2020
Page 2

2. **Internal Affairs Investigations and Personnel Records**

Our intent to move to bifurcate trial and phase discovery is not an attempt to withhold any records that the City has previously agreed to provide you and your clients. As I believe I indicated on our call, we truly believe trying and litigating this case in phases provides the most efficient path forward given the nature of the claims, burdens and expense of *Monell* discovery on both parties, the undue prejudice to the individual officers if individual and *Monell* liability are tried together, and the potential to promote settlement.

That said, the City did agree to produce certain records in response to Plaintiffs' requests for production of documents, set one, subject to a protective order, and we plan to abide by that agreement. As I believe you indicated on our call, the specific records you seek are identified below but please correct me if I'm wrong:

1. Internal Affairs records for last five years for excessive force and on honesty issues for the involved officers;

2. Any Internal Affairs records into McMahon's purported bending of his badge;

3. Any drug/alcohol test for last 5 years for the involved officers following a use of force;

4. The involved officers' employment applications; and

5. Any physical and mental fitness assessments for the involved officers.

As to categories 1–3, we will agree to provide them except for IAs that have yet to be completed—which includes the badge bending investigation that is being handled by an independent investigator. However, as I previously stated, we are still in the process of organizing the files we received from prior counsel, and I suspect we may not possess many of these records you are requesting in our files (or at least have not yet confirmed we have complete sets of these records). Thus, we will have to coordinate with the City to ensure we have everything and given the pandemic's effect on its operations we expect this to take a little bit of time. We will, however, work diligently to get you these records as quickly as possible.

247930.2

Patrick Buelna, Esq.
December 14, 2020
Page 3

As to category 4, can you clarify what you are seeking when you ask for the officers' "employment applications"? State statute and regulation establish the minimum hiring standards for hiring a police officer, requiring officers to undergo rigorous background screening. You may colloquially understand this to be an "employment application" but POST regulations use a specific nomenclature for the screening applicants undergo before hiring:

- Background Narrative Report (Commission Regulation ("CR") 1953(g));
- Personal History Statement (CR 1953(c));
- DOJ/FBI Fingerprint Returns and Firearms Clearance (CR 1953(e)(3));
- Driving Record Check (CR 1953(e)(4));
- Local Law Enforcement Agency Record Checks (CR 1953(e)(3));
- Credit Records Check (CR 1953(e)(11));
- Education Verification (CR 1953(e)(5));
- Citizenship/Age Verification (CR 1953(e)(1 and 2));
- Military History Check (CR 1953(e)(10));
- Dissolution of Marriage Check (CR 1953(e)(8));
- Employment History Checks (CR 1953(e)(6));
- Relatives/Personal References Checks (CR 1953(e)(7));
- Neighborhood Checks (CR 1953(e)(9)); and
- Medical/Psychological Clearances (CR 1954(e) and 1955(f)).

The City generally does not produce these personnel records without a Court order given their sensitivity — but we are not certain exactly what, if any, of these records you are seeking.

247930.2

Patrick Buelna, Esq.
December 14, 2020
Page 4

As to category 5, we will agree to provide the Medical/Psychological Clearance determinations (i.e., whether they passed or not) for each involved officer but will not provide the underlying reports. If you're not agreeable, motion practice will be necessary.

3.   **Apex Depositions of Mayor and City Manager**

We received your email about deposing Vallejo's Mayor, Robert Sampayan, and its City Manager, Greg Nyhof in January or February. We think this is premature. First, as we've discussed, we intend to bring a motion to bifurcate and phase discovery. If successful, the depositions would not be relevant to the first phase, as no possible testimony from either would be relevant to proving officer liability for the use of force. Neither was at the scene; each thus lack personal knowledge of the events from which officer liability can be predicated. Second, these are clearly Apex depositions, requiring (i) a showing that each has unique personal knowledge of the facts in issue; and (b) less intrusive means have been exhausted to acquire the information being sought. *Estate of Levingston v. County of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017). Plaintiffs cannot make these threshold showings at this stage of the proceedings.

4.   **Third-Party Witness Depositions**

We, of course, do not represent the other individuals you indicated you would like to depose. Moreover, neither was present at the scene of the incident. We request that these depositions, too, be postponed until after the Court has had an opportunity to resolve our motion to bifurcate.

Please feel free to contact me if you have any questions. I'm happy to discuss and hope we can informally resolve these potential discovery disputes.

Very truly yours,

Andrew C. Rawcliffe by ar

ACR:ar

247930.2

Patrick Buelna, Esq.
December 14, 2020
Page 5

cc:   Adante Pointer, Esq. (via email)
      Melissa Nold, Esq. (via email)
      Carolina Galvin, Esq. (via email)
      Angel Alexander, Esq. (via email)
      Derick E. Konz, Esq. (via email)
      Randy J. Risner, Esq. (via email)
      Michael G. Colantuono, Esq. (via email)

247930.2