UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORI MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY; et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VALLEJO, et al., <br><br> Defendants. | No.  2:19-cv-001191-JAM-CKD <br><br> **ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE** |

On February 9, 2019, City of Vallejo Police Officers fatally shot 20-year-old Willie McCoy fifty-five times while he sat unconscious in his vehicle.  McCoy's siblings (collectively, "Plaintiffs") sued the City of Vallejo, the former chief of police, and the individual police officers involved in the shooting (collectively, "Defendants").  See Compl., ECF No. 1. Defendants initially moved to stay the proceedings and discovery pending the completion of a criminal investigation into the officers' actions or, alternatively, bifurcate and defer trial and discovery for the Monell claim.  See Mot. to Stay and Bifurcate ("Mot."), ECF No. 51.  However, the criminal

1

investigation has since concluded.  Accordingly, Defendants withdraw their request to stay and, instead, only request that the Court bifurcate and defer the Monell claim.  See Andrew Rawcliffe Suppl. Decl., ECF No. 54.

For the reasons set forth below, the Court DENIES Defendants' Motion to Bifurcate.[1]

## I.  BACKGROUND

On June 17, 2019, Plaintiffs filed six causes of action against Defendants pursuant to 42 U.S.C. § 1983 and California law.  See Compl.  The Court presumes the parties are familiar with the events leading up to this suit, so the specific facts will not be reduced into writing again here.  See Order at 2, ECF No. 12.  Following the Court's order on Defendants' motion to dismiss, Plaintiffs filed a first amended complaint.  See First Am. Compl. ("FAC"), ECF No. 14.  Among the amended causes of action are claims against the individual officers for their use of deadly force and a Monell claim against the City of Vallejo and former Chief Andrew Bidou, in his official capacity, alleging McCoy's death was part of a pattern and practice of similar violations.  See FAC ¶¶ 47-69.  Defendants request that the Court bifurcate the individual officers' trial from that of the City of Vallejo.  Mot. at 14-18.  Defendants further request that the Court stay discovery on the Monell claim against the City of Vallejo.  Mot. at 19-20.  Plaintiffs oppose both requests.  See

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for February 9, 2021.

2

Opp'n, ECF No. 55.

## II. OPINION

Courts may order separate trial of claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize." See Fed. R. Civ. P. 42(b). Courts have broad discretion over whether to bifurcate. Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982). Where the court has the power to order separate trials, "[i]t is implicit that the court also [has the] power to limit discovery to the segregated issues." Ellingson Timber Co. v. Great Northern Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970). In addition, courts have considerable latitude to craft protective orders during discovery. See Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing Fed. R. Civ. P. 26(c)). Nonetheless, such orders are only appropriate upon a showing of good cause by the party seeking one. Id. "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." Gray, 133 F.R.D. at 40 (quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

Defendants argue bifurcation is necessary to avoid confusing the jury, to shield the individual officers from undue prejudice, and to promote judicial economy and convenience. See Mot. at 16-18. Plaintiffs argue the segregation of discovery will be futile and bifurcation will, instead, exacerbate the Court's crushing caseload. See Opp'n at 5-11. Plaintiffs' argument wins the day. The Eastern District of California is suffering from an ongoing judicial emergency that has been

1  considerably worsened by the COVID-19 pandemic.[2]  The Eastern
2  District is made up of 34 counties and is equivalent in size to
3  about half the eastern seaboard of the United States.  However,
4  compared with other districts with a similar population size
5  nationwide, it has been allocated the fewest judgeships by far—
6  six—and there are currently only four active District Judges.
7  At present, with 1,118 weighted filings per judge, the district
8  ranks among the highest average weighted caseloads nationwide.

9      Considering the Eastern District's overwhelming caseload,
10 bifurcation would not promote judicial economy and convenience.
11 On the contrary, two separate discovery phases, motion hearings,
12 and trials involving the same incident would be highly
13 inefficient.  Moreover, the parties are approximately six months
14 into discovery and Defendants have already disclosed
15 approximately 13,000 documents, including documents related to
16 Plaintiffs' Monell claim.  Patrick Buelna Decl. ¶ 4, ECF No. 55-
17 6.  And, as Plaintiffs point out, it is possible that discovery
18 related to the Monell claim is similarly discoverable for the
19 claims against the individual officers and vice versa.  See
20 Opp'n at 6-7.  As a result, segregating discovery would be
21 complicated and the resulting phases of discovery would likely
22 be somewhat duplicative.

23    Moreover, the Court does not find Defendants' arguments
24 regarding prejudice to the individual officers and confusion to
25 the jury to be compelling.  Instead, the Court finds that both

---

[2] See In Re Approval of the Judicial Emergency,
http://www.caed.uscourts.gov/caednew/assets/File/Judicial%20Counc
il%20Ea%20Cal%20Emergency%20Decl_%2004_16_2020.pdf.

4

sides ignore a persuasive reason not to bifurcate.  An underlying constitutional violation by an individual officer is a prerequisite to establishing municipal liability.  See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("[N]either Monell . . . nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm.").  However, "[i]t does not follow [] that the trial on individual officer liability should be bifurcated from the trial on plaintiffs' municipal liability claim."  Motley v. City of Fresno, Cal., 2020 WL 3642502, at *2 (E.D. Cal. July 6, 2020).  Bifurcation is a case-specific inquiry that requires a court to compare the claims against an individual officer to the claims against the municipality, as well as the evidence to be presented at trial in support of each.  Id.

Upon doing this analysis, courts often bifurcate when they find that "the evidence relevant to the claims against the individual officers does not overlap in any meaningful way with the evidence relevant to the claims against the [municipality]."  Boyd v. City of San Francisco, 2006 WL 680556, at *2 (N.D. Cal. Mar. 14, 2006); see also Estate of Lopez v. Suhr, 2016 WL 1639547, at *7 (N.D. Cal. Apr. 26, 2016) ("Plaintiffs' claims against Chief Suhr are conceptually distinct from their claims against the Officers; their ratification theory involves only post-shooting facts, while their failure to train theory involves pre-shooting facts that do not directly relate to Perez Lopez's case."); Jones v. City of Chicago, 1999 WL 160228, at *3

(N.D. Ill. Mar. 10, 1999) ("Another factor we consider when faced with a motion to bifurcate is whether the evidence required to prove the respective claims will overlap."). That is not the case here. Much of the evidence that will be presented to establish that the five officers are individually liable overlaps with the evidence required to establish that McCoy's death was part of a pattern and practice of similar violations. In fact, Plaintiffs cannot do the latter without presenting the former. Defendants ignore this and, instead, only deal with the opposite scenario. See Reply at 8-9, ECF No. 56 ("[I]f individual officers' liability is disproven, there can be no trial of Monell claims."). But the Court cannot ignore the fact that Plaintiffs may be successful in establishing the officers' individual liability and, were the claims bifurcated, Plaintiffs would then have to present the same evidence against the five officers in a trial on municipal liability. This scenario would certainly not serve judicial economy.

In sum, bifurcation would be highly inefficient, and Defendants have failed to establish good cause to stay discovery. Accordingly, the Court declines to bifurcate the trials and will not segregate discovery on Plaintiffs' Monell claim.

### III. SANCTIONS

Defendants exceeded the Court's 5-page limit on reply memoranda. See Reply; see also Order re Filing Requirements (Order), ECF No. 4-2. Violations of the Court's standing order require the offending counsel (not the client) to pay $50 per

6

page over the page limit to the Clerk of the Court. Order at 1. Moreover, the Court will not consider arguments made past the page limit. Id. In total, Defendants' reply memorandum exceeded the Court's page limit by 2 pages. Defendants' counsel must therefore send a check payable to the Clerk for the Eastern District of California for $100.00 no later than seven days from the date of this order.

## IV. ORDER

For the reasons set forth above, the Court DENIES Defendants' Motion to Bifurcate.

IT IS SO ORDERED.

Dated: February 3, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE