VERONICA A.F. NEBB
City Attorney, State Bar No. 140001
RANDY J. RISNER
Chief Assistant City Attorney, State Bar No. 172552
KATELYN M. KNIGHT
Assistant City Attorney, State Bar No. 264573
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street
Vallejo, California 94590
Telephone:  (707) 648-4545
Facsimile:  (707) 648-4687
Email:  katelyn.knight@cityofvallejo.net

MICHAEL G. COLANTUONO, State Bar No. 143551
MColantuono@chwlaw.us
ANDREW C. RAWCLIFFE, State Bar No. 259224
ARawcliffe@chwlaw.us
NIKHIL S. DAMLE, State Bar No. 297350
NDamle@chwlaw.us
**COLANTUONO, HIGHSMITH & WHATLEY, PC**
420 Sierra College Drive, Suite 140
Grass Valley, California 95945-5091
Telephone:  (530) 432-7357
Facsimile:  (530) 432-7356

Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, MARK
THOMPSON, BRYAN GLICK, ANTHONY ROMERO-
CANO, COLIN EATON, JORDON PATZER, STEVEN
DARDEN, AND KYLE WYLIE

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORI MCCOY, etc., et al.,<br><br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, etc., et al.,<br><br><br>Defendants. | **CASE NO.: 2:19-cv-01191-JAM-CKD**<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Complaint Filed:  June 27, 2019<br>SAC Filed:  March 26, 2021<br>Trial Date:  August 29, 2022<br>Discovery Cut-off:  March 4, 2022<br>Motion Cut-off:  April 15, 2022 |

261996.3

Defendants City of Vallejo, Andrew Bidou, Mark Thompson, Bryan Glick, Anthony Romero-Cano, Colin Eaton, Jordon Patzer, Steven Darden, and Kyle Wylie (collectively "Defendants") answer the Second Amended Complaint ("SAC") filed herein by Plaintiffs Kori McCoy, Marc McCoy, Louis McCoy, Shawnmell Mitchell, Marquita McCoy, and Barbara Dorsey ("Plaintiffs") as follows:

## INTRODUCTION

1.   Paragraph 1 of the SAC is an Introduction, to which no response is required. To the extent an answer is deemed required, Defendants admit Willie McCoy died in an officer-involved shooting on February 9, 2019. Defendants lack the information or knowledge to admit or deny the remaining allegations in Paragraph 1, and based thereon deny the remaining allegations in Paragraph 1.

2.   Paragraph 2 of the SAC is an Introduction, to which no response is required. To the extent an answer is deemed required, Defendants admit Vallejo Police Department Officers Mark Thompson, Bryan Glick, Anthony Romero-Cano, Colin Eaton, Jordon Patzer and Ryan McMahon responded to 974 Admiral Callaghan Lane on February 9, 2019, and that Willie McCoy had a handgun. Defendants state that the remaining allegations in Paragraph 2 consist mostly of legal theory, conclusions, and argument requiring no response; to the extent that Paragraph 2 contains additional factual allegations, Defendants lack the information or knowledge to admit or deny these allegations, and based thereon deny the allegations in Paragraph 2.

3.   Paragraph 3 of the SAC is an Introduction, to which no response is required. To the extent an answer is deemed required, Defendants state that the remaining allegations in Paragraph 3 consist mostly of legal theory, conclusions, and argument requiring no response; to the extent that Paragraph 3 contains additional factual allegations, Defendants lack the information or knowledge to admit or deny the remaining allegations, and based thereon deny the allegations in Paragraph 3.

4.   Paragraph 4 of the SAC is an Introduction, to which no response is required. To the extent an answer is deemed required, Defendants state that the allegations in Paragraph 4 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 4 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

5.   Paragraph 5 of the SAC is an Introduction, to which no response is required. To the extent an answer is deemed required, Defendants admit Willie McCoy died in an officer-involved shooting on February 9, 2019. Defendants state that the remaining allegations in Paragraph 5 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 5 contains any remaining factual allegations. Defendants lack the information or knowledge to admit or deny the remaining allegations in Paragraph 5, and based thereon deny the remaining allegations.

6.   Paragraph 6 of the SAC is an Introduction, to which no response is required. To the extent an answer is deemed required, Defendants deny the allegations in Paragraph 6.

7.   Paragraph 7 of the SAC is an Introduction, to which no response is required. To the extent an answer is deemed required, Defendants state that the allegations in Paragraph 7 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 7 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

8.   Paragraph 8 of the SAC is an Introduction, to which no response is required. To the extent an answer is deemed required, Defendants state that the allegations in Paragraph 8 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 8 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

9.   Paragraph 9 of the SAC is an Introduction, to which no response is required. To the extent an answer is deemed required, Defendants state that the allegations in Paragraph 9 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 9 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

## JURISDICTION

10. In answer to Paragraph 10 of the SAC, Defendants admit that Willie McCoy died in Vallejo, California. Defendants state that the remaining allegations in Paragraph 10 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 10

///

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

1    contains any remaining factual allegations, Defendants deny each and every allegation contained

2    therein.

3                                        **PARTIES**

4        11. In answer to Paragraph 11 of the SAC, Defendants lack the information or knowledge to

5    admit or deny this allegation, and based thereon deny the allegations in Paragraph 11.

6        12. In answer to Paragraph 12 of the SAC, Defendants state that the allegations in Paragraph 12

7    consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

8    extent that Paragraph 12 contains any remaining factual allegations, Defendants deny each and every

9    allegation contained therein. Defendants further lack the information or knowledge to admit or deny

10   allegations relating to Plaintiff, and based thereon deny the allegations in Paragraph 12.

11       13. In answer to Paragraph 13 of the SAC, Defendants state that the allegations in Paragraph 13

12   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

13   extent that Paragraph 13 contains any remaining factual allegations, Defendants deny each and every

14   allegation contained therein. Defendants further lack the information or knowledge to admit or deny

15   allegations relating to Plaintiff, and based thereon deny the allegations in Paragraph 13.

16       14. In answer to Paragraph 14 of the SAC, Defendants state that the allegations in Paragraph 14

17   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

18   extent that Paragraph 14 contains any remaining factual allegations, Defendants deny each and every

19   allegation contained therein. Defendants further lack the information or knowledge to admit or deny

20   allegations relating to Plaintiff, and based thereon deny the allegations in Paragraph 14.

21       15. In answer to Paragraph 15 of the SAC, Defendants state that the allegations in Paragraph 15

22   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

23   extent that Paragraph 15 contains any remaining factual allegations, Defendants deny each and every

24   allegation contained therein. Defendants further lack the information or knowledge to admit or deny

25   allegations relating to Plaintiff, and based thereon deny the allegations in Paragraph 15.

26       16. In answer to Paragraph 16 of the SAC, Defendants state that the allegations in Paragraph 16

27   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

28   extent that Paragraph 16 contains any remaining factual allegations, Defendants deny each and every

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

allegation contained therein. Defendants further lack the information or knowledge to admit or deny allegations relating to Plaintiff, and based thereon deny the allegations in Paragraph 16.

17. In answer to Paragraph 17 of the SAC, Defendants state that the allegations in Paragraph 17 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 17 contains any remaining factual allegations, Defendants deny each and every allegation contained therein. Defendants further lack the information or knowledge to admit or deny allegations relating to Plaintiff, and based thereon deny the allegations in Paragraph 17.

18. In answer to Paragraph 18 of the SAC, Defendants admit the allegations in Paragraph 18 of the SAC.

19. In answer to Paragraph 19 of the SAC, Defendants admit Andrew Bidou was Chief of Police for the Vallejo Police Department on February 9, 2019. Defendants state that the remaining allegations in Paragraph 19 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 19 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

20. In answer to Paragraph 20 of the SAC, Defendants admit Ryan McMahon was a police officer for the Vallejo Police Department on February 9, 2019. Defendants state that the remaining allegations in Paragraph 20 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 20 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

21. In answer to Paragraph 21 of the SAC, Defendants admit Mark Thompson was a police officer for the Vallejo Police Department on February 9, 2019. Defendants state that the remaining allegations in Paragraph 21 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 21 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

22. In answer to Paragraph 22 of the SAC, Defendants admit Jordon Patzer was a police officer for the Vallejo Police Department on February 9, 2019. Defendants state that the remaining allegations in Paragraph 22 consist entirely of legal theory, conclusions, and argument requiring no

///

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

1   response; however, to the extent that Paragraph 22 contains any remaining factual allegations,

2   Defendants deny each and every allegation contained therein.

3   23. In answer to Paragraph 23 of the SAC, Defendants admit Bryan Glick was a police officer for

4   the Vallejo Police Department on February 9, 2019. Defendants state that the remaining allegations

5   in Paragraph 23 consist entirely of legal theory, conclusions, and argument requiring no response;

6   however, to the extent that Paragraph 23 contains any remaining factual allegations, Defendants

7   deny each and every allegation contained therein.

8   24. In answer to Paragraph 24 of the SAC, Defendants admit Anthony Romero-Cano was a

9   police officer for the Vallejo Police Department on February 9, 2019. Defendants state that the

10   remaining allegations in Paragraph 24 consist entirely of legal theory, conclusions, and argument

11   requiring no response; however, to the extent that Paragraph 24 contains any remaining factual

12   allegations, Defendants deny each and every allegation contained therein.

13   25. In answer to Paragraph 25 of the SAC, Defendants admit Colin Eaton was a police officer for

14   the Vallejo Police Department on February 9, 2019. Defendants state that the remaining allegations

15   in Paragraph 25 consist entirely of legal theory, conclusions, and argument requiring no response;

16   however, to the extent that Paragraph 25 contains any remaining factual allegations, Defendants

17   deny each and every allegation contained therein.

18   26. In answer to Paragraph 26 of the SAC, Defendants admit Steve Darden was a police officer

19   for the Vallejo Police Department on February 9, 2019. Defendants state that the remaining

20   allegations in Paragraph 26 consist entirely of legal theory, conclusions, and argument requiring no

21   response; however, to the extent that Paragraph 26 contains any remaining factual allegations,

22   Defendants deny each and every allegation contained therein.

23   27. In answer to Paragraph 27 of the SAC, Defendants admit Kyle Wylie was a police officer for

24   the Vallejo Police Department on February 9, 2019. Defendants state that the remaining allegations

25   in Paragraph 27 consist entirely of legal theory, conclusions, and argument requiring no response;

26   however, to the extent that Paragraph 27 contains any remaining factual allegations, Defendants

27   deny each and every allegation contained therein.

28   ///

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

28. In answer to Paragraph 28 of the SAC, Defendants state that the allegations in Paragraph 28 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 28 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

29. In answer to Paragraph 29 of the SAC, Defendants state that the allegations in Paragraph 29 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 29 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

30. In answer to Paragraph 30 of the SAC, Defendants state that the allegations in Paragraph 30 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 30 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

31. In answer to Paragraph 31 of the SAC, Defendants state that the allegations in Paragraph 31 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 31 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

32. In answer to Paragraph 32 of the SAC, Defendants admit the allegations in Paragraph 32.

## **STATEMENT OF FACTS**

33. In answer to Paragraph 33 of the SAC, Defendants lack the information or knowledge to admit or deny this allegation, and based thereon denies the allegations in Paragraph 33.

34. In answer to Paragraph 34 of the SAC, Defendants admit Vallejo Police Department Officers Mark Thompson, Bryan Glick, Anthony Romero-Cano, Colin Eaton, Jordon Patzer and Ryan McMahon responded to 974 Admiral Callaghan Lane on February 9, 2019. Defendants lack the information or knowledge to admit or deny the remaining allegations in Paragraph 34, and based thereon denies the remaining allegations.

35. In answer to Paragraph 35 of the SAC, Defendants state that the allegations in Paragraph 35 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

///

261996.3

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

1    extent that Paragraph 35 contains any remaining factual allegations, Defendants deny each and every

2    allegation contained therein.

3        36. In answer to Paragraph 36 of the SAC, Defendants admit that Willie McCoy had a gun in his

4    lap and his door was locked. Defendants state that the remaining allegations in Paragraph 36 consist

5    entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that

6    Paragraph 36 contains any remaining factual allegations, Defendants deny each and every allegation

7    contained therein.

8        37. In answer to Paragraph 37 of the SAC, Defendants admit Officer Romero-Cano called the

9    presence of a gun in to dispatch. Defendants state that the remaining allegations in Paragraph 37

10   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

11   extent that Paragraph 37 contains any remaining factual allegations, Defendants deny each and every

12   allegation contained therein.

13       38. In answer to Paragraph 38 of the SAC, Defendants deny the allegations in Paragraph 38.

14       39. In answer to Paragraph 39 of the SAC, Defendants state that the allegations in Paragraph 39

15   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

16   extent that Paragraph 39 contains any remaining factual allegations, Defendants deny each and every

17   allegation contained therein.

18       40. In answer to Paragraph 40 of the SAC, Defendants state that the allegations in Paragraph 40

19   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

20   extent that Paragraph 40 contains any remaining factual allegations, Defendants deny each and every

21   allegation contained therein.

22       41. In answer to Paragraph 41 of the SAC, Defendants state that the allegations in Paragraph 41

23   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

24   extent that Paragraph 41 contains any remaining factual allegations, Defendants deny each and every

25   allegation contained therein.

26       42. In answer to Paragraph 42 of the SAC, Defendants admit Officer Ryan McMahon discharged

27   his firearm on February 9, 2019. Defendants state that the remaining allegations in Paragraph 42

28   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

1  extent that Paragraph 42 contains any remaining factual allegations, Defendants deny each and every

2  allegation contained therein.

3  43. In answer to Paragraph 43 of the SAC, Defendants admit 55 rounds were fired. Defendants

4  state that the allegations in Paragraph 43 consist entirely of legal theory, conclusions, and argument

5  requiring no response; however, to the extent that Paragraph 43 contains any remaining factual

6  allegations, Defendants deny each and every allegation contained therein.

7  44. In answer to Paragraph 44 of the SAC, Defendants deny the allegations in Paragraph 44.

8  45. In answer to Paragraph 45 of the SAC, Defendants lack the information or knowledge to

9  admit or deny this allegation, and based thereon deny the allegations in Paragraph 45.

10  46. In answer to Paragraph 46 of the SAC, Defendants state that the allegations in Paragraph 46

11  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

12  extent that Paragraph 46 contains any remaining factual allegations, Defendants deny each and every

13  allegation contained therein.

14  ## MONELL & CONSPIRACY ALLEGATIONS

15  47. In answer to Paragraph 47 of the SAC, Defendants deny the allegations in Paragraph 47.

16  48. In answer to Paragraph 48 of the SAC, Defendants deny the allegations in Paragraph 48.

17  49. In answer to Paragraph 49 of the SAC, Defendants deny the allegations in Paragraph 49.

18  50. In answer to Paragraph 50 of the SAC, Defendants deny the allegations in Paragraph 50.

19  51. In answer to Paragraph 51 of the SAC, Defendants lack the information or knowledge to

20  admit or deny this allegation, and based thereon denies the allegations in Paragraph 51.

21  52. In answer to Paragraph 52 of the SAC, Defendants lack the information or knowledge to

22  admit or deny this allegation, and based thereon denies the allegations in Paragraph 52.

23  53. In answer to Paragraph 53 of the SAC, Defendants state that the allegations in Paragraph 53

24  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

25  extent that Paragraph 53 contains any remaining factual allegations, Defendants deny each and every

26  allegation contained therein.

27  54. In answer to Paragraph 54 of the SAC, Defendants lack the information or knowledge to

28  admit or deny this allegation, and based thereon denies the allegations in Paragraph 54.

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

55. In answer to Paragraph 55 of the SAC, Defendants lack the information or knowledge to admit or deny this allegation, and based thereon denies the allegations in Paragraph 55.

56. In answer to Paragraph 56 of the SAC, Defendants deny the allegations in Paragraph 56.

57. In answer to Paragraph 57 of the SAC, Defendants deny the allegations in Paragraph 57.

58. In answer to Paragraph 58 of the SAC, Defendants deny the allegations in Paragraph 58.

59. In answer to Paragraph 59 of the SAC, Defendants deny the allegations in Paragraph 59.

60. In answer to Paragraph 60 of the SAC, Defendants deny the allegations in Paragraph 60.

61. In answer to Paragraph 61 of the SAC, Defendants deny the allegations in Paragraph 61.

62. In answer to Paragraph 62 of the SAC, Defendants deny the allegations in Paragraph 62.

63. In answer to Paragraph 63 of the SAC, Defendants deny the allegations in Paragraph 63.

64. In answer to Paragraph 64 of the SAC, Defendants state that the allegations in Paragraph 64 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 64 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

65. In answer to Paragraph 65 of the SAC, Defendants state that the allegations in Paragraph 65 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 65 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

66. In answer to Paragraph 66 of the SAC, Defendants state that the allegations in Paragraph 66 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 66 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

67. In answer to Paragraph 67 of the SAC, Defendants state that the allegations in Paragraph 67 consist mostly of legal theory, conclusions, and argument requiring no response; to the extent that Paragraph 67 contains factual allegations, Defendants lack the information or knowledge to admit or deny these allegations, and based thereon deny the allegations in Paragraph 67.

68. In answer to Paragraph 68 of the SAC, Defendants state that the allegations in Paragraph 68 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

1   extent that Paragraph 68 contains any remaining factual allegations, Defendants deny each and every

2   allegation contained therein.

3       69. In answer to Paragraph 69 of the SAC, Defendants state that the allegations in Paragraph 69

4   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

5   extent that Paragraph 69 contains any remaining factual allegations, Defendants lack the information

6   or knowledge to admit or deny these allegations, and based thereon deny the allegations in Paragraph

7   69.

8   **DAMAGES**

9       70. In answer to Paragraph 70 of the SAC, Defendants state that the allegations in Paragraph 70

10   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

11   extent that Paragraph 70 contains any remaining factual allegations, Defendants lack the information

12   or knowledge to admit or deny these allegations, and based thereon deny the allegations in Paragraph

13   70.

14       71. In answer to Paragraph 71 of the SAC, Defendants state that the allegations in Paragraph 71

15   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

16   extent that Paragraph 71 contains any remaining factual allegations, Defendants deny each and every

17   allegation contained therein.

18       72. In answer to Paragraph 72 of the SAC, Defendants state that the allegations in Paragraph 72

19   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

20   extent that Paragraph 72 contains any remaining factual allegations, Defendants deny each and every

21   allegation contained therein.

22       73. In answer to Paragraph 73 of the SAC, Defendants state that the allegations in Paragraph 73

23   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

24   extent that Paragraph 73 contains any remaining factual allegations, Defendants deny each and every

25   allegation contained therein.

26       **74.** In answer to Paragraph 74 of the SAC, Defendants state that the allegations in Paragraph 74

27   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

28   ///

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

*Case No. 2:19-cv-01191-JAM-CKD*

**ANSWER TO SECOND AMENDED COMPLAINT**

261996.3

1   extent that Paragraph 74 contains any remaining factual allegations, Defendants deny each and every

2   allegation contained therein.

3   ### FIRST CAUSE OF ACTION

4   75. In answer to Paragraph 75 of the SAC, Defendants state that the allegations in Paragraph 75

5   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

6   extent that Paragraph 75 contains any remaining factual allegations, Defendants deny each and every

7   allegation contained therein.

8   76. In answer to Paragraph 76 of the SAC, Defendants state that the allegations in Paragraph 76

9   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

10  extent that Paragraph 76 contains any remaining factual allegations, Defendants deny each and every

11  allegation contained therein.

12  ### SECOND CAUSE OF ACTION

13  77. In answer to Paragraph 77 of the SAC, Defendants state that the allegations in Paragraph 77

14  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

15  extent that Paragraph 77 contains any remaining factual allegations, Defendants deny each and every

16  allegation contained therein.

17  78. In answer to Paragraph 78 of the SAC, Defendants state that the allegations in Paragraph 78

18  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

19  extent that Paragraph 78 contains any remaining factual allegations, Defendants deny each and every

20  allegation contained therein.

21  ### THIRD CAUSE OF ACTION

22  79. In answer to Paragraph 79 of the SAC, Defendants state that the allegations in Paragraph 79

23  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

24  extent that Paragraph 79 contains any remaining factual allegations, Defendants deny each and every

25  allegation contained therein.

26  80. In answer to Paragraph 80 of the SAC, Defendants state that the allegations in Paragraph 80

27  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

28  ///

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

261996.3

1   extent that Paragraph 80 contains any remaining factual allegations, Defendants deny each and every

2   allegation contained therein.

3      81. In answer to Paragraph 81 of the SAC, Defendants state that the allegations in Paragraph 81

4   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

5   extent that Paragraph 81 contains any remaining factual allegations, Defendants deny each and every

6   allegation contained therein.

7      82. In answer to Paragraph 82 of the SAC, Defendants state that the allegations in Paragraph 82

8   consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

9   extent that Paragraph 82 contains any remaining factual allegations, Defendants deny each and every

10  allegation contained therein.

11     83. In answer to Paragraph 83 of the SAC, Defendants state that the allegations in Paragraph 83

12  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

13  extent that Paragraph 83 contains any remaining factual allegations, Defendants deny each and every

14  allegation contained therein.

15     84. In answer to Paragraph 84 of the SAC, Defendants state that the allegations in Paragraph 84

16  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

17  extent that Paragraph 84 contains any remaining factual allegations, Defendants deny each and every

18  allegation contained therein.

19     85. In answer to Paragraph 85 of the SAC, Defendants state that the allegations in Paragraph 85

20  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

21  extent that Paragraph 85 contains any remaining factual allegations, Defendants deny each and every

22  allegation contained therein.

23     86. In answer to Paragraph 86 of the SAC, Defendants state that the allegations in Paragraph 86

24  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

25  extent that Paragraph 86 contains any remaining factual allegations, Defendants deny each and every

26  allegation contained therein.

27     87. In answer to Paragraph 87 of the SAC, Defendants state that the allegations in Paragraph 87

28  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

**ANSWER TO SECOND AMENDED COMPLAINT**

261996.3

1  extent that Paragraph 87 contains any remaining factual allegations, Defendants deny each and every

2  allegation contained therein.

3      88. In answer to Paragraph 88 of the SAC, Defendants state that the allegations in Paragraph 88

4  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

5  extent that Paragraph 88 contains any remaining factual allegations, Defendants deny each and every

6  allegation contained therein.

7      89. In answer to Paragraph 89 of the SAC, Defendants state that the allegations in Paragraph 89

8  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

9  extent that Paragraph 89 contains any remaining factual allegations, Defendants deny each and every

10  allegation contained therein.

11      90. In answer to Paragraph 90 of the SAC, Defendants state that the allegations in Paragraph 90

12  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

13  extent that Paragraph 90 contains any remaining factual allegations, Defendants deny each and every

14  allegation contained therein.

15                    **FOURTH CAUSE OF ACTION**

16      91. In answer to Paragraph 91 of the SAC, Defendants state that the allegations in Paragraph 91

17  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

18  extent that Paragraph 91 contains any remaining factual allegations, Defendants deny each and every

19  allegation contained therein.

20      92. In answer to Paragraph 92 of the SAC, Defendants state that the allegations in Paragraph 92

21  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

22  extent that Paragraph 92 contains any remaining factual allegations, Defendants deny each and every

23  allegation contained therein.

24      93. In answer to Paragraph 93 of the SAC, Defendants state that the allegations in Paragraph 93

25  consist entirely of legal theory, conclusions, and argument requiring no response; however, to the

26  extent that Paragraph 93 contains any remaining factual allegations, Defendants deny each and every

27  allegation contained therein.

28  ///

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

**ANSWER TO SECOND AMENDED COMPLAINT**

261996.3

94. In answer to Paragraph 94 of the SAC, Defendants state that the allegations in Paragraph 94 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 94 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

## **FIFTH CAUSE OF ACTION**

95. In answer to Paragraph 95 of the SAC, Defendants state that the allegations in Paragraph 95 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 95 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

96. In answer to Paragraph 96 of the SAC, Defendants state that the allegations in Paragraph 96 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 96 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

97. In answer to Paragraph 97 of the SAC, Defendants state that the allegations in Paragraph 97 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 97 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

98. In answer to Paragraph 98 of the SAC, Defendants state that the allegations in Paragraph 98 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 98 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

99. In answer to Paragraph 99 of the SAC, Defendants state that the allegations in Paragraph 99 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 99 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

100.      In answer to Paragraph 100 of the SAC, Defendants state that the allegations in Paragraph 100 consist entirely of legal theory, conclusions, and argument requiring no response;

///

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

261996.3

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

however, to the extent that Paragraph 100 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

101.    In answer to Paragraph 101 of the SAC, Defendants state that the allegations in Paragraph 101 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 101 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

102.    In answer to Paragraph 102 of the SAC, Defendants state that the allegations in Paragraph 102 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 102 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

103.    In answer to Paragraph 103 of the SAC, Defendants state that the allegations in Paragraph 103 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 103 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

104.    In answer to Paragraph 104 of the SAC, Defendants state that the allegations in Paragraph 104 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 104 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

105.    In answer to Paragraph 105 of the SAC, Defendants state that the allegations in Paragraph 105 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 105 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

106.    In answer to Paragraph 106 of the SAC, Defendants state that the allegations in Paragraph 106 consist entirely of legal theory, conclusions, and argument requiring no response; however, to the extent that Paragraph 106 contains any remaining factual allegations, Defendants deny each and every allegation contained therein.

///

261996.3

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

1   107.    In answer to Paragraph 107 of the SAC, Defendants state that the allegations in

2   Paragraph 107 consist entirely of legal theory, conclusions, and argument requiring no response;

3   however, to the extent that Paragraph 107 contains any remaining factual allegations, Defendants

4   deny each and every allegation contained therein.

5   **SEVENTH CAUSE OF ACTION**

6   108.    In answer to Paragraph 108 of the SAC, Defendants state that the allegations in

7   Paragraph 108 consist entirely of legal theory, conclusions, and argument requiring no response;

8   however, to the extent that Paragraph 108 contains any remaining factual allegations, Defendants

9   deny each and every allegation contained therein.

10   109.    In answer to Paragraph 109 of the SAC, Defendants state that the allegations in

11   Paragraph 109 consist entirely of legal theory, conclusions, and argument requiring no response;

12   however, to the extent that Paragraph 109 contains any remaining factual allegations, Defendants

13   deny each and every allegation contained therein.

14   **EIGHTH CAUSE OF ACTION**

15   110.    In answer to Paragraph 110 of the SAC, Defendants state that the allegations in

16   Paragraph 110 consist entirely of legal theory, conclusions, and argument requiring no response;

17   however, to the extent that Paragraph 110 contains any remaining factual allegations, Defendants

18   deny each and every allegation contained therein.

19   111.    In answer to Paragraph 111 of the SAC, Defendants state that the allegations in

20   Paragraph 111 consist entirely of legal theory, conclusions, and argument requiring no response;

21   however, to the extent that Paragraph 111 contains any remaining factual allegations, Defendants

22   deny each and every allegation contained therein.

23   112.    In answer to Paragraph 112 of the SAC, Defendants state that the allegations in

24   Paragraph 112 consist entirely of legal theory, conclusions, and argument requiring no response;

25   however, to the extent that Paragraph 112 contains any remaining factual allegations, Defendants

26   deny each and every allegation contained therein.

27   113.    In answer to Paragraph 113 of the SAC, Defendants state that the allegations in

28   Paragraph 113 consist entirely of legal theory, conclusions, and argument requiring no response;

*Case No. 2:19-cv-01191-JAM-CKD*
**ANSWER TO SECOND AMENDED COMPLAINT**

261996.3

1   however, to the extent that Paragraph 113 contains any remaining factual allegations, Defendants

2   deny each and every allegation contained therein.

3                                   **JURY DEMAND**

4       114.       In answer to Paragraph 114 of the SAC, Defendants state that the allegations in

5   Paragraph 114 consist entirely of legal theory, conclusions, and argument requiring no response;

6   however, to the extent that Paragraph 114 contains any remaining factual allegations, Defendants

7   deny each and every allegation contained therein.

8

9                               **AFFIRMATIVE DEFENSES**

10      Without admitting any allegations of the Second Amended Complaint or assuming the

11  burden of proof of any of the following claims, defenses, or issues, Defendants are informed and

12  believe, and upon such information and believe allege as follows:

13                          **FIRST AFFIRMATIVE DEFENSE**

14                        **(Failure to State a Cause of Action)**

15      1.      AS A SEPARATE DEFENSE neither the complaint nor any cause of action in the

16  complaint states facts sufficient to constitute a cause of action against these appearing defendants.

17                          **SECOND AFFIRMATIVE DEFENSE**

18                          **(Statute of Limitations)**

19      2.      AS A FURTHER SEPARATE DEFENSE the complaint and each cause of action

20  contained therein are barred by the applicable statutes of limitation, including, but not limited to,

21  sections 338 and 340 of the Code of Civil Procedure.

22                          **THIRD AFFIRMATIVE DEFENSE**

23                          **(Mitigation of Damages)**

24      3.      AS A FURTHER SEPARATE DEFENSE plaintiffs' alleged injuries and damages, if

25  any, were aggravated by plaintiffs' and/or decedent's failure to use reasonable diligence to mitigate

26  them.

27  ///

28  ///

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

261996.3

1

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.    AS A FURTHER SEPARATE DEFENSE the plaintiffs and/or decedent have waived the right to maintain the actions filed in this case.

### FIFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

5.    AS A FURTHER SEPARATE DEFENSE the plaintiffs and/or decedent were guilty of comparative fault or negligence in the matters set forth in the complaint which proximately caused or contributed to the injuries or damages alleged in the complaint.

### SIXTH AFFIRMATIVE DEFENSE

### (Co-defendants Liability)

6.    AS A FURTHER SEPARATE DEFENSE the codefendants, and each of them, named and unnamed in the complaint, were guilty of negligence, or other acts or omissions related to the matters set forth in the complaint which proximately caused the injuries and damages alleged therein, if any, and the percentage of negligence attributable to each said codefendant should be determined and allocated accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

### (Acts of Others)

7.    AS A FURTHER SEPARATE DEFENSE, Defendants allege at all times mentioned in the SAC, Defendants are not liable for any of these acts or omissions alleged in the SAC because the SAC only alleges that Defendants are liable based on the acts or omissions of others.

### EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

8.    AS A FURTHER SEPARATE DEFENSE the plaintiffs and/or decedent had knowledge of the risks and hazards inherent in the events and activities which took place at the times set forth in the complaint, as well as the magnitude of those risks and hazards, and thereafter knowingly and willingly assumed and accepted those risks and hazards.

///

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

261996.3

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

## NINTH AFFIRMATIVE DEFENSE

### (Willful Misconduct)

9.      AS A FURTHER SEPARATE DEFENSE plaintiffs' and/or decedent's behavior at the time of their injury constitutes willful misconduct, and plaintiffs are thus barred from seeking recovery based upon the asserted negligence of defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Self-defense)

10.      AS A FURTHER SEPARATE DEFENSE defendants were privileged to act in self-defense or the defense of others at the time and place of the acts alleged in plaintiffs' complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

11.      AS A FURTHER SEPARATE DEFENSE the plaintiffs and/or decedent consented to the acts complained of in the complaint, and that said consent was express and/or implied.

## TWELFTH AFFIRMATIVE DEFENSE

### (Privilege to Make Arrest)

12.      AS A FURTHER SEPARATE DEFENSE defendants were privileged to make a lawful arrest at the time and place of the acts complained of in plaintiffs' complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Privilege to Imprison)

13.      AS A FURTHER SEPARATE DEFENSE defendants were privileged to use reasonable force necessary to detain and imprison decedent at the time of the acts complained of by plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Governmental Immunity)

14.      AS A FURTHER SEPARATE DEFENSE defendants are entitled to the privileges and immunities from liability for the acts complained of by plaintiffs under the provisions of California Government Code §§ 815, 815.2, 818, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, 844.6, and 845.6.

///

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

15.    AS A FURTHER SEPARATE DEFENSE the actions filed in this case are not maintainable under the doctrine of laches because of plaintiffs' prejudicial delay in asserting them.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

16.    AS A FURTHER SEPARATE DEFENSE the plaintiffs and/or decedent have "unclean hands" with regard to the relief sought in the complaint and are therefore barred from obtaining such relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel and/or Res Judicata)

17.    AS A FURTHER SEPARATE DEFENSE, Defendants allege Plaintiff's causes of action are barred, in whole or in part, by collateral estoppel and/or res judicata.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Negligence)

18.    AS A FURTHER SEPARATE DEFENSE, Defendants allege that decedent was himself negligent and careless in the matters and events set forth in the SAC, and that decedent's negligence contributed to Plaintiffs' and/or decedent's alleged damages or injuries. A verdict of the jury in favor of Plaintiff, if any, which may be rendered in this case must therefore be reduced by the percentage that decedent's negligence contributed to the accident and injuries complaint of, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Conduct)

19.    AS A FURTHER SEPARATE DEFENSE the conduct of defendants was privileged, and in good faith, and performed in accordance with their legal rights and obligations under the policy and under the law.

///

///

///

ANSWER TO SECOND AMENDED COMPLAINT

261996.3

1

2

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

## TWENTIETH AFFIRMATIVE DEFENSE

### (Third Persons)

3       20.     AS A FURTHER SEPARATE DEFENSE third persons, including co-defendants, and

4  other third persons unknown to defendants at this time engaged in acts, errors, omissions and

5  conduct, including intentional conduct which caused, contributed to and was a proximate cause of

6  the injuries and damages of which the plaintiffs complain, if any, and plaintiffs' recovery, if any,

7  should be reduced by an amount proportionate to the amount by which co-defendants and/or

8  unknown third parties and/or their agents', employees', and/or representatives' fault or conduct

9  contributed to the damages complained of, in accordance with the law, and in accordance with

10 Proposition 51.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Several Liability)

13      21.     AS A FURTHER SEPARATE DEFENSE, Defendants allege that should Plaintiff

14 recover non-economic damages against any Defendant, the liability for non-economic damages is

15 limited to the degree of fault and several liability of each Defendant pursuant to Civil Code section

16 1431.2 and a separate, several judgment shall be rendered against each Defendant based upon each

17 Defendant's degree of fault and several liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Qualified Immunity)

20 22. AS A FURTHER SEPARATE DEFENSE, Defendants allege the individual officer

21 Defendants are immune from 42 U.S.C. § 1983 liability pursuant to the doctrine of qualified

22 immunity. See *White v. Pauly*, 137 S. Ct. 548 (2017); *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011); and

23 *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No *Monell* Liability)

26      23.     AS A FURTHER SEPARATE DEFENSE, Defendants allege Plaintiff's SAC fails to

27 state a cause of action against the public entity defendants because pursuant to *Monell v. New York*

28 ///

261996.3

*Department of Social Services*, 436 U.S. 658 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation pursuant to policy or custom.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Omission of Another)

24.    AS A FURTHER SEPARATE DEFENSE, Defendants allege that neither a public entity nor public employee is liable for any injury caused by the act or omission of another person.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Exercise of Discretion)

25.    AS A FURTHER SEPARATE DEFENSE, Defendants allege that neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Probable Cause)

26.    AS A FURTHER SEPARATE DEFENSE, Defendants allege that the SAC, and each claim for relief asserted therein, is barred, either in whole or in part, as Defendants acted with reasonable and probable cause.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

27.    AS A FURTHER SEPARATE DEFENSE, Defendants allege that pursuant to Government Code section 818 and *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), Defendants are not liable for exemplary or punitive damages in any sum, or at all.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Third Party Conduct)

28.    AS A FURTHER SEPARATE DEFENSE, Defendants allege that Plaintiffs are barred from recovery in that any damage proven to have been sustained by Plaintiffs was in whole or in part the direct proximate result of the independent, intervening, or negligent conduct of independent third parties or their agents.

///

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

261996.3

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Constitutional Violation)

29.    AS A FURTHER SEPARATE DEFENSE, Defendants allege that Defendants cannot be liable as there is no underlying Constitutional violation. See *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Liability for Simple Negligence)

30.    AS A FURTHER SEPARATE DEFENSE, Defendants allege the SAC does not state facts sufficient to constitute a cause of action because simple negligence does not constitute a federal civil rights violation. See *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 407 (1997).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Violation of Rights)

31.    AS A FURTHER SEPARATE DEFENSE, Defendants allege that Plaintiffs' and decedent's rights, privileges, and immunities secured under the Constitution or laws of the United States have not been violated by any alleged action of the Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff's Acts)

32.    AS A FURTHER SEPARATE DEFENSE, Defendants allege their actions were reasonable under the circumstances, and that any damages or injury allegedly sustained by Plaintiffs and/or decedent was due and caused by reason of decedent's acts and conduct.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Deliberate or Intentional Conduct)

33.    AS A FURTHER SEPARATE DEFENSE, Defendants allege that Defendants did not intentionally or deliberately violate Plaintiff's rights and that Defendants were not deliberately indifferent.

///

///

**ANSWER TO SECOND AMENDED COMPLAINT**

261996.3

WHEREFORE, defendants pray that plaintiffs take nothing by way of this complaint and that defendants have judgment in their favor, for all costs of suit, attorneys' fees, on all special defenses, and for all other relief that the court may order or award in this case.


DATED:  July 14, 2021                    **COLANTUONO, HIGHSMITH & WHATLEY, PC**


_/s/ Michael G. Colantuono_
MICHAEL G. COLANTUONO
ANDREW C. RAWCLIFFE
NIKHIL S. DAMLE
Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, MARK THOMPSON, BRYAN GLICK, ANTHONY ROMERO-CANO, COLIN EATON, JORDON PATZER, STEVEN DARDEN, AND KYLE WYLIE

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

# CERTIFICATE OF SERVICE
*Kori McCoy, et al. v. City of Vallejo, et al.*
United States District Court, Eastern District
Case No. 2:19-cv-01191-JAM-CKD

I, Christina M. Rothwell, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 790 East Colorado Boulevard, Suite 850, Pasadena, California 91101.  My email address is: CRothwell@chwlaw.us. On July 14, 2021, I served the document(s) described as **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT,** on the interested parties in this action addressed as follows:

☒      **BY ELECTRONIC TRANSMISSION**:  I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Eastern District by using the CM/ECF system on July 14, 2021.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC, Eastern District CM/ECF system.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 14, 2021, at Pasadena, California.

_____
Christina M. Rothwell

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

243899.1