1  VERONICA A.F. NEBB
   City Attorney, State Bar No. 140001
2  RANDY J. RISNER
   Chief Assistant City Attorney, State Bar No. 172552
3  KATELYN M. KNIGHT
   Assistant City Attorney, State Bar No. 264573
4  **CITY OF VALLEJO**, City Hall
   555 Santa Clara Street
5  Vallejo, California 94590
   Telephone:  (707) 648-4545
6  Facsimile:  (707) 648-4687
   Email:  katelyn.knight@cityofvallejo.net
7
   MICHAEL G. COLANTUONO, State Bar No. 143551
8  MColantuono@chwlaw.us
   JOHN A. ABACI, State Bar No. 166493
9  JAbaci@chwlaw.us
   ANDREW C. RAWCLIFFE, State Bar No. 259224
10 ARawcliffe@chwlaw.us
   NIKHIL S. DAMLE, State Bar No. 297350
11 NDamle@chwlaw.us
   **COLANTUONO, HIGHSMITH & WHATLEY, PC**
12 420 Sierra College Drive, Suite 140
   Grass Valley, California 95945-5091
13 Telephone:  (530) 432-7357
   Facsimile:  (530) 432-7356
14
   Attorneys for Defendants
15 CITY OF VALLEJO, ANDREW BIDOU, MARK
   THOMPSON, BRYAN GLICK, ANTHONY ROMERO-
16 CANO, COLIN EATON, JORDON PATZER, STEVEN
   DARDEN, AND KYLE WYLIE
17
                **UNITED STATES DISTRICT COURT**
18
                **EASTERN DISTRICT OF CALIFORNIA**
19
20 KORI MCCOY, etc., et al.,              **CASE NO.: 2:19-cv-01191-JAM-CKD**

21
               Plaintiffs,               **DEFENDANT CITY OF VALLEJO'S, ET
22                                        AL. NOTICE OF MOTION AND MOTION
      v.                                  FOR PARTIAL JUDGMENT ON THE
23 CITY OF VALLEJO, etc., et al.,         PLEADINGS; MEMORANDUM OF
                                          POINTS AND AUTHORITIES**
24
               Defendants.               **FED. R. CIV. P. 12(C)**
25
                                         Complaint Filed:   June 27, 2019
26                                        FAC Filed:         February 5, 2020
                                          Trial Date:        August 29, 2022
27                                        Discovery Cut-off: March 4, 2022
                                          Motion Cut-off:    April 15, 2022
28

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 16, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6, 14th Floor of the above-referenced Court, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, Defendants City of Vallejo ("City"), Andrew Bidou, Mark Thompson, Bryan Glick, Anthony Romero-Cano, Collin Eaton, Jordon Patzer, Steve Darden, and Kyle Wylie will move this Court for an order for partial judgment on the pleadings in this action under Rule 12(c) of the Federal Rules of Civil Procedure.

As explained in the attached Memorandum of Points and Authorities, Plaintiffs Kori McCoy, Marc McCoy, Louis McCoy, Shawnmell Mitchell, Marquita McCoy, and Barbara Dorsey (collectively, "Plaintiffs") fail to plead claims for relief: (1) for conspiracy under 42 U.S.C., § 1983 because the intercorporate-conspiracy doctrine provides a government agency and its agents cannot conspire amongst themselves; the doctrine entitles the individual defendants to qualified immunity, regardless; and the conspiracy claim against the City is a redundant *Monell* claim (seventh cause of action); (2) for violation of the Bane Act, California Civil Code, § 52.1, as the statute confers a personal right, which Plaintiffs cannot vicariously assert (fifth cause of action); and (3) Plaintiffs Barbara Dorsey and Shawnmell Mitchell lack standing under California Code of Civil Procedure section 377.32 to pursue decedent Willie McCoy's survivor claims (first, third, fourth, fifth, sixth, seventh and eighth causes of action).

Accordingly, Defendants respectfully request the Court enter partial judgment on the pleadings, dismissing the Seventh Cause of Action in its entirety, Plaintiffs' individual claims under the Fifth Cause of Action, and Plaintiffs Dorsey's and Mitchell's survivor claims under First and Third through Eighth Causes of Action in the Second Amended Complaint ("SAC").

In compliance with section III of the Order re Filing Requirements, ECF No. 4-2, Defense counsel sent correspondence to Plaintiffs' counsel on August 31, 2021, and then met and conferred with Plaintiffs' counsel regarding these issues telephonically on September 9, 2021. Thereafter, defense counsel informed Plaintiffs' counsel that defendants would delay filing this motion until September 20, 2021 for Plaintiffs to perfect, if they could, their standing under California Code section 377.32. Some but not all Plaintiffs have done so. Plaintiffs' counsel agreed telephonically to

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

1  dismiss Plaintiffs' individual Bane Act claims but as of the filing of this motion has not returned the

2  stipulation sent to him on September 9, 2020 to effect that dismissal.

3         This motion is based upon this Notice, the Memorandum of Points and Authorities below, the

4  Request for Judicial Notice, and the declarations filed concurrently herewith; the pleadings, records,

5  and files in this action; and such other oral and documentary evidence as may be presented at or

6  before the hearing in this matter.

7

8  DATED:  September 21, 2021                    **COLANTUONO, HIGHSMITH &**
                                                 **WHATLEY, PC**

9

10 _____

11                                               MICHAEL G. COLANTUONO
                                                 ANDREW C. RAWCLIFFE
12                                               JOHN A. ABACI
                                                 NIKHIL S. DAMLE
13                                               Attorneys for Defendants
                                                 CITY OF VALLEJO, ANDREW BIDOU,
14                                               MARK THOMPSON, BRYAN GLICK,
                                                 ANTHONY ROMERO-CANO, COLIN EATON,
15                                               JORDON PATZER, STEVEN DARDEN, AND
                                                 KYLE WYLIE

16

17

18

19

20

21

22

23

24

25

26

27

28

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. RULE 12(C))**

264348.5

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES.................................................................9

I.      INTRODUCTION ..................................................................................................9

II.     FACTUAL AND PROCEDURAL BACKGROUND ............................................9

III.    ARGUMENT ........................................................................................................12

        A.      Rule 12(c) Legal Standard ........................................................................12

        B.      The Intracorporate-Conspiracy Doctrine Bars a Section 1983 Conspiracy
                Claim.........................................................................................................13

        C.      The Conspiracy Claim against the City is Duplicative................................16

        D.      McCoy's Siblings Cannot Pursue Individual Bane Act Claims...................17

        E.      Dorsey and Mitchell Lack Standing For their Survivorship Claims............17

IV.     CONCLUSION ....................................................................................................18

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

*Case No. 2:19-cv-01191-JAM-CKD*

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. RULE 12(C))**

264348.5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abrego v. The Dow Chemical Co*,
    443 F.3d 676 (9th Cir. 2006) ................................................................ 13

*Alderman v. United States*,
    394 U.S. 165 (1969) ............................................................................ 17

*Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*,
    459 U.S. 519 (1983) ............................................................................ 12

*Bailey v. City of Ann Arbor*,
    860 F.3d 382 (6th Cir. 2017) .......................................................... 11, 13

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1990) ............................................................... 12

*Bay Area Rapid Transit Dist. v. Superior Court*,
    38 Cal.App.4th 141 (1995) .................................................................. 17

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................ 12

*Burbridge v. City of St. Louis, Missouri*,
    3 F.4th 774 (8th Cir. 2021) ................................................................. 15

*Cafasso U.S. ex rel. v. General Dynamics C4 Systems, Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ............................................................. 12

*Chaudhry v. City of Los Angeles*,
    751 F.3d 1096 (9th Cir. 2014) ............................................................. 17

*Chavez v. U.S.*,
    683 F.3d 1102 (9th Cir. 2012) ............................................................. 12

*Cotta v. County of Kings*,
    79 F.Supp.3d 1148 (E.D. Cal. 2015) .................................................. 9, 18

*Farzaga v. FBI*,
    965 F.3d 1015 (9th Cir. 2020) ..................................................... 13, 15, 18

*Fatai v. City and Cnty. of Honolulu*,
    2021 WL 2941549 (D. Haw., July 13, 2021) ...................................... 15

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. RULE 12(C))**

264348.5

*Graham v. Connor*,
   490 U.S. 386 (1989) ...................................................................................11

*Hasbrouck v. Yavapai County*,
   2021 WL 321894 (D. Ariz., Feb. 1, 2021) ................................................15

*Hayes v. County of San Diego*,
   736 F.3d 1223 (9th Cir. 2013) ...................................................................18

*Jackson v. City of Cleveland*,
   925 F.3d 793 (6th Cir. 2019) ...............................................................15, 18

*L-7 Designs, Inc. v. Old Navy, LLC*,
   647 F.3d 419 (2d Cir. 2011) ......................................................................13

*Estate of Lopez v. Gelhaus*,
   149 F.Supp.3d 1154 (N.D. Cal. 2016) .......................................................17

*Massey v. Ojaniit*,
   759 F.3d 343 (3rd Cir. 2014) .....................................................................12

*Medrano v. Kern Cnty. Sheriff's Officer*,
   921 F.Supp.2d 1009 (E.D. Cal. 2013) .......................................................17

*Monell v. Dept. of Social Services of City of New York*,
   436 U.S. 658 (1978) ...............................................................9, 16, 17, 18

*Monteilh v. County of Los Angeles*,
   820 F.Supp.2d 1081 (C.D. Cal. 2011) .......................................................16

*Moreland v. Las Vegas Metropolitan*,
   159 F.3d 365 (9th Cir. 1998) .....................................................................17

*Mullenix v. Luma*,
   577 U.S. 7 (2015) ......................................................................................16

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) .....................................................................12

*Norton v. Arpaio*,
   2015 WL 13759956 (D. Ariz., Nov. 20, 2015) .........................................15

*Parrino v. FHP, Inc.*,
   146 F.3d 699 (9th Cir. 1998) .....................................................................13

*Portmon v. County of Santa Clara*,
   995 F.2d 898 (9th Cir. 1993) .....................................................................15

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. RULE 12(C))**

264348.5

*Reichle v. Howards*,
   566 U.S. 658 (2021) ................................................................................14

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984) ...................................................................12

*Skilstaf, Inc. v. CVS Caremark Corp.*,
   669 F.3d 1005 (9th Cir. 2012) .................................................................12

*Smith v. City of Fontana*,
   818 F.2d 1411 (9th Cir.1987) ..................................................................17

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ...................................................................12

*Strigliabotti v. Franklin Resources, Inc.*,
   398 F.Supp.2d 1094 (N.D. Cal. 2005) .....................................................12

*Thornton v. Solutionone Cleaning Concepts, Inc.*,
   2007 WL 210586 (E.D. Cal. 26, 2007) ....................................................17

*Wagner v. County of Plumas*,
   2020 WL 820241 (E.D. Cal., Feb. 19, 2020) ...........................................16

*Webb v. County of El Dorado*,
   2016 WL 4001922 (E.D. Cal. July 25, 2016) ...........................................16

*Wilson v. Layne*,
   516 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) .........................14

*Ziglar. Grider v. City of Auburn*,
   618 F.3d 1240 (11th Cir. 2010) ...............................................................15

*Ziglar v. Abbasi*,
   137 S.Ct. 1843 (2017) ............................................................13, 14, 15, 18

**California Constitution**

California Constitution, Article IV ...........................................................16, 17

**Federal Statutes**

42 U.S.C. § 1983 ...............................................................................*passim*

42 U.S.C § 1985 .......................................................................................14

42 U.S.C § 1985(3) ...................................................................................14

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. RULE 12(C))**

264348.5

**State Statutes**

California Civil Procedure Code, § 52.1 ................................................................9, 17

California Civil Procedure Code, § 377.20 ..................................................................17

California Civil Procedure Code, § 377.30 ..................................................................17

California Civil Procedure Code, § 377.32 ...............................................................9, 18

California Civil Procedure Code, § 377.34 ..................................................................17

**Federal Rules**

Federal Rule of Civil Procedure 8(a)(2) ....................................................................12

Federal Rule of Civil Procedure 12(b)(6) ...............................................................9, 12

Federal Rule of Civil Procedure 12(c) .......................................................................12

Federal Rule of Civil Procedure 17 ...........................................................................18

Federal Rule of Evidence 201(b) ...............................................................................11

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This Motion for partial judgment on the pleadings addresses legal issues that came to light following the Court's ruling on Defendants' earlier Rule 12(b)(6) motion. In the face of that earlier motion, Plaintiffs abandoned all but a federal civil rights conspiracy claim under their seventh cause of action — which appeared to be pled only as a claim for conspiracy under state law. The newly clarified federal conspiracy claim fails because it is barred by the intracorporate-agency conspiracy doctrine, and as to the City is duplicative of Plaintiffs' *Monell* case of action. (Dkt. No, 102, p. 10:10–11.) Plaintiffs bring six survivor claims, as alleged co-successors-in-interests, but only four have recently perfected their standing under California Civil Code 377.32 (Dkt Nos. 115–118) and none have alleged capacity to bring such claims when it appears at least one plaintiff may be a minor without an appointed guardian ad litem. *Cotta v. County of Kings*, 79 F.Supp.3d 1148, 1161 (E.D. Cal. 2015) (minor lacks standing to bring survivor claims without appointed guardian). Finally, Plaintiffs cannot seek their own, personal damages under the Bane Act (Cal. Civ. Code, § 52.1), warranting dismissal of their individual claims.

Thus, the Court should dismiss (1) the seventh cause of action for a civil rights conspiracy entirely; (2) Plaintiffs Barbara Dorsey and Shawnmell Mitchell's survivor claims under the first, and third through eighth causes of action; and (3) Plaintiffs' individual claims under the fifth cause of action for violation of the Bane Act.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are well known to the Court, and repeated only briefly for the Court's convenience.  This suit stems from the February 9, 2019 shooting of Willie McCoy ("Decedent") at a Vallejo Taco Bell by six police officers. McCoy's siblings allege they are his successors-in-interest, claiming excessive force, *Monell* liability, supervisory liability, violation of California Civil Code section 52.1, battery, and negligent tactics. Yet only recently have any of the Plaintiffs submitted an affidavit demonstrating standing to pursue a survivor claim. And even in the face of this motion, Barbara Dorsey and Shawnmell Mitchell still have not submitted an affidavit — and none allege capacity to sue. SAC ¶¶ 11–17; Dkt. No. 115–118; Cal. Code Civ. Proc., § 377.32.

Plaintiffs filed a SAC in March to add, *inter alia*, a seventh cause of action for what appeared to be a conspiracy under state law. SAC [Dkt. No. 84]. Defendants moved to dismiss that claim, among others, on the grounds that such a conspiracy could not be stated under state law. Defendants did not raise the intra-corporate conspiracy doctrine in defense because the SAC had not pleaded — and still does not plead — the seventh cause of action as a federal conspiracy under 42 U.S.C. section 1983 ("section 1983").[1] Mot. to Dismiss [Dkt. No. 94]. Plaintiffs, however, opposed dismissal of its conspiracy claim on the grounds that the facts alleged support a federal conspiracy claim. Opp. [Dkt. No. 98]. In late June, the Court ruled on Defendants' motion to dismiss, granting it in part and denying in part. With respect to the seventh cause of action for conspiracy, the Court noted that Plaintiffs effectively acknowledged through their silence that no conspiracy claim existed under state law, but found the allegations might support a meeting of the minds and conspiracy under federal law. *Ibid.*

This recently clarified conspiracy claim alleges Vallejo Police Officers conspired to use excessive force in violation of 42 U.S.C. section 1983.[2] Min. Ord., p. 10:10–11 [Dkt. No. 102]. The SAC alleges a "Badge of Honor" gang within the Vallejo Police Department, which Plaintiffs assert celebrates extrajudicial killings and rewards its members with promotions and protection from investigation. SAC, ¶¶ 47–63. The SAC also alleges each Defendant either knew of, or participated in, this gang, and each "planned and conspired to use excessive force" after Officer Romero-Cano summoned them over dispatch to a potential officer-involved shooting. *Id.*, ¶¶ 37–38, 47–63. The Vallejo officers on scene — Officers Thompson, Glick, Romero-Cano, Eaton, Patzer, and McMahon — allegedly used excessive force against McCoy in furtherance of this conspiracy, while supervisors Darden and Wylie allegedly conspired in violation of section 1983 by ignoring Officer Romero-Cano's dispatch and by covering up and destroying evidence related to the use of excessive force and the existence and activities of the "Badge of Honor" gang. *Id.*, ¶¶ 37– 38, 109.

As the Court has already ruled, the purported existence of a "Badge of Honor" gang and/or

---

[1] Other causes of action pled in the SAC under 42 U.S.C. section 1983 specifically cited section 1983 in the heading for each cause of action, suggesting no intent to plead a federal conspiracy claim.

[2] Unspecified section references are to the United States Code.

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

disposing of potential evidence of such a gang does not adequately allege a section 1983 conspiracy. Mot, pp. 12:16–13:3 [Dkt No. 102]. And as was stated in earlier proceedings, the objective evidence belies these conspiracy allegations — but we do not repeat those arguments here as they are the subject of a pending motion for reconsideration (Dkt. No. 105). Rather, Defendants now submit a motion addressing the newly-clarified allegations of conspiracy under federal law.

Defendants repeat their request for judicial notice of the objective evidence — including the CAD data, showing no more than five minutes elapsed between the "call-out" that "driver [McCoy] has gun" and gunshots. Request for Judicial Notice ("RJN"), Exh. A; Fed. R. Evid. 201(b); Trl. Ord, 3: 19–28 (Dkt. No. 102) (noticing CAD data). So, too, the contents of the radio-traffic the SAC cites as proof of a conspiracy to use excessive force against McCoy. SAC, ¶¶ 37–39, 107–109; RJN, Exh. B; Declaration of Andrew C. Rawcliffe ("Rawcliffe Decl."), Exh. C; *Bailey v. City of Ann Arbor*, 860 F.3d 382, 387 (6th Cir. 2017) (notice of bodycam footage at pleading stage). There, one can hear exactly what officers broadcast over dispatch before shots were fired at three minutes and eight seconds into the recording — including, *inter alia*, backup units being called Code 33 [emergency radio traffic only], "driver has gun in his lap," units being directed to box-in McCoy's car, S4 (Sgt. Wiley) being asked and confirming he was in route — and that nobody broadcast "McCoy was 'fucked.'" *Ibid*.; RJN, Exh. A, p. 1.

This is all objectively reasonable radio-traffic, critical to understanding the situation the officers faced, and from which a conspiracy to use excessive force cannot be reasonable inferred: an unconscious man with a loaded gun in his lap — which, in fact, had an extended magazine — in a Taco-Bell drive-through in a busy shopping mall. *See Graham v. Connor,* 490 U.S. 386, 397 (1989) (officer intent and motivations irrelevant under objectively reasonable standard). Plaintiffs must explain how then the SAC can plead conspiracy in light of these facts. Moreover, a section 1983 conspiracy cannot be stated where, as here, it is among officers of one police department, as discussed *infra*.

*Case No. 2:19-cv-01191-JAM-CKD*
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. RULE 12(C))**

264348.5

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

1

## III.   ARGUMENT

2

### A.   Rule 12(c) Legal Standard

3

The standards here are familiar and can be briefly stated. A Rule 12 (c) motion for judgment

4  on the pleadings (MJOP) is substantially like a Rule 12(b)(6) motion, testing the sufficiency of a

5  complaint's allegations, but after the pleadings are settled. *Strigliabotti v. Franklin Resources, Inc*.,

6  398 F.Supp.2d 1094, 1097 (N.D. Cal. 2005). Courts commonly apply Rule 12(c) to individual causes

7  of actions, too. *Ibid*. Known as a "partial MJOP," Defendants bring such a motion now, well before

8  the motion cut-off and any possible impact on the August 2022 trial date.

9

As with a Rule 12(b)(6) motion, a partial MJOP should be granted for either "lack of a

10  cognizable legal theory" or "absence of sufficient facts alleged under a cognizable legal theory."

11  *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990); *Navarro v. Block,* 250 F.3d

12  729, 731 (9th Cir. 2001) (12(b)(6) motion tests legal sufficiency of claims asserted); *Cafasso U.S. ex*

13  *rel. v. General Dynamics C4 Systems, Inc*., 637 F.3d 1047, 1054, fn. 4 (9th Cir. 2011) ("Rule 12(c) is

14  'functionally identical' to Rule 12(b)(6)").

15

A well- pleaded complaint must contain a "short and plain statement of the claim showing

16  that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550

17  U.S. 544 (2007); *Chavez v. U.S*., 683 F.3d 1102, 1108–1110 (9th Cir. 2012) (MJOP applies

18  *Twombly/Iqbal* "plausibility" standard). Dismissal is proper if a complaint does not allege facts

19  sufficient to support a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d

20  530, 533–534 (9th Cir. 1984). Although the Court construes facts most favorably to the non-moving

21  party, it need not accept conclusory allegations, legal characterizations, unreasonable inferences, or

22  unwarranted deductions of fact. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.

23  2001). Nor need it assume a plaintiff can prove facts other than those alleged. *Assoc. Gen.*

24  *Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

25

Generally, a MJOP is confined to the pleadings. A court may, however, consider matters of

26  public record not subject to reasonable dispute. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005,

27  1016, n.9 (9th Cir. 2012); *Massey v. Ojaniit*, 759 F.3d 343, 353 (3rd Cir. 2014) (same as to MJOP).

28  It may also consider documents the authenticity of which cannot be contested and upon which a

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

264348.5

1   claim necessarily relies, but which are omitted from a pleading in an apparent attempt to defeat

2   dismissal. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–706 (9th Cir. 1998), superseded by statute on

3   unrelated grounds as recognized in *Abrego v. The Dow Chemical Co,* 443 F.3d 676, 681–682 (9th

4   Cir. 2006). A number of circuits have also held objective evidence undermining a civil rights claim,

5   such as video, is properly considered at the pleading stage. *Bailey*, 860 F.3d at 387. So, too,

6   documents the complaint incorporates by reference, or those "integral" to it even if not. *L-7 Designs,*

7   *Inc. v. Old Navy, LLC,* 647 F.3d 419, 421–422 (2d Cir. 2011).

**B.      The Intracorporate-Conspiracy Doctrine Bars a Section 1983 Conspiracy**
         **Claim**

10         After hearing the City's motion to dismiss, the Court confined the SAC's vaguely pleaded

11   conspiracy claim to a section 1983 conspiracy claim — barred by the intracorporate-agency

12   doctrine:

13         [T]here is no unlawful conspiracy when officers within a single corporate entity

14         consult among themselves and then adopt policy of the entity. Under this principle

15         — sometimes called the intracorporate-conspiracy doctrine — an agreement

16         between or among agents of the same legal entity, when the agents act in their

17         official capacities, is **not** an unlawful conspiracy.

18   *Ziglar v. Abbasi,* 137 S.Ct. 1843, 1867–1869 (2017), citation omitted, emphasis added; Trl. Ord,

19   p. 10:1–11 [Dkt. No. 102] ("Plaintiffs concede with silence that they have not pled a valid state-law

20   claim for conspiracy. Plaintiffs only allege a conspiracy under § 1983."), citations omitted. Even if,

21   however, the doctrine does not foreclose liability in a civil rights case, Defendants are entitled to

22   qualified immunity because it was not — and is not — clearly established that officers of one police

23   department can be liable for a conspiracy in a section 1983 action. SAC, ¶¶ 18, 20–31, 107–109;

24   *Ziglar,* 137 S.Ct. at 1867–69; *Farzaga v. FBI*, 965 F.3d 1015, 1059–60 (9th Cir. 2020), cert. granted

25   on separate question sub nom. *FBI v. Farzaga*, __ S.Ct. __, 2021 WL 2301971 (Jun. 7, 2021).

26         *Ziglar* was decided two years before the alleged conspiracy to commit excessive force here.

27   The Court found an existing circuit-split — which it declined to resolve — on application of the

28   intracorporate-agency doctrine (previously applied primarily in the antitrust context) to civil rights

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. RULE 12(C))**

264348.5

cases involving agents of the one agency, alleged to have conspired in violation of section 1985. The Court, instead, determined the issue based on qualified immunity:

> [T]he fact that the courts are divided as to whether or not a § 1985(3) conspiracy can arise from official discussions between or among agents of the same entity demonstrates that the law on the point is not well established. When the courts are divided on an issue so central to the cause of action alleged, a reasonable official lacks the notice required before imposing liability. See *Wilson v. Layne*, 516 U.S. 603, 618, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (noting that it would be 'unfair' to subject officers to damages liability when even 'judges … disagree''); *Reichle v. Howards*, 566 U.S. 658, 669–670, 132 S.Ct.2088, 182 L.E2d 985 (2021) (same). … It follows that reasonable officers in petitioners' positions would not have known with any certainty that the alleged agreements were forbidden by law.

*Ziglar*, 137 S.Ct. at 1867–69 ("This requirement — that an official loses qualified immunity only for violating clearly established law — protects officials accused of violating 'extremely abstract rights. …'"). And although it did not resolve application of the intracorporate-agency doctrine, the Supreme Court stated:

> In addition to the concern that agents of the same legal entity are not distinct enough to conspire with one another, there are other sound reasons to conclude that conversations and agreements between and among federal officials in the same Department should not be the subject of a private cause of action for damages under §1985(3). To state a claim under § 1985(3), a plaintiff must first show that the defendants conspired — that is, reached an agreement — with one another. … Thus, a § 1985(3) claim against federal officials by necessity implicates the substance of their official discussions. … These considerations suggest that officials employed by the same governmental department do not conspire when they speak to one another and work together in their official capacities.

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

1  *Id.* at 1868.

2       Four years later, our Circuit has yet to resolve whether intracorporate-agency liability lies in

3  a civil rights case. Indeed, as recently as last year our Circuit declined to resolve it, deciding instead

4  that *Ziglar* entitles government agents under the intracorporate-agency doctrine to qualified

5  immunity from such claims. *Farzaga,* 965 F.3d at 1059–60; *Portmon v. County of Santa Clara*, 995

6  F.2d 898 (9th Cir. 1993) (declining to resolve application of intracorporate-agency conspiracy

7  doctrine to § 1983 claims).

8       Moreover, less than a month before the Vallejo Officers here allegedly engaged in this section

9  1983 conspiracy, the Sixth Circuit held:

10       [T]he intracorporate conspiracy doctrine applies in a section 1983 suits to bar

11       conspiracy claims where two or more employees of the same entity are alleged to

12       have been acting within the scope of their employment when they allegedly

13       conspired to together to deprive the plaintiff of his rights.

14  *Jackson v. City of Cleveland,* 925 F.3d 793, 818 (6th Cir. 2019). The 11th Circuit's precedent is in

15  accord with the Sixth's — but predates *Ziglar*. *Grider v. City of Auburn,* 618 F.3d 1240, 1261 (11th

16  Cir. 2010). Moreover, every circuit that has applied the intracorporate-agency doctrine to a section

17  1985 conspiracy action has likewise applied it to section 1983 conspiracy claims. *Jackson*, 925 F.3d

18  at 818, n. 12 (6th Cir.); *cf. Burbridge v. City of St. Louis, Missouri*, 3 F.4th 774, 782–783 n. 6 (8th

19  Cir. 2021) (only circuit precedent since *Jackson* to address topic, declining to consider the doctrine's

20  application to a section 1983 conspiracy claim for failure to perfect appeal).

21       In light of this unsettled law, district courts have generally concluded both pre- and post-

22  *Ziglar* that qualified immunity applies, where, as here, officers of one department are alleged to have

23  conspired to deprive one of constitutional rights in violation of section 1983. *Fatai v. City and Cnty.*

24  *of Honolulu*, 2021 WL 2941549, at *11 (D. Haw., July 13, 2021) (dismissing § 1983 conspiracy

25  claim); *Hasbrouck v. Yavapai County*, 2021 WL 321894, at *15 (D. Ariz., Feb. 1, 2021) (same); *see*

26  *also Norton v. Arpaio,* 2015 WL 13759956, at *5 (D. Ariz., Nov. 20, 2015) ("those district courts

27  within this Circuit that have addressed the [intracorporate conspiracy doctrine's application to civil

28  rights cases] have held that it does apply").

264348.5

**Colantuono, Highsmith & Whatley, PC**
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

While a few outliers decline to apply the doctrine broadly to bar all section 1985 conspiracy claims, these are distinguishable. See *Webb v. County of El Dorado*, 2016 WL 4001922 (E.D. Cal. July 25, 2016); *Wagner v. County of Plumas*, 2020 WL 820241 (E.D. Cal., Feb. 19, 2020). *Webb* and *Wagner* were employment suits, involving a series of acts, some outside the scope of employment. *Webb*, 2016 WL 4001922, at *7; *Wagner*, 2020 WL 820241, at *8. Neither could put a reasonable police officer on notice that they may be subject to intracorporate liability in a use-of-force case. *Mullenix v. Luma*, 577 U.S. 7, 11–13 (2015) (qualified immunity applies unless "violative nature of **particular** conduct [is] clearly established"; "[s]uch specificity is especially important in the Fourth Amendment context" under which excessive force is alleged) (original emphasis); *Monteilh v. County of Los Angeles*, 820 F.Supp.2d 1081, 1088 (C.D. Cal. 2011) ("unpublished district court decisions also 'may inform our qualified immunity analysis,' but a right is rarely clearly established 'absent any published opinions on point or overwhelming obviousness of illegality'") (citation omitted).

Moreover, *Webb* and *Wagner* both find the intracorporate agency doctrine bars a civil rights conspiracy claim, "where the conspiratorial conduct challenged is essentially a single act by a single governmental body acting exclusively through its own officers, each acting within the scope of his or her employment." *Webb*, 2016 WL 4001922, at * 7; *Wagner,* 2020 WL 820241, at *8. Plaintiffs' conspiracy claim falls under the *Webb* and *Wagner* application of the intracorporate-agency doctrine: a conspiracy among officers of the same department, acting within the scope of their employment, to deprive one of his civil rights, which transpired in no more than five minutes. SAC, ¶¶ 20–30; RJN, at Exhs. A–B.

Thus, Plaintiffs section 1983 conspiracy must be dismissed.

## C.     The Conspiracy Claim against the City is Duplicative

The City can neither conspire with itself nor its employees. But even if its officers were subject to intracorporate liability for a conspiracy under section 1983, the City could not be held vicariously liable for the same conduct. *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 693 (1978) ("[l]ocal governments may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents.") Thus, to the extent the SAC alleges the City may be

1  liable for a section 1983 conspiracy, it should be dismissed as redundant of the SAC's third cause of

2  action for *Monell* liability. *Compare* SAC ¶¶ 47–69, 79–90 *with id.* ¶¶ 107–109; *Thornton v.*

3  *Solutionone Cleaning Concepts, Inc.,* 2007 WL 210586 (E.D. Cal. 26, 2007) (redundant matter

4  includes needless repetition of allegations).

5  **D.     McCoy's Siblings Cannot Pursue Individual Bane Act Claims**

6          California Civil Code section 52.1 (Bane Act) prohibits an officer from interfering with state

7  or federal civil rights by "threats, intimidation or coercion." *Chaudhry v. City of Los Angeles*, 751

8  F.3d 1096, 1105 (9th Cir. 2014). The statute confers a personal right that does not allow wrongful-

9  death suits — but does authorize survival actions. *Bay Area Rapid Transit Dist. v. Superior Court*, 38

10  Cal.App.4th 141, 144–145 (1995) (*BART*) (parents lacked standing to pursue wrongful death suit

11  under Bane Act); *Medrano v. Kern Cnty. Sheriff's Officer*, 921 F.Supp.2d 1009, 1015–16 (E.D. Cal.

12  2013) (sibling's survivor action under Bane Act cognizable). Plaintiffs here pursue a survivor action,

13  but also seek their own damages. Precedent permits the former, not the latter. *BART*, 38 Cal.App.4th

14  at 144–45.

15          Thus, the Court should dismiss Plaintiffs' individually pleaded Bane Act claims under the

16  Fifth Cause of Action.

17  **E.     Dorsey and Mitchell Lack Standing For their Survivorship Claims**

18          The Fourth Amendment similarly confers a personal right that may not be vicariously

19  asserted. *Alderman v. United States*, 394 U.S. 165, 174 (1969); *Bart*, 38 Cal.App.4th at 144–45.

20  Only the person whose right has been violated may sue. *Smith v. City of Fontana*, 818 F.2d 1411,

21  1417 (9th Cir.1987). The estate, or intestate heirs of a decedent, may bring a survival action if state

22  law permits. *Moreland v. Las Vegas Metropolitan*, 159 F.3d 365, 369 (9th Cir. 1998). Such actions

23  allow an estate or heirs to recover for the deceased's injuries — but not their own. Cal. Code Civ.

24  Proc., § 377.34; *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103–05 (9th Cir. 2014); *Estate of*

25  *Lopez v. Gelhaus*, 149 F.Supp.3d 1154, 1166–67 (N.D. Cal. 2016).

26          California Code of Civil Procedure section 377.20 authorizes survivor actions. It permits a

27  decedent's personal representative or successor-in-interest to bring an excessive force claim for the

28  decedent. Cal. Civ. Proc., § 377.30. Plaintiffs Barbara Dorsey and Shawnmell Mitchell attempt to

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

satisfy the statute's standing requirements by alleging they are McCoy's successors-in-interest as he was childless, and his parents pre-deceased him. SAC, ¶¶ 11–17. But as the other Plaintiffs seemingly recognize, this does not suffice to confer them standing to pursue Decedent's survivorship claims. Cal. Civ. Proc., § 377.32 (affidavit with specific information required to pursue survivor action); *Hayes v. County of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013) (survivor claims may be time-barred for failure to file timely required affidavit).

What's more, the SAC does not plainly allege Plaintiffs have capacity to sue, and such is commonly presumed, but Defendants understand at least one plaintiff here is minor without capacity to bring a survival claim. Fed. R. Civ. P., Rule 17; E.D. Local Rule 202; *Cotta v. Cnty. of Kings*, 79 F.Supp.3d 1148, 1161 (E.D. Cal. 2015) ("Although Kaylianna is Decedent's successor in interest, as a minor, she lacks standing to bring a survival claim because she has no guardian ad litem.")

Accordingly, Barbara Dorsey's and Shawnmell Mitchell's survivor claims under the first (section 1983 excessive force), third (*Monell* liability), fourth (negligence), fifth (Bane Act), sixth (battery), seventh (section 1983 conspiracy), and eighth (supervisory liability) causes of action should be dismissed for want of standing.

## IV. CONCLUSION

*Ziglar* directs that qualified immunity in federal civil rights conspiracy cases is the rule until the circuit courts resolve the law on intracorporate-conspiracy liability. 137 S.Ct. at 1867–69. Our Circuit has freshly affirmed that rule without resolving application of the intracorporate-conspiracy doctrine. *Farzaga*, 965 F.3d at 1059. Indeed, only the Sixth Circuit has directly addressed the topic, resolving that the intracorporate-conspiracy doctrine bars a section 1983 conspiracy. *Jackson,* 925 F.3d at 818. Plaintiffs' section 1983 conspiracy cause of action thus necessarily fails and the federal conspiracy claim against the City should be dismissed, too, as redundant of the *Monell* claim. Finally, the Bane Act provides only for survivorship claims — which fail, at least with respect to Barbara Dorsey and Shawnmell Mitchell because they lack standing and do not properly plead their legal capacity.

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

264348.5

DATED:  September 21, 2021

**COLANTUONO, HIGHSMITH & WHATLEY, PC**

_____

MICHAEL G. COLANTUONO
ANDREW C. RAWCLIFFE
JOHN A. ABACI
NIKHIL S. DAMLE
Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU,
MARK THOMPSON, BRYAN GLICK,
ANTHONY ROMERO-CANO, COLIN EATON,
JORDON PATZER, STEVEN DARDEN, AND
KYLE WYLIE

Colantuono, Highsmith & Whatley, PC
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

1

**CERTIFICATE OF SERVICE**
*Kori McCoy, et al. v. City of Vallejo, et al.*
United States District Court, Eastern District
Case No. 2:19-cv-01191-JAM-CKD

2

3

I, Lourdes Hernandez, declare:

4

I am employed in the County of Los Angeles, State of California.  I am over the age of 18

5

and not a party to the within action.  My business address is 790 East Colorado Boulevard, Suite
850, Pasadena, California 91101.  My email address is: Lhernandez@chwlaw.us. On September 22,

6

2021, I served the document(s) described as **DEFENDANT CITY OF VALLEJO'S, ET AL.
NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS;**

7

**MEMORANDUM OF POINTS AND AUTHORITIES,** on the interested parties in this action
addressed as follows:

8

9

☒      **BY ELECTRONIC TRANSMISSION**:  I hereby certify that I electronically filed the

10

foregoing with the Clerk of the Court for the United States District Court, Eastern District by
using the CM/ECF system on September 22, 2021.  I certify that all participants in the case

11

are registered CM/ECF users and that service will be accomplished by the USDC, Eastern
District CM/ECF system.

12

I declare that I am employed in the offices of a member of the State Bar of this Court at

13

whose direction the service was made.  I declare under penalty of perjury under the laws of the
United States of America that the above is true and correct.

14

Executed on September 22, 2021, at Pasadena, California.

15

16

_____
Lourdes Hernandez

17

18

19

20

21

22

23

24

25

26

27

28

*Colantuono, Highsmith & Whatley, PC*
420 SIERRA COLLEGE DRIVE, SUITE 140
GRASS VALLEY, CA 95945-5091

20        *Case No.* 2:19-cv-01191-JAM-CKD
**CERTIFICATE OF SERVICE**

264348.5

**SERVICE LIST**
*Kori McCoy, et al. v. City of Vallejo, et al.*
United States District Court, Eastern District
Case No. 2:19-cv-01191-JAM-CKD

Melissa Catherine Nold                          *Attorneys for Plaintiffs*
Nold Law                                        **KORI McCOY, MARC McCOY, LOUIS**
521 Georgia Street                              **McCOY, SHAWNMELL MITCHELL and**
Vallejo, CA  94590                              **MARQUITA McCOY**
Tel:  (707) 644-4004
Email: melissa@noldlaw.com

Adante Pointer                                  *Attorneys for Plaintiffs*
Patrick Buelna                                  **KORI McCOY, MARC McCOY, LOUIS**
Pointer & Buelna, LLP                           **McCOY, SHAWNMELL MITCHELL and**
Lawyers for the People                          **MARQUITA McCOY**
1901 Harrison Street., Ste. 1140
Oakland, CA  94612
Tel:  (510) 929-5400
Email: apointer@lawyersftp.com
          pbuelna@lawyersftp.com
          admin@lawyersftp.com

Bruce A. Kilday                                 *Attorneys for Defendant*
Derick E. Konz                                  **RYAN McMAHON**
Danielle J. Williams
Angelo, Kilday & Kilduff
601 University Avenue., Ste 150
Sacramento, CA  95825
Tel:  (916) 564-6100
Fax: (916) 564-6263
Email: bkilday@akk-law.com
          dkonz@akk-law.com
          dwilliams@akk-law.com
          mfitzpatrick@akk-law.com*
          tredding@akk-law.com*
*courtesy copies, per request

*Colantuono, Highsmith & Whatley, PC*
*420 SIERRA COLLEGE DRIVE, SUITE 140*
*GRASS VALLEY, CA 95945-5091*

4
*Case No.* 2:19-cv-01191-JAM-CKD
**CERTIFICATE OF SERVICE**

259270.1