UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORI MCCOY, individually and as Co-Successor-in-Interest to Decedent WILLIE MCCOY, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>CITY OF VALLEJO, et al.,<br><br>            Defendants. | No.  2:19-cv-01191-JAM-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS CITY OF VALLEJO, ANDREW BIDOU, MARK THOMPSON, BRYAN GLICK, ANTHONY ROMERO-CANO, COLLIN EATON, JORDAN PATZER, STEVE DARDEN, AND KYLE WYLIE'S MOTION FOR RECONSIDERATION** |

Before this Court is Defendants City of Vallejo, Andrew Bidou, Mark Thompson, Bryan Glick, Anthony Romero-Cano, Collin Eaton, Jordon Patzer, Steve Darden, and Kyle Wylie's request for reconsideration, ("Mot."), ECF No. 105, of this Court's Order granting in part and denying in part Defendants' motion to dismiss ("Order"), ECF No. 102.  Plaintiffs Kori McCoy, Marc McCoy, Louis McCoy, Shawnmell Mitchell, Marquita McCoy, and Barbara Dorsey opposed this motion.  See Opp'n, ECF No. 111.  Defendants replied.  See Reply, ECF No. 113.  For the reasons set forth below the Court grants in part and denies in part Defendants' request.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for September 14, 2021.

1

I.  OPINION

A.  Legal Standard

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.  But where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it."  United States v. Martin, 226 F.3d 1042, 10449 (9th Cir. 2000).  "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal."  Id.  Thus local rules permit motions for reconsideration but requires counsel identify "the material facts and circumstances surrounding each motion for which reconsideration is sought, including: (1) when and to what Judge or Magistrate the prior motion was made; (2) what ruling, decision, or order was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. Local R. 230(j).

B.  Analysis

1.  Supervisory Claim

Defendants first request reconsideration of the Court's ruling declining to dismiss Plaintiffs' eighth cause of action for supervisory liability against Sergeant Wiley and Lieutenant Darden.  Mot. at 5.  Defendants argue the Court's conclusion —

2

that Plaintiffs stated a plausible claim for supervisory liability based on Plaintiffs' allegations that Darden and Wylie ignored the call and their subordinates used excessive force as a result — overlooked the Police Department's Computer Aided Dispatch ("CAD") report which shows both officers arrived on scene within minutes of being dispatched. Id.  Defendants claim it is thus implausible that Darden or Wylie ignored the call. Id.  But at this early stage of litigation, on a motion to dismiss, the Court must accept Plaintiffs' factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendants appear to misunderstand the scope of judicial notice. See Mot. at 5-7.  While the Court can and did take judicial notice of the existence of the CAD, it cannot take judicial notice of any disputed facts contained within. See Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001). Because of this, judicially noticed documents are rarely helpful in a motion to dismiss, although often relied upon by attorneys. Thus, the Court cannot at this early stage conclude that Darden or Wylie arrived on scene within minutes of being dispatched as Defendants contend. See id.  Rather, the Court must accept as true Plaintiffs' factual allegation that Darden and Wylie ignored the call. See Iqbal, 556 U.S. at 678.

Defendants also argue the Court misapplied legal precedent, specifically its reliance on Calhoon v. City of South Lake Tahoe, 19-cv-02165-KJM-JDP, 2020 WL 5982087 (E.D. Cal. Oct. 8, 2020). Mot. at 7.  Defendants contend Calhoon is distinguishable because in that case the supervisor was present on the scene. Id.  Thus, Defendants' claim federal law imposes

3

1  a duty to intervene on officers who are on the scene when a
2  constitutional violation occurs, but no similar rule exists for
3  holding supervisors liable when they are not present. Id. The
4  Court does not construe the precedent so narrowly.  It has been
5  held that a supervisor can be liable "for his acquiescence in
6  the constitutional deprivation." Calhoon, 2020 WL 5982087, at
7  *8 (quoting Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2012)).
8  The Court is not persuaded that to acquiesce to a constitutional
9  violation one must be physically present.  Rather, the
10 supervisor merely needs to be aware the conduct is occurring.
11 See Starr, 652 F.3d at 1208 (finding plaintiff stated a
12 plausible claim of supervisory liability even though the
13 supervisor was not present when the constitutional violation
14 occurred as he was aware of such misconduct); compare with
15 Edgerly v. City and Cty. of San Francisco, 599 F.3d 946, 961-62
16 (9th Cir. 2010) (finding no reasonable trier of fact could find
17 supervisor liable when he was not aware of the constitutional
18 violation until after it was completed).  This awareness can
19 come from physically observing the conduct or as alleged here,
20 being made aware over the radio.  For these reasons the Court
21 DENIES Defendants' request for reconsideration of this Court's
22 decision not to dismiss Plaintiffs' eighth claim for supervisory
23 liability.

24        2.   Conspiracy

25     Defendants also request reconsideration of this Court's
26 decision not to dismiss Plaintiffs' seventh cause of action for
27 conspiracy. See Mot. at 8.  They contend that because the
28 Court's ruling relied on the allegation that Darden and Wylie

ignored the call, the Court also erred as the CAD records show they did not. Mot. at 8. As explained above, the Court cannot take judicial notice of disputed facts within the CAD records. See Lee, 250 F.3d at 689-90. Accordingly, the Court DENIES Defendants' request for reconsideration of this claim.

### 3. Factual Error

Defendants also request the Court correct a misstatement in the Order that the officers killed a bystander. See Mot. at 8 (citing Order at 11:21). The Court GRANTS this request and vacates that portion of the Order. See Order at 11:21 ("The officers shot fifty-five times, killed McCoy, and killed a bystander" shall be changed to "The officers shot over fifty times and killed McCoy.")

## II. ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Reconsideration. Defendants' request for reconsideration of this Court's decision not to dismiss Plaintiffs' seventh and eighth causes of actions is DENIED. Defendants' request to correct a factual mistake in the Order is GRANTED.

IT IS SO ORDERED.

Dated: November 4, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE