UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORI MCCOY, et al., | No. 2:19–cv–1191–JAM–CKD |
| Plaintiffs, | ORDER |
| v. | (ECF No. 136) |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Pending before the court is defendants' request to seal certain papers and portions of documents in connection with plaintiffs' co-pending motion to compel discovery. (ECF Nos. 128, 136.) Although plaintiffs were the ones to file the notice of request to seal (ECF No. 136)—as they are the party bringing the discovery motion—subsequent briefing has clarified that defendants are the only party seeking protection for the documents in question. Plaintiffs, in fact, oppose the request.

The Notice of Request to Seal filed publicly on December 8, 2021 requested leave to file under seal the Joint Statement regarding the discovery dispute and all declarations and exhibits in support thereof "because Defendants[] have disclosed the document and/or information contained therein under the 'Confidential' designation described in the Court's Protective Order." (ECF No. 136.) The same Notice of Request to Seal was also concurrently emailed to the court, along with the Joint Statement and a Dropbox.com link to some 14 supporting exhibits and

declarations—some of which themselves contained several sub-exhibits. No actual "Request to Seal" was sent, as it should have been under Local Rule 141(b), and there was no explanation of the need for sealing except the statement that defendants had previously designated the materials as "Confidential."

On December 9, 2021, the undersigned provisionally granted the request to seal, nonetheless, because it appeared there may be good cause to seal at least portions of the materials submitted. (ECF No. 137.) Thus, the documents were filed under seal on the docket at ECF No. 138, and the parties were given several days to email to the court supplemental briefs in support of the request to seal, complying with Local Rule 141 and addressing why good cause exists to seal each specific document.

On December 14, 2021, both sides complied. Defendants emailed their supplemental brief and declarations in support—attaching to one of the declarations revised redacted versions of the documents originally (provisionally) filed under seal. Defendants no longer request full sealing of all documents related to the motion to compel; instead, they request permission to file some of the documents fully redacted, others partially redacted, and some with no redactions. Plaintiffs emailed their supplemental brief as well, now opposing the sealing (or other protection) of all the documents, along with a declaration and three exhibits.[1]

**I.      Legal Standard**

"[T]here is a 'strong presumption in favor of access' to information filed with a court." In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 429 (9th Cir. 2011) (quoting Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). In general, to overcome the presumption, a party seeking to seal judicial records must demonstrate not just "good cause," but "compelling reasons." Id. (citations omitted). "Despite this strong preference

---

[1] Under the local rules, oppositions to requests to seal are permitted within 3 days of the service of the Notice of Request to Seal. See L.R. 141(c). Because of the odd posture in which this request to seal arose, the court accepts plaintiffs' opposition—while discounting it somewhat due to the fact that plaintiffs originally consented to (indeed, themselves filed) the initial notice of request to seal. Despite privately contesting the basis for filing the documents under seal, plaintiffs say that they did so as a "professional courtesy" to defendants—and presumably so that plaintiffs could get their motion to compel before the court more speedily.

2

for public access," the Ninth Circuit has "carved out an exception for sealed materials attached to a discovery motion unrelated to the merits of a case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (cleaned up).  When this exception applies, a party seeking to file under seal "need only satisfy the less exacting 'good cause' standard" found in Rule 26(c). Id.; see Fed. R. Civ. P. 26(c)(1) (stating that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

The documents defendants wish to remain filed under seal are all offered in support of the parties' respective arguments on the pending non-dispositive motion to compel.  Thus, as determined in the court's provisional grant order, defendants must demonstrate good cause for filing these documents under seal.[2]  See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 599 (1978) (decisions on public access are "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case).

To establish good cause, first, the party seeking protection (here, defendants) must show that "specific prejudice or harm will result," absent sealing.  See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).  "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."  Foltz, 331 F.3d at 1130. This court's local rules echo these principles by requiring requests to seal to "describe generally the documents sought to be sealed, the basis for sealing," and the "statutory or other authority for sealing," among other things.  E.D. Cal. R. 141(b).

"Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.'"  Roman Catholic, 661 F.3d at 424 (quoting

---

[2] Plaintiffs do not argue that the higher "compelling interests" standard should apply here.

3

Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002)) (alteration in Roman Catholic). The Ninth Circuit has instructed district courts to conduct this balancing under the factors identified in Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995). See Roman Catholic, 661 F.3d at 424. But even when both analytical steps weigh in favor of protecting the material "a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure." Id. at 425.

**II.    Analysis**

In opposing the request to seal, plaintiffs argue, first, that defendants waived the "Confidential" designations originally asserted for many of the documents filed in connection with the motion to compel, and, second, that in any event defendants cannot show good cause for filing the documents under seal. The court concludes that there has been no waiver and that defendants' supplemental briefing establishes good cause for filing redacted versions of the documents as proposed—with two exceptions where defendants have proposed redacting more information than necessary.

*A. Confidential Designations*

After reviewing the parties' supplemental briefs and exhibits thereto, the court finds that defendants have not waived the right to maintain the Confidential designation of the materials in question, under the parties' stipulated protective order. At the same time, however, the question of whether or not materials have been (or should remain) designated as Confidential under a stipulated protective order does not impact a court's decision on the separate issue of whether or not to permit those materials to be filed with the court under seal.

As to waiver, plaintiffs argue that—under the procedures laid out in the parties' stipulated protective order (ECF No. 21)—defendants can no longer maintain the Confidential designation of their materials at issue because plaintiffs informally challenged those designations and defendants have not since filed a motion to retain confidentiality.

Plaintiffs' argument is not supported by the terms of the stipulated protective order. Even assuming that plaintiffs properly initiated an informal challenge to the designations as contemplated in the protective order (which defendants dispute), plaintiffs do not direct the court

4

to any provision in the protective order that supports their strict waiver theory.

Paragraph 6.3, governing "Judicial Intervention" indeed states that "[i]f the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality," under the present circumstances, "within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute." (ECF No. 21 at 9.)  However, it does *not* say that the effect of failing to timely file such motion to retain confidentiality constitutes a waiver of the designation.  In fact, that same paragraph closes by stating: "Unless the Designating Party has waived the confidentiality designation *by failing to oppose a motion to remove* confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge."  (Id. (emphasis added).)  While not expressly stating this is the only way a party can waive its confidentiality designation, the absence of a similar provision indicating waiver *by failing to move to retain* confidentiality strongly suggests that no such trigger for waiver was contemplated or agreed to.[3]

Moreover, the only paragraph directly addressing the effects of a party's "failure to oppose [a] challenge," paragraph 6.4(c), reads in relevant part:

> **(c) Implicit Withdrawal by Publication or Failure to Oppose Challenge.** A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulation and Order by either (1) making such Protected Material/Confidential Records part of the public record . . . ; or (2) *failing to timely oppose a Challenging Party's motion to remove* a "CONFIDENTIAL" designation to specified Protected Material/Confidential Documents.

(Id. at 10.)  Here, too, the parties plainly contemplated only a failure to oppose a *motion to remove* confidentiality as triggering the loss of the confidential designation for the subject material.

It is undisputed that plaintiffs have not filed a motion to remove the Confidential

---

[3] The absence of such a provision does not leave the party opposing a confidentiality designation without recourse.  The opponent need only file their own motion to remove the designation—after good faith meet and confer has failed—to gain judicial intervention.  Notably, plaintiffs have not done so.

designation of the documents at issue.  Therefore, no duty to oppose such a motion has yet arisen; and, consequently, defendants have neither waived nor implicitly withdrawn the Confidential designation of the materials under the only portions of the stipulated protective order that discuss the loss of such designation through inaction.  Defendants did not waive the confidentiality designations in question.

This is not to suggest, however, that the lack of waiver in any way lessens defendants' burden (as the party seeking to avoid disclosure) to show good cause for filing the materials under seal.  Defendants argue that "there is a rebuttable presumption that records subject to a protective order should be ordered sealed." (Defendants' Supp. Br. at 9 (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179-80 (9th Cir. 2006); Phillips, 307 F.3d at 1213)).  They are wrong.  "While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) *the parties stipulate to such an order*. When the protective order 'was a stipulated order and no party ha[s] made a "good cause" showing,' then 'the burden of proof remains with the party seeking protection.'" Roman Catholic, 661 F.3d at 424 (emphasis added) (cleaned up) (quoting Phillips, 307 F.3d at 1211 n.1).  "If a party takes steps to release documents subject to a stipulated order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." Id.

Throughout the process of requesting permission to seal, defendants have overly relied on the fact that the materials were designated as Confidential—first by asserting (through plaintiffs) the designation status as the sole basis for initially seeking leave to file under seal, and now by arguing that the materials should be rebuttably *presumed* to be ordered filed under seal.  At the outset of the litigation, the parties stipulated to the protective order currently in operation.  (ECF No. 21.)  Although the parties sought, and obtained, court approval for this protective order, the court in so doing made no good cause finding as to the specific documents to be embraced by the protective order.  Thus, the burden remains squarely on defendants to establish that there is good cause to protect from public view the material presented for filing in connection with this motion. Roman Catholic, 661 F.3d at 424.

### B. Good Cause Showing

After considering the materials presented and the narrower redactions now proposed for most of the materials connected to the motion to compel, the court finds good cause to grant defendants' more limited request to seal—except as to two documents where defendants' redactions must be scaled back. Initially, the court notes the awkward position in which defendants find themselves for this motion. It is not defendants, but rather plaintiffs, who wish to put any of the material at issue before the court in the first place. Plaintiffs submitted to the court all but two of the exhibits at issue, in support of their motion to compel production of further similar materials from defendants. Defendants had little control over the number or extent of the documents plaintiffs submitted. With the opportunity for further argument and to present tailored redactions, defendants' position on the request to seal is much improved.

#### 1. Most of the Proposed Redactions Are Warranted

Initially, of the 15 separately bound documents currently provisionally filed under seal (see ECF Nos. 137, 138), defendants no longer seek any level of protection for five of them. **Defendants therefore SHALL file as public filings Exhibits 1-4 and Exhibit 10 to the Buelna Declaration (that is, the materials currently filed under seal at ECF Nos. 138.1, 138.2, 138.3, 138.4, and 138.10).**

On the flip side, defendants request that the court permit full redaction of another five of the documents. These filings comprise a privilege log defendants produced in this case, a privilege log defendants produced in another case, complete audio files of two interviews conducted in an internal investigation commissioned by the Vallejo Police Department ("VPD"), and a VPD internal investigatory report regarding one of the defendants.

The privacy interests asserted by defendants as to these documents are strong enough to satisfy the first step of the good cause standard. These documents are either (1) actual, primary records created in connection with a police department's internal affairs investigations, or (2) in the case of the privilege logs, somewhat detailed lists of the contents of internal affairs files. While these interests may or may not be great enough to avoid production of similar materials—a question to be addressed in ruling on the underlying motion to compel—the undersigned easily

7

finds that their immediate public disclosure would harm the defendants. Likewise, on balance, the City's interest in maintaining confidentiality of this information—in recognition of the privacy rights of those interviewed—outweighs the public interest in disclosure, at least at this stage in the litigation.[4] See Glenmede Trust Co., 56 F.3d at 483 ("good cause" factors).

Because defendants provide fully redacted versions of these documents, and for the sake of keeping all documents together on the docket, **defendants SHALL file directly on the docket (alongside the above referenced documents) Exhibits 5-9 to the Buelna Declaration, currently attached as part of Exhibit A to defendants' supplemental brief.**

Next, defendants request that the court permit them to file *partially* redacted versions of the final set of five documents. The first three of these documents contain very few proposed redactions—as to which the court finds good cause to grant the request—while the last two propose more sweeping redactions (which the court rejects in part as discussed in the next section).

The redactions proposed to the first document, the declaration of plaintiff's counsel Patrick Buelna, are limited to the names of persons interviewed in the VPD internal investigation (whose interview audio files are being kept under seal) and the identification of the cases for which the two privilege logs were produced. While the undersigned questions the need to redact the case-identifying information, which itself does not reveal any details of the contents of the privilege logs, the court will not quibble over these redactions which also would not particularly benefit the public to see.

The redactions proposed to the second document, the declaration of defense counsel Randy Risner of the Vallejo City Attorney's Office, are limited to omitting (1) specific dates and details of the retention of the independent investigator hired to conduct the investigation in question, and (2) a description of how two interviewees might have shared arguably privileged communications with the investigator. Because these redacted portions of the declaration discuss

---

[4] Again, the interest at issue here is the interest in confidentiality from the public at large. This finding does not indicate the court's view of defendants' interest in "confidentiality" from plaintiffs or plaintiffs' counsel by way of nonproduction in discovery.

the contents of the internal affairs file, and the public would not benefit from viewing them, the court finds good cause for filing the Risner Declaration with the proposed redactions.

Likewise, the court finds good cause for filing the third document with the redactions defendants propose. The third "document" is really a series of documents: the declaration of defense counsel John Abaci and Exhibits A-I attached thereto. Defendants seek no redaction or other protection of most of this assemblage of documents. They only seek a handful of redactions within their Amended Responses to plaintiffs' requests for document production, which are currently lodged as Exhibit B to the Abaci Declaration. The only redactions sought are to omit the names of the persons whose investigatory interviews were being produced (in the form of audio files and transcripts). Given the protection granted above, the court finds good cause to protect the identities of the interviewees from public knowledge at present as well. **Accordingly, defendants SHALL file directly on the docket (alongside the above referenced documents) the Buelna Declaration, the Risner Declaration, and the Abaci Declaration and accompanying exhibits (that is, the materials currently filed under seal at ECF Nos. 138.12, 138.13, and 138.14) with the redactions reflected as they currently appear in Exhibit A to defendants' supplemental brief.**

### 2. *Select Overbroad Redactions Shall Be Removed*

The final two documents to address are (1) the affidavit of VPD Deputy Chief Michael Kihmm with its attached exhibits, and (2) the Joint Statement regarding the parties' discovery disagreement.

#### i. *The Kihmm Affidavit*

The Kihmm Affidavit, along with its three exhibits, are currently lodged as Exhibit 11 to the Buelna Declaration. The Kihmm Affidavit serves as defendants' <u>Kelly</u> affidavit in support of their assertion of the qualified official information privilege in response to plaintiffs' requests for document production. Defendants propose redacting paragraphs 11 and 12, portions of paragraph 13, and all of paragraphs 14 through 16 of the Kihmm Affidavit—which consists of 29 paragraphs overall. No redactions are proposed for the attached exhibits, which include a declaration by the independent investigator, Robert Giordano.

Paragraphs 11, 12, 14, and 16 describe the VPD-commissioned investigatory report and its current status in a level of detail sufficient to harm defendants' privacy and public safety interests—outweighing the public interest in disclosure at this juncture. Good cause exists to redact those paragraphs.

However, the redacted portions of paragraph 13 generally describe the independent nature of the investigation and the VPD's reasons for not wanting to produce the resulting investigatory report in discovery. The undersigned sees no privacy or other interests in preventing public disclosure of this information. Defendants argue only that the court should protect the portions of the Kihmm Affidavit that "disclose[] the contents of the investigatory file and the Department's internal deliberations on potential discipline." (Defendants' Supp. Br. at 11.) Paragraph 13 contains neither type of information, and therefore should not be redacted.

Paragraph 15 comes closer to fitting these categories, as it describes the organization and format of the investigatory report—including the number of people interviewed and the number considered "subjects" of investigation versus merely "witnesses." Still, aside from the specific numbers, paragraph 15 does not "disclose[] the contents" of either the report or the VPD's disciplinary deliberations. As noted, it merely describes at a general level the contents and the overall format of the report. The court does not find good cause for the redaction of paragraph 15 either—except as to the precise number of interviewees and their classifications.

**Accordingly, defendants SHALL file directly on the docket (alongside the above referenced documents) the Kihmm Affidavit and its accompanying exhibits (that is, the materials currently filed under seal at ECF No. 138.11) as follows: (A) with the redactions of paragraphs 11, 12, 14, and 16 reflected as they currently appear in Exhibit A to defendants' supplemental brief; and (B) <u>without</u> redaction of paragraphs 13 and 15, except that the precise numbers of people in paragraph 15 may be redacted.**

                ii.       *The Joint Statement*

Lastly, defendants propose redacting large swaths of the parties' Joint Statement regarding the discovery dispute. Defendants' supplemental brief contains almost no argument regarding the harms that will result from disclosure of the Joint Statement itself, which contains the parties'

description of the discovery impasse and their respective arguments regarding the motion to compel. Defendants simply propose redacting all portions that "discuss[] the contents of confidential internal affairs interviews designated as 'protected material.'" (Defendants' Supp. Br. at 8.)

Nevertheless, based on defendants' arguments regarding the above materials to which the Joint Statement of course refers, the court finds good cause for maintaining about half of the redactions defendants propose. The court rejects the following proposed redactions for failure to show good cause. Where the reasoning is not readily apparent or discussed already above, the court adds a brief explanation for the rejection.

- **Page 5, lines 13-15** shall not be redacted: "Defendant City's privilege log described twenty-two different items being withheld on the basis of the official information privilege and privacy privilege along with the objections of relevance and proportionality. (Buelna Decl., Ex. 5 — McCoy City of Vallejo Privilege Log)."
    - The description of the privilege log and the objections asserted does not disclose the contents of the log and should be publicly viewable.
- **Page 8, line 13** shall not redact the numerical identification of the items on the privilege log plaintiffs seek to compel: "the Items #1, 5–8 and 10-23 withheld in the privilege log."
- **Page 9, line 16 to Page 10, line 2** shall not be redacted, **except** in part, as follows: "Mr. Giordano and Ms. Maloney conducted their investigation independently of City and Police management, and, as a result, the City had little information about it until they concluded it. Declaration of Michael Kihmm ("Kihmm Decl.") ¶ 13. Indeed, the City only recently learned   [redacted]   that some interviews disclosed communications protected by attorney-client and deliberative-process privileges. Declaration of Randy J. Risner ("Risner Decl.") ¶ 4. These should remain privileged, as the City Council, holder of these privileges, never waived them. *Ibid*."
- **Page 10, lines 12 to 24** shall not be redacted, **except** to omit the precise number of witnesses interviewed.
- The end of the sentence on **Page 11, lines 11 to 14** shall not be redacted: ". . . jeopardize

11

the City's ability to impose any discipline the findings of the investigation warrant, infringe the privacy rights of third parties, and invade other privileges, including attorney-client and deliberative process privileges, which the City has not waived. *See generally*, Kihmm Decl.; Risner Decl. ¶¶ 5–6."

- o This attorney argument and general description of the referenced items does not warrant protection from public view.

- The end of the sentence on **Page 19, lines 6-9** shall not be redacted: ". . . all of whom have vital information for Plaintiffs to prove that the City knew about this custom before and after the McCoy shooting, yet refused to hold internal affairs investigations or implement discipline, re-trainings and worked to conceal it in violation of Decedent Willie McCoy's rights."

- o Again, this is attorney argument not warranting protection.

- **Page 21, lines 17-23** shall not be redacted: "On September 10, 2021, Defendant City attempted to correct their error by serving an affidavit from Deputy Chief Michael Kihmm over a month after the *Burrell* court had order Defendant City to produce a privilege log. (Buelna Decl., Ex. 11). In Deputy Chief Kihmm's affidavit, he expressed the harms that may occur is "Mr. Giordano (and the Department) expected his investigation would remain confidential until complete and any discipline is effective to protect the integrity of the investigation and to respect officers' privacy and due process rights." Kihmm Decl. at ¶13."

- o This simply contains a narrative of events, as well as a portion of the Kihmm Affidavit that the court has already ordered unredacted.

- The remainder of the paragraph spanning **Page 27, line 16 to Page 28, line 4** shall not be redacted, **except** to omit the precise number of subject officers.

- o Aside from that number, this passage merely contains attorney argument and a legal citation.

////

////

- The paragraph contained at **Page 29, lines 5 to 12** shall not be redacted.
  - Despite shedding light on the timeframe of the investigation, this passage contains attorney argument important to the resolution of plaintiffs' motion, and defendants do not specifically argue why the timing of the investigation should be shielded.

**Accordingly, defendants SHALL file directly on the docket (alongside the above referenced documents) the Joint Statement (currently filed under seal at ECF No. 138) with the redactions reflected as they currently appear in Exhibit A to defendants' supplemental brief, except for the above-identified redactions.**

### ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' request to seal (ECF No. 136) is GRANTED IN PART and DENIED IN PART;
2. No later than 12:00 Noon on Wednesday, December 22, 2021 (and sooner if possible), defendants shall file the above-described documents in accordance with the bolded instructions in this order; and
3. To the extent possible, in filing these documents, defendants shall make their unsealed filing mirror the order and appearance of the sealed versions appearing at Dkt. No. 138. (That is, the Joint Statement should be the main docketed event, Buelna Exhibit 1 should be the first attachment, Buelna Exhibit 2 should be the second attachment, etc.)

Dated: December 20, 2021

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

19.mcco.1191