UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORI MCCOY, et al., | No. 2:19-cv-01191-JAM-CKD |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

This civil rights and wrongful death action arises out of the February 9, 2019, officer involved shooting of 20-year-old Willie McCoy by six City of Vallejo Police officers. (ECF No. 169, Third Amended Complaint, at ¶ 1.) Plaintiff alleges individual officer and municipal liability under 42 U.S.C. 1983 and state civil rights statutes, and seeks damages and injunctive relief. (See generally, id.)

Presently pending before this court are cross-motions to compel discovery. (ECF Nos. 201, 204). Plaintiff also seeks sanctions for spoliation of evidence.[1] (ECF No. 201.) For the reasons discussed below, the court DENIES plaintiff's motion and request for sanctions and

---

[1] The parties appeared for a hearing via videoconference on November 15, 2023. Attorneys Patrick Buelna and Adante Pointer appeared for plaintiff; attorneys Matthew Slentz and John Abaci appeared for defendants. Attorney Derick Konz was present as an observer on behalf of defendant Ryan McMahon.

GRANTS defendant's motion.

## I. Plaintiff's Motion to Compel Apex Deposition and Motion for Sanctions

Plaintiff asks this court to compel the deposition of former Vallejo Police Department Chief Shawny Williams and grant sanctions for spoliation of evidence. (ECF No. 201.) The court denies both of plaintiff's requests.

### A. Motion to Compel Apex Deposition

Plaintiff seeks information about the pervasive excessive force culture former Vallejo Police Department Chief Shawny Williams took over, agreements with the police union regarding reviewing body worn camera footage, the final use of force review board evaluation of the Willie McCoy shooting, and recruitment and hiring practices. (ECF No. 210-3 at 2-3.)

Rule 26 permits broad discovery, including depositions. See Fed. R. Civ. P. 26(b)(1) (permitting discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). A party who seeks a deposition under Rule 30, and who believes that the opposing party has failed to meet its obligations to produce a witness to testify in accordance with that Rule, may, after conferring in good faith with the opposing party, seek to compel discovery pursuant to Federal Rule of Civil Procedure 37. See Fed. R. Civ. P. 37(a)(1) (permitting party to file motion to compel discovery).

Except in extraordinary circumstances, heads of government agencies are not normally subject to deposition. Est. of Levingston v. Cnty. of Kern, 320 F.R.D. 520, 525 (E.D. Cal. 2017). In determining whether extraordinary circumstances exist, courts consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." Id., citing Apple Inc. v. Samsung Electronics Co., Ltd., 282 F.R.D. 259, 263 (N.D. Cal. 2012). Interrogatories and depositions of lower-ranking employees are examples of less intrusive discovery methods. See e.g., Apple Inc., Ltd, 282 F.R.D. at 268.

Here, the parties do not dispute that former Chief Williams qualifies as a "high-ranking" official. However, plaintiff has not established that extraordinary circumstances exist. Former Chief Williams began his tenure as Chief nine months after the shooting of Willie McCoy and

months after former Chief Andrew Bidou resigned.  (ECF No. 210-3 at 3-4.)  Because former Chief Williams' tenure began after the shooting at issue in this case, much of the information that plaintiff seeks to obtain from him is information learned from subordinates.  (See id. at 14, "Chief Williams would have direct information from subordinates and experiences that could either confirm or deny the widespread existence of a racist, excessive force culture and badge bending practice that was occurring under Defendant Bidou.") But information learned from subordinates is neither firsthand nor unique to former Chief Williams.

Plaintiff also asserts that former Chief Williams has unique information regarding an alleged agreement with the police union (Police Officers Association) not to review worn body camera footage.  (ECF No. 210-3 at 14.) However, plaintiff has not issued any interrogatories regarding this issue and has yet to depose Matthew Mustard, the head of the police union.  Thus, plaintiff has not shown that the information is unique to former Chief Williams, nor that less intrusive means have been exhausted.

To the extent plaintiff seeks information about disciplinary decisions made by former Chief Williams, the court agrees that plaintiff seeks personal knowledge; only former Chief Williams can testify to the reasons he made or did not make certain disciplinary decisions. However, plaintiff has not shown that disciplinary decisions made by former Chief Williams, which would have occurred months after the February 2019 shooting, is unique, relevant to material issues, and unavailable by less intrusive means.  Accordingly, the court denies plaintiff's motion to compel Chief Williams' deposition.

B.   Sanctions for Spoliation of the Performance Improvement Plan

Plaintiff's request for sanctions is based on defendants' destruction of Officer McMahon's 90-day performance improvement plan.  District courts may levy sanctions for spoliation of evidence based on two sources: "inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 [of the Federal Rules of Civil Procedure] against a party who 'fails to obey an order to provide or permit discovery.'" Mitchell v. Haviland, No. 2:09-CV-3012 JAM KJN, 2014 WL 271666, at *5 (E.D. Cal. Jan. 23, 2014), citing Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir.2006).  Plaintiff seeks

sanctions under Rule 37. However, as defendants were not ordered to produce the performance improvement plan, plaintiff's motion for sanctions is governed by this court's "inherent authority" rather than Rule 37.

Sanctions may issue only when a party had some notice that the evidence was potentially relevant. United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir.2002). A party does not engage in spoliation when it destroys the evidence according to its policy or in the normal course of its business, without notice of the evidence's potential relevance. United States v. $40,955.00 in U.S. Currency, 554 F.3d 752, 758 (9th Cir. 2009).

Here, Officer McMahon was placed on a performance improvement plan that began on October 18, 2018, and which he successfully completed on January 18, 2019. (ECF No. 210-1 at 151, Employee Performance Evaluation.) According to the sworn declaration of Lieutenant Shane Bower, a lieutenant in the department's Professional Standards Division and Internal Affairs, the standard practice of the Vallejo Police Department since at least 2017 has been to remove a successfully completed performance improvement plan upon the plan's completion. (ECF No. 207-3, Declaration of Shane Bower, ¶¶ 1–2). Accordingly, defendant's destruction of the performance improvement plan occurred within the normal course of business and without notice of its potential relevance and does not warrant sanctions.

Plaintiff asserts that under department policy, the performance improvement plans were to be maintained for a year before being purged. Plaintiff's support for this assertion is Officer McMahon's testimony that he "believed" performance plans are purged after a year of completion. (ECF No. 210-2 at 13-15.) But this statement was speculative, as there is no indication that defendant McMahon has personal knowledge of VPD's internal policies and procedures regarding the removal of performance improvement plans. Further, plaintiff has not challenged or otherwise objected to the declaration of Lieutenant Bower or the Employee Performance Evaluation submitted by defendants.

Plaintiff also argues that defendants had a duty to preserve the performance improvement plan because at the time the performance improvement plan was created, Officer McMahon was already a named defendant in another case, I.F. v. City of Vallejo, 2:18-cv-00673-JAM-CKD,

4

filed in March 2018.  (ECF No. 210-3 at 8.)  The court is not persuaded by this argument.  Even if the court assumes defendants had a duty to preserve the performance improvement plan because of the litigation in I.F. v. City of Vallejo, that duty would be owed to the plaintiff in that case, not the plaintiff here.  It does not follow that the alleged spoliation of evidence relevant to one case would form the basis of spoliation sanctions in an unrelated case, and plaintiff cites no case law which support such a position.

Accordingly, plaintiff has not shown that defendants' destruction of McMahon's performance improvement plan, which occurred in the normal course of business and without notice of its relevance, amounts to spoliation of evidence.  Plaintiff's request for sanctions is DENIED.

## II. Defendants' Motion to Compel Production of Juvenile Records

Defendants seek an order compelling production of Mr. McCoy's juvenile court records. Defendants previously sought these records before the Solano County juvenile court and were denied access. (ECF No. 210-1 at 23, order denying petition for access to Mr. McCoy's juvenile case file; id. at 47, transcript of remand proceedings denying defendants access to sealed record.) Defendants also requested these records from plaintiff during discovery, but plaintiff objected. (Id. at 86-96.)

Defendants argue that Mr. McCoy's juvenile records are probative of liability and damages.  The longstanding rule in 42 U.S.C. 1983 excessive force cases, repeatedly reaffirmed in the Ninth Circuit, is that "the prohibition against evaluating officers' actions 'with 20/20 vision of hindsight' cuts both ways" and that in evaluating those circumstances facing an officer, they cannot rely on evidence that the officers were not then aware. Glenn v. Washington Cnty, 673 F.3d 864, 873, fn. 8 (9th Cir. 2011).  Evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant. Graham v. Connor, 490 U.S. 385, 397 (1989); cf. Rubalcava v.City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995) (affirming admission of "limited" evidence of victim's prior criminal history only because it was known to the officers at the time of the incident).

In support of their argument that prior acts evidence is relevant to liability, defendants cite

to Boyd v. City and County of San Francisco, 576 F.3d 938 (9th Cir. 2009). There, the court ruled that prior acts evidence was admissible where the defense presented a suicide by cop theory and had at least some knowledge of some of the prior acts at the time of shooting. This case is distinguishable. Neither a "suicide by cop" theory nor plaintiff's intent, motive, or plan prior to the use of force is at issue here.[2] See e.g., Willis v. City of Fresno, No. 1:09–CV–01766–BAM, 2013 WL 6145232, at *4 (E.D. Cal. Nov. 21, 2013) (declining to admit evidence of prior acts under Boyd where the plaintiff's "motive or intent [was] not at issue, as it was in Boyd" and where his "absence of mistake or accident [was] not at issue"). Therefore, the prior acts evidence sought is not relevant to liability and decedent's juvenile records are not discoverable for purposes of establishing liability.

Information contained in Mr. McCoy's juvenile records is, however, relevant to damages; specifically, "loss of enjoyment" damages. See Estate of Casillas v. City of Fresno, 2019 WL 2869079, at *15 (E.D. Cal. July 3, 2019) (granting "lost of enjoyment" damages measured by the "loss of enjoyment of life that with reasonable probability will be experienced in the future"). If any of the defendants are found liable, information regarding Mr. McCoy's physical and mental health, future plans, interests, educational background, social history, criminal history, gang affiliation, any history of carrying weapons, would be relevant to how Mr. McCoy lived and his life expectancy and therefore relevant to damages. (ECF No. 210-3 at 32, 33.) Therefore, defendants' motion to compel is GRANTED.

Within ten days of this order, plaintiff's counsel shall petition the Solano County juvenile court to obtain Mr. McCoy's juvenile records. To the extent that any dispute exists once the records are obtained and reviewed by plaintiff's counsel, plaintiff's counsel shall submit the records for in camera review. The undersigned notes that discovery closes on December 1, 2023. (ECF No. 195 at 2.) The undersigned will therefore maintain jurisdiction over discovery in this matter related to defendants' motion to compel.

////

---

[2] Plaintiff no longer contends that defendants planted a firearm. (Buelna Declaration, ECF No. 210-2 at 3, ¶ 8; see also TAC, ECF No. 169.)

**ORDER**

For the reasons set forth, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Compel and Request for Sanctions (ECF No. 201) is DENIED.
2. Defendants' Motion to Compel (ECF No. 204) is GRANTED.
   a. Within ten days of this order, plaintiff's counsel shall petition the Solano County juvenile court to obtain Mr. McCoy's juvenile records.
   b. To the extent that any dispute exists once the records are obtained and reviewed by plaintiff's counsel, plaintiff's counsel shall submit the records for in camera review.

Dated: November 16, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,mcco.1991