UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS MCCOY, et al., | No. 2:19-cv-01191-JAM-CKD |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendant. | |

This matter is before the court on plaintiff's motion to challenge defendants' discovery designation of certain confidential documents. Plaintiff's motion, defendants' opposition, plaintiff's reply, and all supporting materials were also filed under seal. (See ECF Nos. 233, 228, 230, 231, 229, & 232.) On May 13, 2024, the motion was submitted without appearance. (ECF No. 233.) Having considered the moving, opposition, and reply papers, and the entire file, plaintiff's motion to challenge defendants' discovery designations as confidential is granted in part and denied in part.

I.   BACKGROUND

This excessive force case arises from the death of Willie McCoy, a 20-year-old man who in February 2019 was fatally shot by a group of Vallejo Police Department (VPD) officers as he

////

////

1

slept in his car.[1]  Plaintiff sued six VPD officers involved in the shooting, two VPD supervisors, former VPD Chief Andrew Bidou, and the City of Vallejo, alleging claims including excessive force, municipal liability, and supervisory liability under 42 U.S.C. § 1983.  (See ECF No. 169, Third Amended Complaint ("TAC")).

The TAC included a Monell claim for municipal liability against former Chief Bidou and the City, alleging a pattern and practice of officers using excessive force without facing disciplinary consequences.  (TAC at 25-28.)  As one of the bases for the Monell claim, the complaint asserts that at the time of McCoy's death, there existed within the VPD a "vigilante police gang" which rewarded officers for shooting and killing citizens, commemorating each killing by bending one point on the officer's police badge for each fatality.  (TAC ¶¶ 42-44.)  Part of the reward was to be promoted within the VPD and protected from internal affairs investigations and discipline.  (TAC ¶ 44.)  Plaintiffs allege that the defendant officers treated McCoy's shooting as an opportunity to gain additional 'badge-bends' and that Chief Bidou conspired with this gang to promote, maintain, and conceal the group's existence before and after the shooting.  (TAC ¶¶ 52-58.)  Plaintiffs allege that the City of Vallejo and Chief Bidou proximately caused the violation of McCoy's constitutional rights by failing to address and/or ratifying the culture, policy, or pattern and practice of officers using excessive force against citizens without consequence.  (TAC ¶¶ 59, 61-63, 75-79.)

On June 22, 2020, the parties entered into a stipulated protected order ("SPO") which provided that certain qualifying materials, including officer personnel records, would be designated as confidential in this litigation.  (ECF No. 21 at ¶ 2.3)  The SPO provided that any party or non-party could challenge a designation of confidentiality at any time.  (Id., ¶ 6.1.)  The SPO further provided that even after final disposition of this ligation, the confidentiality obligations imposed by the SPO "shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs."  (Id. at ¶ 4.)

On March 27, 2024, the case was dismissed with prejudice pursuant to a settlement

---

[1] See ECF No. 182 (summary of case background).

agreement. (ECF No. 227.) Shortly afterward, plaintiff filed the instant motion challenging defendants' confidential designation of certain discovery documents.

II.   Motion to Unseal

Plaintiff's motion seeks to "de-designate information that concerns police corruption, racism," and "back-door deals" between VPD supervisors and the police union relating to "a culture of excessive force" encouraged by the "badge-bending ritual." Defendants counter that, with this motion, plaintiff "seeks to promote further public scandal and reputational harm" to the VPD after this case was mediated and settled, including asserting claims of racial discrimination plaintiff did not plead in the TAC.

Plaintiff seeks to unseal excerpts from six deposition transcripts[2]: two from defendants Bidou and Thompson, the rest involving nondefendants (Exhibits 1-6). Plaintiff also seeks to unseal the following documents: a Use of Force Review Board Report on Incident (Exhibit 7); and a VPD Internal Affairs Performance Improvement Plan regarding one of the defendants (Exhibit 8).

The court has reviewed these materials in camera in conjunction with the instant motion.

A.   Legal Standard

"[T]here is a 'strong presumption in favor of access' to information filed with a court." In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 429 (9th Cir. 2011) (quoting Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). In general, to overcome the presumption, a party seeking to seal judicial records must demonstrate not just "good cause," but "compelling reasons." Id. (citations omitted). "Despite this strong preference for public access," the Ninth Circuit has "carved out an exception for sealed materials attached to a discovery motion unrelated to the merits of a case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (cleaned up). When this exception applies, a party seeking to file under seal "need only satisfy the less exacting 'good cause' standard" found in Rule 26(c). Id.; see Fed. R. Civ. P. 26(c)(1) (stating that a court "may, for good cause, issue an order to

---

[2] Plaintiff notes that he only challenges the deposition pages specifically cited in his motion, although entire transcripts were provided to supply context for the challenged portions.

3

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Similarly, "[i]f a party takes steps to release documents subject to a stipulated order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." Roman Catholic, 661 F.3d at 424. This rule extends to post-settlement motions to unseal discovery. See id. at 422.

To establish good cause, first, the party seeking protection (here, defendants) must show that "specific prejudice or harm will result," absent sealing. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz, 331 F.3d at 1130.

Second, if the court concludes that denying protection will cause particularized harm, it must balance "the public and private interests" to decide whether protection is necessary. Roman Catholic, 661 F.3d at 424. In this balancing test, the court considers the following factors:

> 1) whether disclosure will violate any privacy interests;
>
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
>
> 3) whether disclosure of the information will cause a party embarrassment;
>
> 4) whether confidentiality is being sought over information important to public health and safety;
>
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
>
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
>
> 7) whether the case involves issues important to the public.

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995); see Roman Catholic, 661 F.3d at 424 ("We have directed courts doing this balancing [of public and private interests] to

4

consider the factors identified by the Third Circuit in [Glenmede]"). "Finally, under Ninth Circuit law, judicial records may be sealed where the records will be used 'to gratify spite, promote public scandal, circulate libelous statements, or release trade secrets.'" Samica Enterprises Inc. v. Mailboxes Etc. USA, Inc., 2009 WL 10675237, *2 (C.D. Cal. July 8, 2009), citing Kamakana, 447 F.3d at 1179.

B. Analysis

Defendants argue that the court has already found good cause to seal the same or similar materials in the course of this litigation, and there is no reason to revisit those determinations.[3]

In December 2021, the undersigned found good cause to seal "actual, primary records created in connection with a police department's internal affairs investigations" or, in the case of privilege logs, "somewhat detailed lists of the contents of internal affairs files." (ECF No. 142 at 7.) "While these interests may not be great enough to avoid production of similar materials . . . the undersigned easily finds that their immediate public disclosure would harm the defendants." (Id. at 8.) Moreover, "the City's interest in maintaining confidentiality of this information—in recognition of the privacy rights of the interviewed—outweighs public interests in disclosure[.]" (Id.)

In August 2022, plaintiffs took the depositions of five current or former members of the VPD, two of whom were defendants, including defendant Thompson. On September 26, 2022, the undersigned granted defendants' request to seal excerpts from the five subject depositions. (ECF No. 182 at 19-24.) The court noted that, while it appeared that plaintiffs "wish to make public as much discovery information as possible related to badge-bending within the VPD," the court would "ensur[e] that only information whose value to the public outweighs the confidentiality

---

[3] Defendants assert that confidentiality is required under Cal. Penal Code § 832.7, which provides that, with certain specified exceptions, personnel records of peace officers are confidential and shall not be disclosed in any judicial proceeding "except by discovery." While state privileges are not controlling in the Rule 26(c) balancing test, they are instructive. See Hallon v. City of Stockton, 2012 WL 394200, *2-3, 5 (E.D. Cal. 2012) (concluding that "while [f]ederal law applies to privilege based discovery disputes involving federal claims," the "state privilege law which is consistent with its federal equivalent significantly assists in applying [federal] privilege law to discovery disputes").

interests hits the public record." (Id. at 22.) Applying the "good cause" standard both sides agreed was appropriate, the undersigned found good cause for all defendants' requested filings under seal, reasoning:

> The majority of the materials sought to be protected relate in one way or another to internal personnel investigations within the VPD, and the rest offer no obvious public value to counterbalance the privacy interests involved.

(Id. at 24.)

Lastly, in November 2023, the court found good cause to seal multiple documents, including portions of the deposition transcript of defendant McMahon, emails regarding his personnel record, and his Personal Improvement Plan (PIP). (ECF No. 209.) The undersigned also found good cause to seal portions of the confidential deposition transcript of Andrew Bidou dated February 2, 2023, along with other specified materials. (Id.)

In reply, plaintiff does not deny that the court has previously found good cause to seal the same or similar materials in the course of this action. Rather, plaintiff argues that most of the information defendants are trying to keep confidential has been made public in state court or the news media, such that defendants' attempt to keep it sealed is "futile and waived." Plaintiff argues that material covered in the challenged depositions was made public in a 2022 hearing in the criminal case of People v. Milano and in the allegations of a 2020 whistleblower lawsuit, Whitney v. City of Vallejo, both in the Solano Superior Court. Plaintiff further argues that the reports at Exhibits 7 and 8 have been provided to the news media and/or published online, waiving defendants' argument to keep them sealed.

Defendants object that plaintiff's "public domain" evidence should be disregarded, as plaintiff did not make this argument in his motion and impermissibly introduced new evidence in reply. This objection is sustained. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("A district court need not consider arguments raised for the first time in a reply brief."). Generally speaking, however, the court is aware, and all parties acknowledge, that the $5 million settlement in this case has been made public (see, e.g., ECF No. 223-1) along with many of the underlying

records and reports, and that the case is a matter of public interest and the subject of attention in the press.

As to the contested information outside plaintiff's "public domain" argument, plaintiff argues that defendants have not shown good cause for keeping it under seal.

1. Deposition Excerpts

In their Separate Statement in Opposition to the Motion, submitted in camera, defendants state that they do not oppose disclosure of various portions of the subject depositions. See CITY-1290-1320. As to other specified portions of the transcripts, defendants do not oppose disclosure with names redacted to prevent embarrassment and harassment. Id. The court finds good cause for these redactions.

Regarding numerous contested portions of the subject depositions, the defendants note that the court has previously found good cause to subject the same or similar information to a protective order. Moreover, all parties agree that significant details about the VPD's badge-bending culture are already public knowledge. In light of this, defendants argue that additional release of sensitive deposition testimony "serves only to embarrass and harass the Department and its officers."

Having reviewed the subject depositions and related materials in camera, the undersigned finds that defendants have made a showing that their public disclosure will result in particularized harm. See ECF No. 142 at 7 ("The privacy interests asserted by defendants as to these documents are strong enough to satisfy the first step of the good cause standard."); see also Perkins v. City of Modesto, 2020 WL 4748273, *4 (E.D. Cal. Aug. 17, 2020) (aff'd on reconsideration at 2020 WL 6544554, E.D. Cal. Nov. 6, 2020).

Turning to the seven balancing test factors under Glenmede, the court finds that the following factors weigh against disclosure: (1) Release of this deposition testimony would violate the privacy interests of non-defendants only tangentially related to the claims in this case and also of defendants in the post-settlement period. (2) Given that the case has settled and much of the underlying information has already been made public, it is not clear what legitimate purpose would be served by the release of these deposition excerpts. While plaintiff argues that the

1  subject information "directly relates to [the] abuse of minorities in the City of Vallejo," he has not
2  made any such showing, nor even alleged racial discrimination in the operative complaint before
3  settlement.  Defendants plausibly assert that plaintiff's goal is to generate additional public
4  scandal and reputation harm in the post-settlement period.  See ECF No. 182 at 22.  This factor
5  weighs strongly against disclosure.  (3) Disclosure of the contested deposition excerpts would
6  cause embarrassment to the deponents after the case itself has settled.  See Beckman Industries,
7  Inc. v. International Ins. Co., 966 F.2d 470, 475 (9th Cir. 1992) ("The extent to which a party can
8  rely on a protective order should depend on the extent to which the order induced the party to
9  allow discovery or to settle the case").  (5) The sharing of this information will not promote
10 fairness and efficiency, as this case has settled, many of its underlying facts are already public,
11 and outstanding related issues are being litigated in other forums.
12     On the other side of the scale, the following factors favor disclosure: (4) The issues in this
13 case, and to some extent in the challenged depositions, are important to public safety.  (6) The
14 parties benefiting from the order of confidentiality are public officials. (7) The issues in the
15 underlying action, and to some extent in the challenged depositions, are important to the public.
16 However, all parties acknowledge the past public disclosure of materials relating to the main
17 issues in this case, and it is unclear what more the public may gain by the release of the subject
18 deposition excerpts.  See In re National Sec. Agency Telecommunications Records Litigation,
19 2007 WL 549854, *4 (N.D. Cal. Feb. 20, 2007) (denying motion to unseal by media entities
20 where parties had already released redacted versions of the documents at issue, reasoning:
21 "Although the media . . . understandably seek unbridled access, the disclosure in part vindicates
22 the interests they assert in their motions to unseal.").  In sum, the undersigned finds that, as in its
23 previous determinations over similar material, the private interests in the subject depositions
24 outweigh the public interest in their disclosure.  See Perkins, 2020 WL 4748273, at *5.
25   2. Other Documents
26    Plaintiff seeks to unseal a 2019 report by the Critical Incident Review Board.  (Exhibit 7,
27 COV MCCOY90287-292.)  Defendants do not oppose the release of this information.
28    Plaintiff also seeks to unseal a 2018 Internal Affairs Performance Improvement Plan for

defendant McMahon (Exhibit 8, COV MCCOY093001-93004). Plaintiff contends that this document was already provided to the news media. Defendants oppose its release, citing confidential personnel information and noting that McMahon, who no longer works for the VPD, has sued the City over the release of this personnel information. In a previous order, the court found good cause to seal this report, concluding that privacy interests outweighed the public interest in disclosure. ECF No. 209; see also ECF No. 142 at 8. Having revisited that balancing test under the factors outlined above, the court again finds good cause to maintain the confidential designation of this report. See Perkins, 2020 WL 4748273, *4 (finding Glenmede factors "weigh heavily against disclosure" of officer personnel files). Moreover, as this document cannot be redacted in a manner sufficient to protect privacy interests while leaving in place other meaningful information, it should maintain its confidential status. See id. at *8.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to challenge confidential designations (ECF Nos. 228, 229, 230, 231, and 232) is GRANTED in part as follows:
    a. The following records may be disclosed to the public: COV MCCOY90287-292;
    b. The parties shall meet and confer about how defendants shall provide the unopposed portions of the subject depositions to plaintiff in a form suitable for public disclosure, with certain names redacted as set forth above;
2. Plaintiff's motion to challenge confidential designations is otherwise DENIED.

Dated: April 28, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE